UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NAVANA LOGISTICS LIMITED,

                      Plaintiff,                        ANSWER WITH
  -against-                                            **CROSS-CLAIMS**

TW LOGISTICS, LLC, SHLOMO GREENBERG,      Civil Action No. 15-cv-00856
JDE ASSOCIATES LLC; ISRAEL DISCOUNT
BANK OF NEW YORK,

                      **Defendant.**
------------------------------------------------------------X

      Defendants TW Logistics, LLC (hereinafter "TWL") and Shlomo Greenberg (hereinafter "Greenberg" and at times with TWL collectively referred to as "defendants"), by their attorneys, Berger, Fischoff & Shumer, LLP, respond to the allegations contained in plaintiff's Amended Complaint as follows:

      1.    Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 1 of the Amended Complaint.

      2.    Defendants admit the allegations contained in paragraph 2 of the Amended Complaint, except deny that defendant Greenberg is the sole member of TWL.

      3.    Defendants admit the allegations contained in paragraph 3 of the Amended Complaint, except deny that Greenberg is the sole member of TWL.

      4.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint.

      5.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint.

6. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint except admit that defendants TWL and Greenberg are residents of New York.

7. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint.

8. Defendants admit the allegations contained in paragraph 8 of the Amended Complaint.

9. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Amended Complaint.

11. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint.

12. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint.

13. Defendants admit the allegations contained in paragraph 13 of the Amended Complaint.

14. Defendants admit the allegations contained in paragraph 14 of the Amended Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Amended Complaint.

16. Defendants admit the allegations contained in paragraph 16 of the Amended Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Amended Complaint and aver that Greenberg is not the sole member of TWL.

18. Defendants admit the allegations contained in paragraph 18 of the Amended Complaint except deny that Eddie Leung is an "official" of TWL and aver that he is an employee.

19. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint.

20. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint, except admit that the goods were shipped under letters of credit.

21. Defendants admit that TWL was listed as the delivery agent on the subject bills of lading but deny the balance of the allegations contained in paragraph 21 of the Amended Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Amended Complaint to the extent said allegations are directed to them, and deny knowledge and information sufficient to form a belief as to the truth of the allegations contained therein as directed to other defendants in this action.

23. Defendants deny the allegations contained in paragraph 23 of the Amended Complaint to the extent said allegations are directed to them, and deny knowledge and information sufficient to form a belief as to the truth of the allegations contained therein as directed to other defendants in this action.

24. Defendants deny the allegations contained in paragraph 24 of the Amended Complaint to the extent said allegations are directed to them, and deny knowledge and

information sufficient to form a belief as to the truth of the allegations contained therein as directed to other defendants in this action.

25. Defendants deny the allegations contained in paragraph 25 of the Amended Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations that the sale proceeds have not been received by the suppliers' bank.

26. Defendants deny the allegations contained in paragraph 26 of the Amended Complaint, except admit that plaintiff sent defendants a letter dated December 3, 2014.

27. Defendants deny the allegations contained in paragraph 27 of the Amended Complaint.

28. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint.

29. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Amended Complaint.

30. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Complaint.

31. With respect to paragraph 31 of the Amended Complaint, defendants repeat and reallege each and every response to paragraphs 1 through 30 of the Amended Complaint as if set forth fully herein.

32. Defendants deny the allegations contained in paragraph 32 of the Amended Complaint to the extent this cause of action is directed to them.

33. With respect to paragraph 33 of the Amended Complaint, defendants repeat and reallege each and every response to paragraphs 1 through 32 of the Amended Complaint as if set forth fully herein.

34. Defendants deny the allegations contained in paragraph 34 of the Amended Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Amended Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Amended Complaint to the extent this cause of action is directed to them.

37. With respect to paragraph 37 of the Amended Complaint, defendants repeat and reallege each and every response to paragraphs 1 through 36 of the Amended Complaint as if set forth fully herein.

38. Defendants deny the allegations contained in paragraph 38 of the Amended Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Amended Complaint to the extent this cause of action is directed to them.

40. With respect to paragraph 40 of the Amended Complaint, defendants repeat and reallege each and every response to paragraphs 1 through 39 of the Amended Complaint as if set forth fully herein.

41. Defendants admit the allegations contained in paragraph 41 of the Amended Complaint.

42. Defendants deny the allegations contained in paragraph 42 to the extent the same are directed to them.

43. Defendants deny the allegations contained in paragraph 43 of the Amended Complaint to the extent this cause of action is directed to them.

