# NOWELL AMOROSO KLEIN BIERMAN, P.A.
COUNSELLORS AT LAW

DANIEL C. NOWELL
HENRY J. AMOROSO
HERBERT C. KLEIN
WILLIAM D. BIERMAN†
ANTHONY PANTANO*
DAVID EDELBERG*
LINDA DUNNE
MICHAEL J. NOONAN
WILLIAM C. SOUKAS*
BRADLEY M. WILSON†◇
JOHN R. LLOYD □
THOMAS C. MARTIN†
ANTHONY J. MARCHESE*
GREGORY K. ASADURIAN

RICK A. STEINBERG, COUNSEL*□

LISA J. JURICK
DANIEL KIM

155 POLIFLY ROAD
HACKENSACK, NEW JERSEY 07601
(201) 343-5001
Facsimile: (201) 343-5181

E-Mail: info@nakblaw.com

New York Office
PMB 46028
140 Broadway
New York, NY 10005
(212) 858-7710
Facsimile: (212) 858-7750

WILLIAM R. DeLORENZO, JR.
JOSEPH S. CONTE
ANTHONY J. FRESE
KAREN A. PASSARO
OF COUNSEL

* Also Admitted in NY
† Also Admitted in the Federal Courts in NY
□ Also Admitted in PA
◇ Certified by the Supreme Court of NJ as a Civil Trial Attorney

April 16, 2015

**VIA ECF**
Hon. P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

>  Re:   *Navana Logistics Limited v. TW Logistics, LLC t/a Trans World Logistics, et al.*
>        <u>Civil Action No. 15-cv-00856</u>
>        *Our File No. 7009.001*

Dear Judge Castel:

Please be advised that this law firm represents the plaintiff, Navana Logistics Limited ("Plaintiff" or "Navana"), in the above-referenced matter. This joint letter is being submitted pursuant to your Honor's Order dated February 9, 2015 in preparation for the Initial Pretrial Conference now scheduled for April 23, 2015 at 11:15 a.m., which was adjourned from April 10.

   1. <u>Description of the case, including factual and legal basis for claims and defenses</u>

Plaintiff's Position

It is Plaintiff's position that, pursuant to various bills of lading, Plaintiff acted as a freight forwarder in connection with the carriage of goods of the consignee/purchaser, Defendant, JDE Associates, LLC ("JDE"), from the port of Chittagong, Bangladesh to their final destination in Los Angeles, California, on behalf of suppliers/shippers of clothing garments, in various cargo containers. Demand was made in connection with the purchase price that remains unpaid for the goods forwarded by Plaintiff in twenty four cargo containers on behalf of the suppliers for their customer, JDE, whose destination delivery agent is defendant, TW Logistics, LLC ("TWL"); and, the non-payment issue may lead to regulatory actions and/or claims sounding in indemnification and/or contribution against the Plaintiff in Bangladesh and/or the United States.

1

Out of the twenty four containers, ten containers are lying at port, including nine (9) containers for which JDE paid duties and cleared customs but did not take delivery and one (1) container for which duty was not paid and custom clearance was not done, so the container is in a General Order ("GO") warehouse under the control of the U.S. Customs.

The value of the goods mentioned above is not less than $503,404.08. Plaintiff notified the suppliers and their bank in Bangladesh regarding the status of the containers at the port and in the GO warehouse. As an international freight forwarder, Plaintiff arranged for carriage of all the goods from the origin port of Chittagong, Bangladesh to the destination port of Los Angeles.

As to the remaining fourteen containers, TWL, through defendant, Shlomo Greenberg ("Greenberg"), informed Plaintiff in writing that the fourteen containers are being stored in a TWL controlled warehouse, which Plaintiff has been advised by the warehouse is false.

The final consignee for the above shipments was JDE, which was a customer of TWL. Customs clearance for all the above shipments was done by JDE's nominated customs broker and customs duty was paid by JDE.

The subject goods were shipped under various letters of credit issued by Defendant, Israel Discount Bank of New York ("IDB"), upon the application of JDE for issuance of the letters of credit, with the suppliers, as beneficiaries, to be paid through Swift foreign wire transfers from IDB in New York to JDE's customers' bank in Bangladesh. TWL was mentioned as the delivery agent on the bills of lading and it was TWL's responsibility to ensure that delivery of the goods would only take place after receiving a duly bank endorsed Original House Bill of Lading by the supplier's bank and by JDE's bank, IDB.

TWL, Greenberg, JDE, and IDB allowed for delivery of the goods under the control of TWL without payment to the shippers' bank in Bangladesh. TWL, Greenberg, and JDE refused to allow Navana or its authorized representative to inspect the goods. TWL, Greenberg, and JDE refused to divulge to Navana the location, condition or disposition of the goods.

Upon information and belief, the goods were released by TWL and Greenberg without a bank endorsed Original House Bill of Lading from the purchaser/importer, JDE, and the goods were delivered to JDE or its customers, despite the fact that the sale proceeds have not been received by the suppliers' bank in Bangladesh for the purchase price of the goods under the control of TWL. Greenberg advised Plaintiff in writing that the goods were in a safe warehouse under TWL's control, however, such information is false. Plaintiff sent a letter dated December 3, 2014 to TWL and Greenberg, requesting them to disclose the location of the cargo, but such request was denied. Greenberg made false written misrepresentations to Plaintiff that the goods were located in a warehouse under his control while knowing same to be false, and intending that Plaintiff would reasonably or justifiably rely upon such misrepresentations to its detriment.

The suppliers of the goods have not been paid the purchase price for the subject goods. The amount due to the shippers/suppliers of the goods is not less than $671,659.51 for the goods supposedly under the control of TWL and Greenberg. The amount due to the shippers/suppliers

for the goods lying at port or in a U.S. Customs GO warehouse is not less than $503,404.08.

