## ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

DIRECT DIAL
(212) 826-5325
dhamilton@zeklaw.com

April 17, 2015

**BY ELECTRONIC CASE FILING**

Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Navana Logistics Limited v. TW Logistics, LLC, et al.,
Civil Action No. 15-cv-856 (PKC)
Defendant Israel Discount Bank's Pre-Motion Letter**

Dear Judge Castel:

We represent defendant Israel Discount Bank of New York ("IDB") in the referenced action. We respectfully submit this letter in accordance with Rule 2(A) of Your Honor's Individual Practices to advise the Court of IDB's intention to make a motion to dismiss the Amended Complaint pursuant to Fed R. Civ. P. 8(a) and 12(b)(6) for failure to state a claim, and 17(a) as plaintiff is not a real party in interest and lacks standing to assert its purported claims against IDB upon which relief can be granted.

## BACKGROUND

Plaintiff Navana Logistics Limited ("Plaintiff"), purportedly a limited liability company incorporated under the laws of Bangladesh (Amended Complaint ¶ 1), is a stranger to IDB. Plaintiff alleges that it is a "freight forwarder in connection with the carriage of goods of the

ZEICHNER ELLMAN & KRAUSE LLP

Honorable P. Kevin Castel
April 17, 2015
Page 2

consignee/purchaser, JDE, from the port of Chittagong, Bangladesh to their final destination in Los Angeles, on behalf of suppliers/shippers of clothing garments, in various cargo containers." (Amended Complaint ¶ 8). Plaintiff alleges no relationship whatsoever between itself and IDB. Nor does Plaintiff allege that it is the beneficiary of any letter of credit issued by IDB, or even that it is the assignee or transferee of rights of any such beneficiary. Instead, Plaintiff alleges only that "the suppliers, as beneficiaries" were "to be paid" pursuant to "various letters of credit issued by defendant Israel Discount Bank." (Amended Complaint ¶ 20). The Amended Complaint does not specify which of the various letters of credit IDB was to have paid "the suppliers, as beneficiaries" by number, date or otherwise, and does not identify the suppliers/beneficiaries at all. Nor does the Amended Complaint describe documentary presentation(s) allegedly made to IDB, or set forth the dates of such presentation(s). IDB is unable to determine to what letters of credit the Amended Complaint may be referring. Plaintiff's Amended Complaint nonetheless purports to assert a claim against IDB for wrongful dishonor of unspecified letters of credit. (Amended Complaint ¶¶ 51-53).

In an effort to proceed efficiently, and to avoid guessing as to what relationship Plaintiff may believe it has with IDB and to which letters of credit Plaintiff refers, IDB's counsel requested that Plaintiff's counsel identify the letters of credit at issue and describe how Plaintiff may have standing to sue IDB. Plaintiff thereafter provided a list of letters of credit that it asserts are at issue, but has not provided additional information as to how it has privity with, or standing to sue, IDB. IDB has confirmed that Plaintiff is not a beneficiary of any of the letters of credit identified by Plaintiff's counsel. The undersigned interprets Plaintiff's counsel's response to IDB's standing inquiries as confirmation that there is no document assigning a beneficiary's rights to Plaintiff.

ZEICHNER ELLMAN & KRAUSE LLP

Honorable P. Kevin Castel
April 17, 2015
Page 3

Plaintiff's counsel instead explained that, in short, Plaintiff has or will be subject to liability to certain unnamed entities based, inter alia, on IDB's dishonor of certain letters of credit.

