# BERGER, FISCHOFF & SHUMER, LLP

## ATTORNEYS & COUNSELORS AT LAW

40 CROSSWAYS PARK DRIVE
WOODBURY, NEW YORK 11797
PH: 516.747.1136 | FAX: 516.747.0382
WWW.BFSLAWFIRM.COM

HEATH S. BERGER*
GARY C. FISCHOFF**
STEVEN E. SHUMER
_____
LAURIE SAYEVICH HORZ
BRIAN P. SCHECHTER
GABRIELLE D. WASENIUS
_____
OF COUNSEL:

STUART M. STEINBERG
FRANCIS G. FINEO
LAWRENCE KATZ
MATTHEW KREINCES
BRIAN NOVAK

ALSO ADMITTED IN DISTRICT OF COLUMBIA*
ALSO ADMITTED IN NEW JERSEY**

April 21, 2015

BY ELECTRONIC FILING
Hon. P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   Navana Logistics Limited v. TW Logistics, LLC, et al.
      Civil Action No. 15-cv-856 (PKC)

Dear Judge Castel:

We represent defendants TW Logistics, LLC ("TWL") and Shlomo Greenberg ("Greenberg") in the above-referenced action. We respectfully submit this letter in accordance with Rule 2(A) of Your Honor's Individual Practices to advise the Court of these defendants' intention to move for judgment on the pleadings to Fed. R. Civ. P. 12(c), and 17(a) as plaintiff is not a real party in interest and lacks standing to assert its purported claims against defendants upon which relief can be granted.

## BACKGROUND

Plaintiff Navana Logistics Limited ("Plaintiff"), purportedly a limited liability company incorporated under the laws of Bangladesh, alleges in its complaint that it is a "freight forwarder in connection with the carriage of goods of the consignee/purchaser, JDE, from the port of Chittagong, Bangladesh, to their final destination in Los Angeles, on behalf of suppliers/shippers of clothing garments, in various cargo containers." Amended Complaint at ¶8. Plaintiff does not allege what, if any, obligations exist between it and the defendants. Plaintiff likewise does not allege that it is the assignee of any rights of the suppliers.

Defendant JDE Associates, LLC ("JDE") contacted TWL and retained TWL to coordinate third-party logistics for the importation of containers of clothing purchased by JDE from various suppliers in Bangladesh, to be delivered to the port of Los Angeles. TWL thereafter made arrangements with plaintiff to ship the goods from the port of Chittagong, Bangladesh to the port of Los Angeles. The terms of the shipment included the requirement that JDE present at the port of Los Angeles proof of payment for the goods prior to the release of the goods to JDE, including but not limited to the presentation of an original bill of lading or telex confirmation of payment. Thus, TWL's sole responsibility with respect to the goods upon arrival in Los Angeles was to notify JDE of the goods' arrival and TWL did so.

EAST ISLIP, NEW YORK | CENTEREACH, NEW YORK | FOREST HILLS, NEW YORK
(BY APPOINTMENT ONLY)

Hon. P. Kevin Castel
April 21, 2015
Page 2

      TWL and Greenberg learned after the goods' arrival in Los Angeles that JDE refused to pay for the goods, claiming that the suppliers delivered the goods in an untimely fashion, resulting in the passage of the appropriate retail season for the sale of said goods. After receipt of notice from plaintiff that neither JDE nor its various banks listed on the bills of lading for the goods made payment for the goods, defendants learned that JDE cleared customs for fourteen (14) cargo containers. Defendants also learned that JDE, by means unknown to defendants, obtained possession of the fourteen (14) cargo containers from the vessel without presentation of an original bill of lading or telex release. It is clear that the plaintiff has failed to name indispensible parties to this action, including but not limited to the owner of the vessel that released the goods to defendant JDE Associates, Inc. without proof of payment for the same, as well as the suppliers themselves. Furthermore, it is these defendants' position that the release of the subject goods to defendant JDE Associates, Inc. was procured by third parties, without the knowledge of defendants and not under defendants' control.

## SYNOPIS OF LEGAL ARGUMENT

      The Federal Rules of Civil Procedure permit a party to move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). The standard for evaluating a motion to dismiss pursuant to Rule 12(c) is the same as the standard applicable to a motion to dismiss under Rule 12(b)(6). *See Cleveland v. Caplaw Enterprises*, 448 F.3d 518, 531 (2d Cir. 2006). Accordingly, the court accepts as true all well-pleaded facts alleged in the pleadings and draws all reasonable inferences in plaintiff's favor. *See Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).

