# ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

**MEMO ENDORSED**

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

DIRECT D
(212) 826-5
hamilton@zeklaw.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-2-15

May 29, 2015

**BY ELECTRONIC CASE FILING**

Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*[Handwritten endorsement: Schedule approved. Discovery stayed. So ordered. USDJ 6-1-15]*

**Navana Logistics Limited v. TW Logistics, LLC, et al., Civil Action No. 15-cv-856 (PKC)**
**Defendant Israel Discount Bank's Pre-Motion Letter**

Dear Judge Castel:

We represent defendant Israel Discount Bank of New York ("IDB") in the referenced action. We respectfully submit this letter in accordance with the Order Following Pretrial Conference entered on April 23, 2015 (the "Conference Order") to advise the Court of IDB's intention to make a motion to dismiss the Second Amended Complaint ("SAC") pursuant to Fed R. Civ. P. 8(a), 12(b)(6),(7) for failure to state a claim and failure to join a required party, and Fed R. Civ. P. 12(c) and 17(a) as Navana Logistics Limited ("Plaintiff") is not a real party in interest and lacks standing to assert its purported claims against IDB upon which relief can be granted.

## BACKGROUND

Pursuant to the Conference Order Plaintiff was permitted to file its second amended complaint "to address the issues outlined in the defendants' assertions in the April 16, 2015, April 17, 2015 and April 21, 2015 letters." The SAC contains only two notable revisions from the

Case 1:15-cv-00856-PKC Document 34 Filed 06/02/15 Page 2 of 5
Case 1:15-cv-00856-PKC Document 33 Filed 05/29/15 Page 2 of 5

ZEICHNER ELLMAN & KRAUSE LLP

Honorable P. Kevin Castel
May 29, 2015
Page 2

Amended Complaint (within paragraphs 20 and 53) and entirely fails to adequately address the pleading deficiencies of the Amended Complaint.

As set forth in IDB's first letter, Plaintiff, purportedly a limited liability company incorporated under the laws of Bangladesh (SAC ¶ 1), is a stranger to IDB, a New York commercial bank with a principal place of business in New York. No allegations in the SAC address this fact. Plaintiff alleges that it is a "freight forwarder in connection with the carriage of goods of the consignee/purchaser, JDE, from the port of Chittagong, Bangladesh to their final destination in Los Angeles, on behalf of suppliers/shippers of clothing garments, in various cargo containers." (SAC ¶ 8). Plaintiff alleges no relationship whatsoever between itself and IDB. Nor does Plaintiff allege in the SAC that it is the beneficiary of any letter of credit issued by IDB, or even that it is the assignee, transferee or subrogate of rights of any such beneficiary. Instead, Plaintiff alleges only that "the suppliers, as beneficiaries" were "to be paid" pursuant to "various letters of credit issued by defendant Israel Discount Bank." (SAC ¶ 20). Plaintiff now asserts in purely conclusory fashion that it "stands in the shoes of the suppliers as to the letters of credit referred to in the Complaint" (Id.) and appends a list of letters of credit to the SAC. Id. The SAC however still does not identify the suppliers/beneficiaries to the purportedly relevant letters of credit at all. Nor does the SAC describe documentary presentation(s) allegedly made to IDB, or set forth the dates of such presentation(s). The SAC nonetheless purports to assert a claim against IDB for wrongful dishonor of these credits. (SAC ¶¶ 51-53).

As set forth in IDB's April 17, 2015 pre-trial letter, Plaintiff has listed letters of credit that it asserts are at issue, but has not pleaded or provided any additional information as to

how it has privity with, or standing to sue, IDB. IDB has confirmed that Plaintiff is not a beneficiary of any of the letters of credit identified in the SAC.

### SYNOPSIS OF LEGAL ARGUMENT

A complaint will survive a 12(b)(6) motion only if it pleads "enough facts to state a claim to relief that is plausible on its face." Barrows v. Burwell, 777 F 3d 106, 111—12 (2d Cir. 2015). Additionally, the Court must determine standing at the outset because it is a "threshold question." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 88-89, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). "A typical letter of credit transaction...involves three separate and independent relationships -- an underlying sale of goods contract between buyer and seller, an agreement between a bank and its customer (buyer) in which the bank undertakes to issue a letter of credit, and the bank's resulting engagement to pay the beneficiary (seller) providing that certain documents presented to the bank conform with the terms and conditions of the credit issued on its customer's behalf." Voest-Alpine International Corp. v. Chase Manhattan Bank, N.A., 707 F.2d 680, 682 (2d Cir. 1983). Significantly, an issuing "bank's payment obligation to the beneficiary is primary, direct and completely independent of any claims which may arise in the underlying sale of goods transaction." Id. This independence principle means that a letter of credit "takes on a life of its own," endowing the transaction "with the simplicity and certainty that are its hallmarks." Alaska Textile Co., Inc. v. Chase Manhattan Bank, N.A., 982 F.2d 813, 815-16 (2nd Cir. 1992). The independence principle is universally viewed as essential to the proper functioning of letters of credit and to their particular value. Centrifugal Casting Mach. Co., Inc. v. American Bank & Trust Co., 966 F.2d 1348, 1352 (10th Cir. 1992). The independence principle is embodied in Articles 3 and 4 of the UCP 600. ACE American Ins. Co. v. Bank of the Ozarks, 2012 U.S. Dist. LEXIS

