# NOWELL AMOROSO KLEIN BIERMAN, P.A.

COUNSELLORS AT LAW

DANIEL C. NOWELL
HENRY J. AMOROSO
HERBERT C. KLEIN
WILLIAM D. BIERMAN†
ANTHONY PANTANO*
DAVID EDELBERG*
LINDA DUNNE
MICHAEL J. NOONAN
WILLIAM C. SOUKAS*
BRADLEY M. WILSON†◊
JOHN R. LLOYD □
THOMAS C. MARTIN†
ANTHONY J. MARCHESE
GREGORY K. ASADURIAN
_____
RICK A. STEINBERG, Counsel
_____
LISA J. JURICK
DANIEL KIM

155 POLIFLY ROAD
HACKENSACK, NEW JERSEY 07601
(201) 343-5001
Facsimile: (201) 343-5181

E-Mail: info@nakblaw.com

New York Office
PMB 46028
140 Broadway
New York, NY 10005
(212) 858-7710
Facsimile: (212) 858-7750

WILLIAM R. DELORENZO, JR.
JOSEPH S. CONTE
ANTHONY J. FRESE
KAREN A. PASSARO
OF COUNSEL

* Also Admitted in NY
† Also Admitted in the
  Federal Courts in NY
□ Also Admitted in PA
◊ Certified by the Supreme
  Court of NJ as a Civil
  Trial Attorney

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-5-15

MEMO ENDORSED

*[Handwritten endorsement: Defendants may file motion by June 26, response by July 10 and replies, if any, by July 31. No proposed stays. SO ORDERED. /s/ PKC USDJ 6-5-15]*

June 2, 2015

**VIA ECF**
Hon. P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Navana Logistics Limited v. TW Logistics, LLC t/a Trans World Logistics, et al.*
      Civil Action No. 15-cv-00856
      Our File No. 7009.001

Dear Judge Castel:

Please be advised that this law firm represents the plaintiff, Navana Logistics Limited ("Plaintiff" or "Navana"), in the above-referenced matter. This letter is being submitted in response to the pre-motion letters submitted by defendants, TW Logistics, LLC t/a Trans World Logistics ("TWL") and Shlomo Greenberg ("Greenberg"); and, by Israel Discount Bank of New York ("IDB"), pursuant to your Honor's Order Following Pretrial Conference filed on April 23, 2015. Plaintiff will respond to the TWL/Greenberg and IDB pre-motion letters separately herein, since they raise different issues.

## BACKGROUND FACTS

Preliminarily, it is Plaintiff's position that, pursuant to various bills of lading, Plaintiff acted as a freight forwarder in connection with the carriage of goods of the consignee/purchaser, defendant, JDE Associates, LLC ("JDE"), from the port of Chittagong, Bangladesh to their final destination in Los Angeles, California, on behalf of suppliers/shippers of clothing garments, in various cargo containers. Demand was made in connection with the purchase price that remains unpaid for the goods forwarded by Plaintiff in twenty four cargo containers on behalf of the suppliers for their customer, JDE, whose destination delivery agent is defendant, TWL; and, the non-payment issue may lead to regulatory actions and/or claims sounding in indemnification and/or contribution against the Plaintiff in Bangladesh and/or the United States.

Out of the twenty four containers, ten containers are lying at port, including nine (9) containers for which JDE paid duties and cleared customs but did not take delivery and one (1) container for which duty was not paid and custom clearance was not done, so the container is in a General Order ("GO") warehouse under the control of the U.S. Customs.

The value of the goods mentioned above is not less than $503,404.08. Plaintiff notified the suppliers and their bank in Bangladesh regarding the status of the containers at the port and in the GO warehouse. As an international freight forwarder, Plaintiff arranged for carriage of all the goods from the origin port of Chittagong, Bangladesh to the destination port of Los Angeles.

As to the remaining fourteen containers, TWL, through defendant, Greenberg, informed Plaintiff in writing that the fourteen containers are being stored in a TWL controlled warehouse, which Plaintiff has been advised by the warehouse is false.

The final consignee for the above shipments was JDE, which was a customer of TWL. Customs clearance for all the above shipments was done by JDE's nominated customs broker and customs duty was paid by JDE.