44. With respect to paragraph 44 of the Amended Complaint, defendants repeat and reallege each and every response to paragraphs 1 through 43 of the Amended Compliant as if set forth fully herein.

45. Defendants deny the allegations contained in paragraph 45 of the Amended Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Amended Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Amended Complaint.

48. With respect to paragraph 48 of the Amended Complaint, defendants repeat and reallege each and every response to paragraphs 1 through 47 of the Amended Complaint as if set forth fully herein.

49. Defendants deny the allegations contained in paragraph 49 of the Amended Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Amended Complaint.

51. With respect to paragraph 51 of the Amended Complaint, defendants repeat and reallege each and every response to paragraphs 1 through 51 of the Amended Complaint as if set forth fully herein.

52. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Amended Complaint.

53. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

54. The Amended Complaint fails to state a *prima facie* cause of action against defendants TWL and Greenberg.

### SECOND AFFIRMATIVE DEFENSE

55. Defendant TWL solely acted in the capacity of third-party logistics and lacked custody or control over the subject goods at any time.

### THIRD AFFIRMATIVE DEFENSE

56. Plaintiff has failed to name indispensible parties to this action.

### FOURTH AFFIRMATIVE DEFENSE

57. Plaintiff lacks standing to bring the claims asserted in the complaint.

### FIFTH AFFIRMATIVE DEFENSE

58. The release of the subject goods to defendant JDE Associates, Inc. was procured by third parties, without the knowledge of defendants and not under defendants' control.

### SIXTH AFFIRMATIVE DEFENSE

59. There are no grounds for the assertion of individual liability against defendant Greenberg.

### SEVENTH AFFIRMATIVE DEFENSE

60. Any statements made by defendant Greenberg were, to the best of his knowledge at the time made, true and accurate.

### EIGHTH AFFIRMATIVE DEFENSE

61. Plaintiff's pleading fails to adequately plead all of the required elements to state a cause of action for fraud.

## NINTH AFFIRMATIVE DEFENSE

62. Plaintiff failed to mitigate its damages, if any.

## TENTH AFFIRMATIVE DEFENSE

63. Any alleged damages caused to plaintiff were the result of the plaintiff's acts or omissions, and not those of TWL or Greenberg.

## ELEVENTH AFFIRMATIVE DEFENSE

64. Any alleged damages were the result of the acts and omissions of JDE Associates and/or Israel Discount Bank of New York, and not those of TWL or Greenberg.

## TWELVTH AFFIRMATIVE DEFENSE

65. Any alleged damages were the result of the acts and omissions of other persons or entities not a party to this action, and not those of TWL or Greenberg.

## THIRTEENTH AFFIRMATIVE DEFENSE

66. Plaintiff does not have an interest in the cargo that is the subject matter of this action and therefore has no justicable interest or standing, as demonstrated in the documents annexed hereto as Exhibit A.

## CROSS-CLAIMS AGAINST DEFENDANTS

67. Defendant TW Logistics, LLC ("TWL") is a New York limited liability company with a principal place of business located at 239 Great Neck Road, Great Neck, New York, 11021.

68. Defendant Shlomo Greenberg ("Greenberg") is a New York resident and domiciliary with a business address of 239 Great Neck Road, Great Neck, New York 11021.

69. Upon information and belief, defendant JDE Associates LLC ("JDE") is a New York limited liability company with its principal place of business located at 1407 Broadway, 30th Floor, New York, New York 10018.

70. Upon information and belief, defendant Israel Discount Bank of New York ("Israel Discount") is a New York corporation with a principal place of business located at 511 Fifth Avenue, New York, New York 10017.

71. This Court has jurisdiction over the cross-claims asserted by TWL and Greenberg pursuant to 28 U.S.C. §1367.

72. Upon information and belief, JDE is an importer of clothing.

73. Upon information and belief, defendant Israel Discount issued letters of credit on behalf of JDE for the orders and transactions that are the subject matter of this action.

74. JDE contacted TWL and retained TWL to coordinate third-party logistics for the importation of containers of clothing purchased by JDE from various suppliers in Bangladesh, to be delivered to the port of Los Angeles.

75. TWL thereafter made arrangements with plaintiff to ship the goods from the port of Chittagong, Bangladesh to the port of Los Angeles.

76. The terms of the shipment included the requirement that JDE present at the port of Los Angeles proof of payment for the goods prior to the release of the goods to JDE, including but not limited to the presentation of an original bill of lading or telex confirmation of payment.