Plaintiff is suing for breach of contract, unjust enrichment, quantum meruit, and account stated. Plaintiff is also suing Greenberg for negligent misrepresentation or fraud; and, Plaintiff is suing IDB for wrongful dishonor of the Letters of Credit.

<u>Defendants TW Logistics, LLC and Shlomo Greenberg's Position</u>

Defendants TW Logistics, LLC ("TWL") and Shlomo Greenberg deny the allegations contained in the complaint against them. It is the position of these defendants that plaintiff lacks standing to bring this action, as it is admittedly a freight forwarder and the damages, if any, sustained were sustained by the suppliers of the goods in question, and not by the plaintiff. Likewise, plaintiff lacks an interest in the cargo that is the subject matter of this action and therefore has no justicable interest. Furthermore, to the extent any damages were sustained because of non-payment for the goods in question, they were not caused by TWL, who solely acted in the capacity of third-party logistics and lacked custody or control over the subject goods at any time.

It is the further position of these defendants that the plaintiff has failed to name indispensible parties to this action, including but not limited to the owner of the vessel that released the goods to defendant JDE Associates, Inc. without proof of payment for the same, as well as the suppliers themselves. Furthermore, it is these defendants' position that the release of the subject goods to defendant JDE Associates, Inc. was procured by third parties, without the knowledge of defendants and not under defendants' control.

With respect to the allegations asserted against defendant Shlomo Greenberg, it is the defendants' position that there are no grounds for the assertion of individual liability against defendant Greenberg, and that any statements made by defendant Greenberg were, to the best of his knowledge at the time made, true and accurate and made within the scope of his employment with TWL.

Finally, defendants posit that plaintiff has failed to mitigate its damages as it admittedly failed to make demand under the letter(s) of credit issued by defendant Israel Discount Bank of New York.

Defendants have asserted cross-claims against its co-defendants. With regard to defendant JDE, said defendant contacted TWL and retained TWL to coordinate third-party logistics for the importation of containers of clothing purchased by JDE from various suppliers in Bangladesh, to be delivered to the port of Los Angeles. TWL thereafter made arrangements with plaintiff to ship the goods from the port of Chittagong, Bangladesh to the port of Los Angeles. The terms of the shipment included the requirement that JDE present at the port of Los Angeles proof of payment for the goods prior to the release of the goods to JDE, including but not limited to the presentation of an original bill of lading or telex confirmation of payment. Thus, TWL's sole responsibility with respect to the goods upon arrival in Los Angeles was to notify JDE of the goods' arrival and TWL did so.

TWL and Greenberg learned after the goods' arrival in Los Angeles that JDE refused to pay for the goods, claiming that the suppliers delivered the goods in an untimely fashion, resulting in the passage of the appropriate retail season for the sale of said goods. Defendants have learned through third parties that the suppliers have brought legal action against plaintiff in Bangladesh relating to damages sustained relating to the release of the goods due to plaintiff's acts and omissions.

After receipt of notice from plaintiff that neither JDE nor its various banks listed on the bills of lading for the goods made payment for the goods, defendants learned that JDE cleared customs for fourteen (14) cargo containers. Defendants also learned that JDE, by means unknown to defendants, obtained possession of the fourteen (14) cargo containers from the vessel without presentation of an original bill of lading or telex release. Defendants further learned that defendant Israel Discount Bank of New York dishonored a demand for payment under the letter(s) of credit issued by such party. As a result, defendants seek indemnification and/or contribution from JDE and/or Israel Discount Bank of New York in the event that a judgment is rendered against the defendants for non-payment for the goods.

Defendant Israel Discount Bank's Position

Defendant Israel Discount Bank of New York's ("IDB's") position is as follows: IDB is unable to determine to what letters of credit the Amended Complaint may be referring, or what relationship Plaintiff has to IDB. The Amended Complaint does not specify which of the various letters of credit IDB was to have paid "the suppliers, as beneficiaries" by number, date or otherwise, and does not identify the beneficiaries at all. Nor does the Amended Complaint describe documentary presentation(s) allegedly made to IDB, or set forth the dates of such presentation(s). Plaintiff does not allege that it is the beneficiary of any letter of credit issued by IDB, or even that it is the assignee or transferee of rights of any such beneficiary. Instead, Plaintiff alleges only that "the suppliers, as beneficiaries" were "to be paid" pursuant to "various letters of credit issued by defendant Israel Discount Bank." IDB has confirmed that Plaintiff is not a beneficiary of any letter of credit issued by IDB. The Amended Complaint does not describe documentary presentation(s) allegedly made to IDB, or set forth the dates of such presentation(s). Plaintiff fails to allege any facts that might even arguably give rise to a claim (by anyone) against IDB, or that it has standing to assert such claim as a real party in interest.

2. Contemplated motions

Plaintiff does not contemplate filing any motions at this time.

Defendants TWL and Greenberg contemplate the filing of a dispositive motion speaking to plaintiff's standing after disclosures have been exchanged.

IDB intends to make a motion to dismiss the Amended Complaint pursuant to Fed R. Civ. P. 8(a) and 12(b)(6) for failure to state a claim, and 17(a) as plaintiff is not a real party in interest and lacks standing to assert its purported claims against IDB upon which relief can be granted.

4

3. Prospect for settlement

The parties have not yet discussed settlement.

Very truly yours,

**NOWELL AMOROSO KLEIN BIERMAN, P.A.**

Rick A. Steinberg

RAS/ras
cc: David S.S. Hamilton, Esq., via ECF
Laurie Sayevich Horz, Esq., via ECF

5