## SYNOPSIS OF LEGAL ARGUMENT

A complaint will survive a 12(b)(6) motion only if it pleads "enough facts to state a claim to relief that is plausible on its face." Barrows v. Burwell, 777 F.3d 106, 111—12 (2d Cir. 2015). "A typical letter of credit transaction…involves three separate and independent relationships -- an underlying sale of goods contract between buyer and seller, an agreement between a bank and its customer (buyer) in which the bank undertakes to issue a letter of credit, and the bank's resulting engagement to pay the beneficiary (seller) providing that certain documents presented to the bank conform with the terms and conditions of the credit issued on its customer's behalf." Voest-Alpine International Corp. v. Chase Manhattan Bank, N.A., 707 F.2d 680, 682 (2d Cir. 1983). Significantly, an issuing "bank's payment obligation to the beneficiary is primary, direct and completely independent of any claims which may arise in the underlying sale of goods transaction." Id. It is axiomatic that where a plaintiff lacks privity with an issuing bank, and is not the assignee or transferee of a beneficiary at the time the action is commenced, it is not a real party in interest and does not have standing to assert a wrongful dishonor claim against an issuing bank. See MSF Holding Ltd. v. Fiduciary Trust Co. Int'l, 435 F. Supp. 2d 285, 302 (S.D.N.Y. 2006) (the Court entered summary judgment, *sua sponte*, in favor of defendant, an issuer of a letter of credit, as plaintiff lacked standing.) The Second Circuit affirmed this holding in MSF Holding, Ltd. v. Fiduciary Trust Co. Int'l, 235 Fed. Appx. 827, 828 (2d Cir. 2007). In MSF Holding even where Plaintiff established that its affiliate was the assignee of proceeds under a letter of credit, the court

ZEICHNER ELLMAN & KRAUSE LLP

Honorable P. Kevin Castel
April 17, 2015
Page 4

held that plaintiff did not have standing to enforce the letter of credit. Here, Plaintiff fails to allege any facts that might even arguably give rise to a claim (by anyone) against IDB, or that it has standing to assert such claim as a real party in interest.

Even assuming Plaintiff could establish standing, it has failed to state a claim against IDB and the Amended Complaint should be dismissed for that reason alone. To succeed on a claim for wrongful dishonor of a letter of credit, a plaintiff must allege that: "(1) there exists a letter of credit issued by the defendant for the benefit of the plaintiff; (2) plaintiff timely presented strictly conforming documents to defendant as required by the letter of credit; and (3) defendant failed to pay plaintiff as provided by the letter of credit." ACR Sys., Inc. v. Woori Bank, 2015 U.S. Dist. LEXIS 37996 (S.D.N.Y. Mar. 25, 2015) *citing* Heritage Bank v. Redcom Labs., Inc., 250 F.3d 319, 325 (5th Cir. 2001). See also MRM Sec. Sys. v. Citibank, N.A., 1997 U.S. Dist. LEXIS 5360 (S.D.N.Y. Apr. 15, 1997)(plaintiff-beneficiary's complaint asserting a wrongful dishonor claim against an issuing bank was dismissed for failure to state a claim as the complaint did not allege that plaintiff's presentation strictly complied with the letter of credit). Here, Plaintiff has failed to plead any of the necessary elements of a wrongful dishonor claim.

Plaintiff's First (breach of contract), Second (unjust enrichment), Third (quantum meruit) and Fourth (account stated) causes of action are asserted against all defendants including IDB. IDB also intends to move to dismiss these claims, which appear to duplicate and depend on Plaintiff's wrongful dishonor claim. In any event, Plaintiff does not allege the necessary elements of any of these claims, including (i) the existence of a contract between it and IDB that IDB

ZEICHNER ELLMAN & KRAUSE LLP

Honorable P. Kevin Castel
April 17, 2015
Page 5

breached or (ii) that IDB received any money or benefitted in any manner (improperly or otherwise). As such, no facts are alleged sufficient to state a claim against IDB.

### PROPOSED BRIEFING SCHEDULE

IDB proposes the following briefing schedule for its proposed motion to dismiss, following the upcoming April 23, 2015 conference:

- IDB to file its motion to dismiss on or before May 7, 2015;
- Plaintiff to file its opposition to IDB's motion, if any, on or before May 21, 2015; and
- IDB to file its reply to Plaintiff's opposition, if any, on or before June 4, 2015.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ D. Hamilton*

David S.S. Hamilton

DSSH:mzg

cc: All parties, by ECF

#805400/3514.055