      In *Bell Atlantic Corporation v. Twombly*, the Supreme Court established that a complaint should be dismissed if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." 550 U.S. 544, 570 (2007). This Circuit has explained that, after *Twombly*, the Court's inquiry under Rule 12(b)(6), and hence Rule 12(c), is guided by two working principles:

> First, although a court must accept as true all of the allegations contained in a complaint, *that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice*. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)) (internal quotations omitted) (emphasis added). Thus, where there are well-pleaded factual allegations, a court should assume their veracity and determine whether they plausibly give rise to an entitlement of relief. *Iqbal*, 556 U.S. at 679. Mere "legal conclusions, deductions, or opinions couched as factual allegations," however, need not be accepted as true. *Cal. Pub.*

Hon. P. Kevin Castel
April 21, 2015
Page 3

*Emps. Ret. Sys. v. N.Y. Stock Exchange, Inc.*, 503 F.3d 89, 95 (2d Cir. 2007) (internal quotations omitted). Where a plaintiff has not "nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Sometimes motions to dismiss are converted into motions for summary judgment under Rule 56. In determining whether this is necessary, the Second Circuit recognizes, pursuant to Rule 10(c), that the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated into it by reference. *Cortec Industries v. Sun Holding, L.P.*, 949 F.2d 42, 47 (2d Cir. 1991), *cert. denied*, 503 U.S. 960 (1992). When a plaintiff chooses not to attach to the complaint or incorporate by reference a document upon which it solely relies and which is integral to the complaint, the court may take the document into consideration in deciding the defendant's motion without converting the proceeding to one for summary judgment. *Id.* at 47-48. To be considered "integral," the complaint must "rel[y] heavily upon its terms and effect." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *see also International Audiotext Network, Inc. v. A.T.&T.*, 62 F.3d 69, 72 (2d Cir. 1995) (finding AT&T "relie[d] heavily upon [the] terms and effects" of an agreement it had not incorporated into its complaint and thus concluding the agreement was "integral" to the complaint). In addition, the court may consider documents annexed to the movant's papers which, although not annexed to the complaint, plaintiff either had in his possession or had knowledge of and upon which he relied in bringing suit. *Rouccchio v. Coughlin*, 923 F. Supp. 360, 366 (E.D.N.Y. 1996). In fact, such possession or knowledge is significant, because "the problem that arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff that they may be so considered." *Cortec Industries*, 949 F.2d at 48. But "[w]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint, the necessity of translating a [motion to dismiss] into [one for summary judgment] is largely dissipated." *Id.*

Defendants respectfully direct the Court's attention to the defendant's Answer. Exhibit A to the Answer consists of copies of the shipping documents referred to and relied upon in plaintiff's complaint (but not attached) showing that the shippers of the product at issue was various suppliers, and not the plaintiff. To the extent that the documents all seek to prove that the Plaintiff has suffered an injury and that TWL has acted unlawfully, they all are integral to the Plaintiff's Complaint. *See Chambers*, 282 F.3d at 153 (requiring that a plaintiff rely heavily on the documents in order for them to be considered integral to the complaint). Further, Plaintiff has actual notice of the information contained in these documents because Plaintiff itself introduced the documents in a sworn pleading submitted to this Court. Consequently, the concern regarding notice discussed in *Cortec Industries*, 949 F.2d at 48, is largely dissipated. *Id.* Therefore, the Court should take judicial notice of these documents without converting the instant pleading into one for summary judgment.

As stated above, the referenced documents unambiguously demonstrate that: TWL and plaintiff have no privity between them; plaintiff was not the owner of the goods shipped; plaintiff was not the party entitled to payment for the goods shipped; plaintiff did not and does not have any right, title or interest in the goods shipped; and defendants TWL and Greenberg had no

Hon. P. Kevin Castel
April 21, 2015
Page 4

obligations concerning the goods shipped other than to notify JDE that the goods arrived in Los Angeles.