110891, 11 Civ. 3146 (PGG) at *14-15 (S.D.N.Y. August 6, 2012). Additionally, "[a]n issuer is not responsible for… the performance or nonperformance of the underlying contract, arrangement, or transaction," or "for any act or omission of others." UCC § 5-108(f).

It is axiomatic that where a plaintiff lacks privity with an issuing bank, and is not the beneficiary or assignee or transferee of a beneficiary at the time the action is commenced, it is not a real party in interest and does not have standing to assert a wrongful dishonor claim against an issuing bank. See MSF Holding Ltd. v. Fiduciary Trust Co. Int'l, 435 F. Supp. 2d 285, 302 (S.D.N.Y. 2006) (the Court entered summary judgment, *sua sponte*, in favor of defendant, an issuer of a letter of credit, as plaintiff lacked standing) *affirmed by* MSF Holding, Ltd. v. Fiduciary Trust Co. Int'l, 235 Fed. Appx. 827, 828 (2d Cir. 2007). In MSF Holding even where Plaintiff established that its affiliate was the assignee of proceeds under a letter of credit, the court held that plaintiff did not have standing to enforce the letter of credit. Here, Plaintiff fails to allege any facts that might even arguably give rise to a claim (by anyone) against IDB, or that it has standing to assert such claim as a real party in interest.

Even assuming Plaintiff could establish standing, it has failed to state a claim against IDB and the SAC should be dismissed for that reason alone. To succeed on a claim for wrongful dishonor of a letter of credit, a plaintiff must allege that: "(1) there exists a letter of credit issued by the defendant for the benefit of the plaintiff; (2) plaintiff timely presented strictly conforming documents to defendant as required by the letter of credit; and (3) defendant failed to pay plaintiff as provided by the letter of credit." ACR Sys., Inc. v. Woori Bank, 2015 U.S. Dist. LEXIS 37996 (S.D.N.Y. Mar. 25, 2015) *citing* Heritage Bank v. Redcom Labs., Inc., 250 F.3d 319, 325 (5th Cir. 2001). See also MRM Sec. Sys. v. Citibank, N.A., 1997 U.S. Dist. LEXIS 5360 (S.D.N.Y. Apr. 15,

1997)(plaintiff-beneficiary's complaint asserting a wrongful dishonor claim against an issuing bank was dismissed for failure to state a claim as the complaint did not allege that plaintiff's presentation strictly complied with the letter of credit). Here, Plaintiff has failed to plead *any* of the necessary elements of a wrongful dishonor claim and its amendment has made no effort to do so.

Plaintiff's First (breach of contract), Second (unjust enrichment), Third (quantum meruit) and Fourth (account stated) causes of action are asserted against all defendants. IDB also intends to move to dismiss these claims, which appear to duplicate and depend on Plaintiff's wrongful dishonor claim. In any event, Plaintiff does not allege the necessary elements of any of these claims, including (i) the existence of a contract between it and IDB that IDB breached or (ii) that IDB received any money or benefitted in any manner (improperly or otherwise). As such, no facts are alleged sufficient to state a claim against IDB.

## PROPOSED BRIEFING SCHEDULE

IDB proposes the following briefing schedule for its proposed motion to dismiss, following Plaintiff's response to this letter and a pre-motion conference:

- IDB to file its motion to dismiss on or before June 26, 2015;
- Plaintiff to file its opposition to IDB's motion, if any, on or before July 10, 2015; and
- IDB to file its reply to Plaintiff's opposition, if any, on or before July 31, 2015.

Additionally, given the palpable pleading deficiencies in the SAC, we respectfully request that the Court stay discovery pending a decision on IDB's contemplated motion.

We thank the Court for its attention to this matter.

Respectfully submitted,

*D. Hamilton*

David S.S. Hamilton

cc: All parties (by ECF)