The subject goods were shipped under various letters of credit issued by IDB, upon the application of JDE for issuance of the letters of credit, with the suppliers, as beneficiaries, to be paid through Swift foreign wire transfers from IDB in New York to JDE's customers' bank in Bangladesh. TWL was mentioned as the delivery agent on the bills of lading and it was TWL's responsibility to ensure that delivery of the goods would only take place after receiving a duly bank endorsed Original House Bill of Lading by the supplier's bank and by JDE's bank, IDB.

TWL, Greenberg, JDE, and IDB allowed for delivery of the goods under the control of TWL without payment to the shippers' bank in Bangladesh. TWL, Greenberg, and JDE refused to allow Navana or its authorized representative to inspect the goods. TWL, Greenberg, and JDE refused to divulge to Navana the location, condition or disposition of the goods.

Upon information and belief, the goods were released by TWL and Greenberg without a bank endorsed Original House Bill of Lading from the purchaser/importer, JDE, and the goods were delivered to JDE or its customers, despite the fact that the sale proceeds have not been received by the suppliers' bank in Bangladesh for the purchase price of the goods under the control of TWL. Greenberg advised Plaintiff in writing that the goods were in a safe warehouse under TWL's control, however, such information is false. Plaintiff sent a letter dated December 3, 2014 to TWL and Greenberg, requesting them to disclose the location of the cargo, but such request was denied. Greenberg made false written misrepresentations to Plaintiff that the goods were located in a warehouse under his control while knowing same to be false, and intending that Plaintiff would reasonably or justifiably rely upon such misrepresentations to its detriment.

The suppliers of the goods have not been paid the purchase price for the subject goods. The amount due to the shippers/suppliers of the goods is not less than $671,659.51 for the goods supposedly under the control of TWL and Greenberg. The amount due to the shippers/suppliers for the goods lying at port or in a U.S. Customs GO warehouse is not less than $503,404.08.

Plaintiff is suing for breach of contract, unjust enrichment, quantum meruit, and account stated. Plaintiff is also suing Greenberg for negligent misrepresentation or fraud; and, Plaintiff is suing IDB for wrongful dishonor of the Letters of Credit.

## PLAINTIFF'S RESPONSE TO IDB'S PRE-MOTION LETTER

Defendant, IDB, seeks leave to move to dismiss the Second Amended Complaint on the basis that Plaintiff lacks standing to sue for wrongful dishonor of the letters of credit, since it was not the applicant or beneficiary of the letters of credit, and is not an assignee of the beneficiaries.

As stated in the Second Amended Complaint, it is Plaintiff's position that it is acting as agent for the suppliers who were the beneficiaries of the letters of credit. Plaintiff is unable at this juncture to ascertain why the letters of credit were wrongfully dishonored or not presented, because this information is only within the knowledge of defendants, IDB, JDE and TWL. To date, although JDE has been served with the Second Amended Complaint, it has not responded thereto. Plaintiff's counsel was at one point contacted by telephone by Douglas Gross, Esquire, an attorney who represented that he would appear for JDE, but that attorney has not done so. Further, that attorney refused Plaintiff's counsel's request that JDE provide discovery regarding presentment and dishonor of the letters of credit before being served with the Second Amended Complaint and filing a response thereto.

Plaintiff requests that it be allowed to serve discovery on IDB, JDE (if and when JDE responds to the Second Amended Complaint) and TWL regarding presentment and dishonor of the letters of credit before IDB is granted leave to move to dismiss the complaint on the pleadings for failure to state a claim upon which relief can be granted and for lack of standing.

## PLAINTIFF'S RESPONSE TO TWL/GREENBERG'S PRE-MOTION LETTER

Defendants, TWL and Greenberg, seek leave to move to dismiss the Second Amended Complaint as well, however, they do not offer any independent basis to do so, instead merely parroting IDB's argument that Plaintiff lacks standing to sue for wrongful dishonor of the letters of credit. Review of the Second Amended Complaint reveals that the Seventh Count, Wrongful Dishonor of the Letters of Credit, is as to IDB only. Plaintiff submits that TWL and Greenberg lack standing to move to dismiss a cause of action that is not asserted against them.

Plaintiff requests that TWL and Greenberg not be granted leave to move to dismiss the Second Amended Complaint at this juncture, and be ordered to file an Answer to the complaint.

Very truly yours,<br>
NOWELL AMOROSO KLEIN BIERMAN, P.A.<br>
Rick A. Steinberg

RAS/ras
cc: David S.S. Hamilton, Esq., via ECF
Laurie Sayevich Horz, Esq., via ECF