77. TWL's sole responsibility with respect to the goods upon arrival in Los Angeles was to notify JDE of the goods' arrival.

78. As such, TWL delivered Arrival Notices to JDE when the shipments of the goods arrived in Los Angeles.

79. TWL and Greenberg learned after the goods' arrival in Los Angeles that JDE refused to pay for the goods, claiming that the suppliers delivered the goods in an untimely fashion, resulting in the passage of the appropriate retail season for the sale of said goods.

80. Upon information and belief, JDE and the suppliers have failed to reach any resolution of their dispute.

81. Upon information and belief, the suppliers have brought legal action against plaintiff in Bangladesh relating to the failure of JDE to pay for the goods.

82. After receipt of notice from plaintiff that neither JDE nor its various banks listed on the bills of lading for the goods made payment for the goods, defendants learned that JDE cleared customs for fourteen (14) cargo containers.

83. Defendants also learned that JDE, by means unknown to defendants, obtained possession of the fourteen (14) cargo containers from the vessel without presentation of an original bill of lading or telex release.

84. Upon information and belief, plaintiff or its suppliers made demand upon Israel Discount for payment on the letters of credit, and Israel Discount dishonored the same.

## AS AND FOR A FIRST CROSS-CLAIM

85. Defendants repeat and reallege each and every allegation set forth in paragraphs 67 through 84 as if set forth fully herein.

86. Upon information and belief, defendant JDE obtained possession of the subject goods from the carrier without presentation of proof of payment, an original bill of lading or telex release.

87. JDE did so without making payment for the subject goods to the suppliers from which it purchased said goods.

88. In the event that this Court finds that defendants TWL and Greenberg are liable to plaintiff for all or part of any alleged damages, then defendants TWL and Greenberg are entitled to indemnification from JDE in an amount to be determined at the time of trial.

## AS AND FOR A SECOND CROSS-CLAIM

89. Defendants repeat and reallege each and every allegation set forth in paragraphs 67 through 88 as if set forth fully herein.

90. In the event that this Court finds that defendants TWL and Greenberg are liable to plaintiff for all or part of any alleged damages, then defendants TWL and Greenberg are entitled to contribution from JDE in an amount to be determined at the time of trial.

## AS AND FOR A THIRD CROSS-CLAIM

91. Defendants repeat and reallege each and every allegation set forth in paragraphs 67 through 90 as if set forth fully herein.

92. In the event that this Court finds that defendants TWL and Greenberg are liable to plaintiff for all or part of any alleged damages, then defendants TWL and Greenberg are entitled to contribution from Israel Discount in an amount to be determined at the time of trial.

WHEREFORE, defendants TW Logistics, LLC and Shlomo Greenberg demand judgment as follows:

(1) Dismissal of plaintiff's Amended Complaint against defendants TW Logistics, LLC and Shlomo Greenberg in its entirety;

(2) On the First Cross-Claim, directing that defendant JDE Associates, LLC indemnify defendants against any judgment obtained by plaintiff against defendants, in an amount to be determined at the time of trial;

(3) On the Second Cross-Claim, awarding defendants a sum to be determined at the time of trial in contribution from defendant JDE Associates, LLC to defendants in the event plaintiff obtains judgment against defendants;

(4) On the Third Cross-Claim, awarding defendants a sum to be determined at the time of trial in contribution from defendant Israel Discount Bank to defendants in the event plaintiff obtains judgment against defendants;

(5) The defendants' attorneys' fees, costs and other fees associated with the defense of this action; and

(6) Such other and further relief that this Court deems just and proper.

Dated: Woodbury, New York
March 16, 2015

BERGER, FISCHOFF & SHUMER LLP

By: _____
Laurie Sayevich Horz, Esq. (LSH-3183)
40 Crossways Park Drive
Woodbury, New York 11797
(516) 747-1136
lsayevich@bfslawfirm.com

LAW OFFICES OF
STUART M. STEINBERG P.C.
Stuart M. Steinberg, Esq.
2 Rodeo Drive
Edgewood, New York 11717
(631) 715-4160
ssteinberg@steinbergpc.net

WILCOX & SAVAGE P.C.
Leonard L. Fleisig, Esq. (LF-2198)
440 Monticello Avenue
Suite 2200
Norfolk, Virginia 23513
(757) 628-5605
lfleisig@wilsav.com

Co-Counsel for Defendants
TW Logistics, LLC and Shlomo Greenberg