Plaintiff has failed to allege an existence of any contract or privity between it and TWL and Greenberg; any breach of contract by TWL or Greenberg; or that TWL or Greenberg have received any money or benefit to support plaintiff's causes of action of breach of contract (First Cause of Action), unjust enrichment (Second Cause of Action), quantum meruit (Third Cause of Action) or account stated (Fourth Cause of Action). As such, Plaintiff's complaint fails to allege sufficient facts to state a claim for these causes of action against TWL or Greenberg.

Furthermore, the plaintiff's pleading of fraud (Fifth Cause of Action) against Greenberg lacks the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure. In order to have a cognizable claim under the heightened pleading standards of Rule 9(b), Plaintiff must plead fraud with specificity. *Silverman Partners, LP v. First Bank*, 687 F. Supp. 2d 269, 285 (E.D.N.Y. 2010) ("Rule 9(b) provides that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.") (internal citations omitted). Under Second Circuit precedent, Rule 9(b) has many components. First, when alleging fraud, a complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements. *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989). Second, the complaint must detail *each* defendant's participation in the fraud. *See Armstrong v. McAlpin*, 699 F.2d 79, 92-93 (2d Cir. 1983) (emphasis added). Finally, fraud allegations may be made upon information and belief only if the matter alleged is peculiarly within the adverse parties' knowledge and if the allegations are accompanied by a statement of the facts upon which the belief is founded. *Madonna v. United States*, 878 F.2d 62, 66 (2d Cir. 1989). But Rule 9(b) permits malice, intent, and knowledge, to be averred generally. *First Bank*, 687 F. Supp. 2d at 285. However, because courts "must not mistake the relaxation of Rule 9(b)'s specificity requirement regarding condition of mind for a license to base claims of fraud on speculation and conclusory allegations, plaintiffs must allege facts that give rise to a strong inference of fraudulent intent." *Id.* (quoting *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 52 (2d Cir.1995)).

A strong inference of fraud "may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Id.* (quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)).

Contrary to Second Circuit precedent, Plaintiff does not meet these specificity requirements. The complaint makes allegations of fraud without supporting, for example: (1) *which* allegedly material facts were misrepresented and *how* they were allegedly misrepresented, (2) *what* material information was allegedly omitted (3) *how* Defendant knew these representations, allegedly false, were false, or *how* Defendant allegedly acted with reckless disregard for the truth, (5) *what* misrepresentations and omissions were made by Defendant that plaintiff relied upon (6) *what* information Defendant had a duty to disclose (7) *how* plaintiff relied upon Defendant' alleged falsehoods and actionable omissions; and most importantly, (8)

Hon. P. Kevin Castel
April 21, 2015
Page 5

*how* Defendants acted willfully, voluntarily, maliciously, and with conscious disregard of plaintiff's rights. All of Plaintiff's allegations in this section are conclusory.

Likewise, the negligent misrepresentation claim (Sixth Cause of Action) is inadequately plead as plaintiff fails to set forth how it would have relied on any such statements, given that the plaintiff had no right or interest to or in the goods or payment for the same.

As the freight documents annexed to the answer of TWL and Greenberg clearly demonstrate, plaintiff, who is admittedly a freight forwarder, lacks standing to bring this action. The damages, if any, caused by non-payment for the goods in question upon arrival at the Port of Los Angeles were sustained by the suppliers of the goods in question (who are not parties to this action), and not by the plaintiff. Likewise, plaintiff lacks an interest in the cargo that is the subject matter of this action and therefore has no justicable interest. Furthermore, to the extent any damages were sustained because of non-payment for the goods in question, they were not caused by TWL, who solely acted in the capacity of third-party logistics and lacked custody or control over the subject goods at any time, and had no hand in the release of the goods from the carrier to JDE.

## PROPOSED BRIEFING SCHEDULE

TWL and Greenberg join in defendant Israel Discount Bank of New York's proposed briefing schedule set forth in its letter to this Court dated April 17, 2015:

- TWL and Greenberg to file their motion to dismiss on or before May 15, 2015;
- Plaintiff to file its opposition, if any, on or before May 21, 2015; and
- TWL and Greenberg to file its reply to plaintiff's opposition, if any, on or before June 4, 2015.

We thank this Court for its attention to this matter.

Respectfully submitted,

Laurie Sayevich Horz

cc:     All parties via ECF