Jantra Van Roy
David S.S. Hamilton
Zeichner Ellman & Krause LLP
Attorneys for Plaintiff
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAVANA LOGISTICS LIMITED,<br><br>         Plaintiff,<br><br>      - against -<br><br>TW LOGISTICS, LLC, t/a TRANSWORLD<br>LOGISTICS; SHLOMO GREENBERG;<br>JDE ASSOCIATES LLC;<br>ISRAEL DISCOUNT BANK OF NEW YORK,<br><br>         Defendants. | Civil Action No. 15-cv-856 (PKC) |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ISRAEL DISCOUNT BANK OF NEW YORK'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 223-0400

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... ii

PRELIMINARY STATEMENT ............................................................................... 1

THE ALLEGATIONS OF THE SECOND AMENDED COMPLAINT ..................... 1

POINT I      LEGAL STANDARD ........................................................................ 3

POINT II     PLAINTIFF ASSERTS NO FACTS THAT COULD ESTABLISH ITS PRIVITY WITH, OR STANDING TO ASSERT A CLAIM AGAINST, IDB ................................................ 3

         A.     The independence principles of letters of credit law bar Plaintiff's claim against IDB ................................................ 4

         B.     Plaintiff lacks standing to assert a wrongful dishonor claim against IDB ............................................................................ 6

POINT III    PLAINTIFF HAS NOT STATED A CLAIM AGAINST IDB UPON WHICH RELIEF CAN BE GRANTED ............................... 7

         A.     The Complaint should be dismissed as Plaintiff has not stated a wrongful dishonor claim against IDB ............................. 7

         B.     Plaintiff's remaining causes of action are not adequately pleaded as to IDB and must be dismissed ..................................... 8

               1.    Plaintiff has not pleaded a breach of contract claim against IDB ........................................................................ 9

               2.    Plaintiff has not pleaded an unjust enrichment claim against IDB ........................................................................ 9

               3.    Plaintiff has not pleaded a quantum meruit claim against IDB ........................................................................ 10

               4.    Plaintiff has not pleaded an account stated claim against IDB ........................................................................ 11

POINT IV    RULE 12(B)(7) REQUIRES DISMISSAL OF THE COMPLAINT .................................................................................. 12

CONCLUSION ....................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

3Com Corp. v. Banco do Brasil, S.A.,
   171 F.3d 739 (2nd Cir. 1999) ......................................................................................5

ACE American Ins. Co. v. Bank of the Ozarks,
   2012 U.S. Dist. LEXIS 110891 Civ. 3146 (PGG) at *14-15 (S.D.N.Y.
   August 6, 2012) ..............................................................................................................5

ACR Sys., Inc. v. Woori Bank,
   2015 U.S. Dist. LEXIS 37996 (S.D.N.Y. Mar. 25, 2015) .........................................7

Alaska Textile Co., Inc. v. Chase Manhattan Bank, N.A.,
   982 F.2d 813 (2nd Cir. 1992) ......................................................................................4

Associated Dry Goods Corp. v. Towers Fin. Corp.,
   920 F.2d 1121 (2d Cir. 1990) ....................................................................................12

Barrows v. Burwell,
   777 F.3d 106 (2d Cir. 2015) ........................................................................................3

Briarpatch Ltd. v. Phoenix Pictures, Inc.,
   373 F.3d 296 (2d Cir. 2004), *cert. denied*, 544 U.S. 949, 125 S. Ct.
   1704, 161 L. Ed. 2d 525 (2005) ..................................................................................9

Cent. Ill. Energy, L.L.C. v. Rafool (In re Cent. Ill. Energy, L.L.C.),
   482 B.R. 772 (Bankr. C.D. Ill. 2012) ..........................................................................5

Centrifugal Casting Mach. Co., Inc. v. American Bank & Trust Co.,
   966 F.2d 1348 (10th Cir. 1992) ...................................................................................4

Circle Industries v. City Federal Savings Bank,
   749 F. Supp. 447 (E.D.N.Y. 1990) ...........................................................................13

Connecticut v. Physicians Health Servs. of Conn., Inc.,
   287 F.3d 110 (2d Cir. 2002) ........................................................................................3

Diesel Props S.R.L. v. Greystone Bus. Credit II LLC,
   631 F.3d 42 (2d Cir. 2011) ..........................................................................................9

E & H Partners v. Broadway Nat'l Bank,
   39 F. Supp. 2d 275 (S.D.N.Y. 1998) ..........................................................................6

Envirotech Corp. v. Bethlehem Steel Corp.,
    729 F.2d 70 (2d Cir. 1984) ............................................................................................13

Evergreen Marine Corp. v. Welgrow Int'l, Inc.,
    942 F. Supp. 201 (S.D.N.Y. 1996) ................................................................................13

Heritage Bank v. Redcom Labs., Inc.,
    250 F.3d 319 (5th Cir. 2001) ..........................................................................................8

IMG Fragrance Brands, LLC v. Houbigant, Inc.,
    679 F. Supp. 2d 395 (S.D.N.Y. 2009) ..........................................................................11

Interglobo Customs Broker, Inc. v. Herschel Imps. Corp.,
    2015 U.S. Dist. LEXIS 73227 (S.D.N.Y. June 5, 2015) ..............................................11

LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham,
    185 F.3d 61 (2d Cir. 1999) ............................................................................................11

Marino Industries Corp. v. Chase Manhattan Bank, N.A.,
    686 F.2d 112 (2d Cir. 1982) ............................................................................................5

Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.,
    418 F.3d 168 (2d Cir. N.Y. 2005)..................................................................................11

MRM Sec. Sys. v. Citibank, N.A.,
    1997 U.S. Dist. LEXIS 5360 (S.D.N.Y. Apr. 15, 1997) ................................................8

MSF Holding Ltd. v. Fiduciary Trust Co. Int'l,
    435 F. Supp. 2d 285 (S.D.N.Y. 2006) *affirmed by* MSF Holding, Ltd.
    v. Fiduciary Trust Co. Int'l, 235 Fed. Appx. 827 (2d Cir. 2007) ..............................6, 7

Provident Tradesmens Bank & Trust Co. v. Patterson,
    390 U.S. 102, 19 L. Ed. 2d 936, 88 S. Ct. 733 (1968)..................................................13

Revson v. Cinque & Cinque, P.C., 221 F.3d 59, 69 (2d Cir. 2000) ....................................10

S&S Machinery Corp. v. General Motors Corp.,
    No. 93 Civ. 3237 (CSH), 1994 WL 529867 (S.D.N.Y. Sept. 28, 1994) ...................13

Soberay Mach. & Equip. Co. v. MRF Ltd.,
    181 F.3d 759 (6th Cir. 1999) ........................................................................................13

Steel Co. v. Citizens for a Better Env't,
    523 U.S. 83, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)................................................3

Turner v. Temptu Inc.,
    586 Fed. Appx. 718 (2d Cir. 2014) .................................................................... 9

Voest-Alpine International Corp. v. Chase Manhattan Bank, N.A.,
    707 F.2d 680 (2d Cir. 1983) ............................................................................ 4

**NEW YORK CASES**

Cameron Eng'g & Assoc., LLP v. JMS Architect & Planner, P.C.,
    75 A.D.3d 488, 903 N.Y.S.2d 755 (App. Div. 2nd Dep't 2010) ............................ 12

Newburger-Morris Co. v. Talcott,
    219 N.Y. 505, 114 N.E. 846 (N.Y. 1916) ............................................................ 11

**STATUTES**

N.Y.U.C.C. § 5-114(2) .................................................................................................. 6

N.Y.U.C.C. § 5-108(f) .................................................................................................. 5

**FEDERAL RULES**

Fed R. Civ. P. 8(a) ....................................................................................................... 1

Fed R. Civ. P. 12(b)(6) ........................................................................................... 1, 14

Fed R. Civ. P. 12(b)(7) ........................................................................................... 1, 12

Fed R. Civ. P. 12(c) ................................................................................................ 1, 3

Fed R. Civ. P. 19 ................................................................................................. 12, 13

Fed R. Civ. P. 19(a) ............................................................................................. 12, 14

Fed R. Civ. P. 19(b) ................................................................................................. 12

**REGULATIONS**

UCP 600 Articles 3 and 4 ............................................................................................ 5

Defendant Israel Discount Bank of New York ("IDB") respectfully submits this memorandum of law in support of its motion for an order dismissing the Second Amended Complaint (Dckt # 31, the "Complaint") pursuant to, inter alia, Fed R. Civ. P. 8(a), 12(b)(6) and (7) for failure to state a claim and failure to join a required party, and Fed R. Civ. P. 12(c) and 17(a) as plaintiff Navana Logistics Limited ("Plaintiff") is not a real party in interest and lacks standing to assert its purported claims against IDB upon which relief can be granted.

## PRELIMINARY STATEMENT

This is an action in which Plaintiff, a Bangladeshi company with no relationship to IDB whatsoever, seeks damages against IDB for wrongful dishonor of letters of credit of which Plaintiff concedes it is not a beneficiary, transferee or assignee of any beneficiary. Plaintiff does not allege that a documentary presentation was ever made to IDB or that a presentation was ever rejected by IDB.

Plaintiff has twice amended its complaint at this Court's direction and yet is unable to plead a viable cause of action against IDB.

## THE ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

Plaintiff, purportedly a limited liability company incorporated under the laws of Bangladesh (Dckt # 31, Complaint ¶ 1), is a stranger to IDB, a New York commercial bank with a principal place of business in New York. Plaintiff alleges that it is a "freight forwarder in connection with the carriage of goods of the

consignee/purchaser, [defendant] JDE, from the port of Chittagong, Bangladesh to their final destination in Los Angeles, on behalf of suppliers/shippers of clothing garments, in various cargo containers." (Complaint ¶ 8). Plaintiff alleges no relationship whatsoever between itself and IDB. Nor does Plaintiff allege in the Complaint that it is the beneficiary of any letter of credit issued by IDB, or even that it is the assignee, transferee or subrogate of rights of any such beneficiary. Instead, Plaintiff alleges only that "the suppliers, as beneficiaries" were "to be paid" pursuant to "various letters of credit issued by defendant Israel Discount Bank." (Complaint ¶ 20). Plaintiff now asserts in purely conclusory fashion that it "stands in the shoes of the suppliers as to the letters of credit referred to in the Complaint" (Id.) and appends a list of letters of credit to the Complaint. Id. The Complaint however does not identify the suppliers/beneficiaries to the purportedly relevant letters of credit at all. Nor does the Complaint describe documentary presentation(s) allegedly made to IDB, or even set forth the dates of such presentation(s). The Complaint nonetheless purports to assert a claim against IDB for wrongful dishonor. (Complaint ¶¶ 51-53).

Plaintiff has listed letters of credit that it asserts are at issue, but has not pleaded or provided any additional information as to how it has privity with, or standing to sue, IDB. IDB has confirmed that Plaintiff is not a beneficiary of any of the letters of credit identified in the Complaint.

# POINT I

## LEGAL STANDARD

A complaint will survive a 12(b)(6) motion only if it pleads "enough facts to state a claim to relief that is plausible on its face." Barrows v. Burwell, 777 F.3d 106, 111—12 (2d Cir. 2015). The Court must determine standing at the outset because it is a "threshold question." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 88-89, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). "Standing is challenged on the basis of the pleadings." Connecticut v. Physicians Health Servs. of Conn., Inc., 287 F.3d 110, 114 (2d Cir. 2002) (citations and quotation marks omitted).

# POINT II

## PLAINTIFF ASSERTS NO FACTS THAT COULD ESTABLISH ITS PRIVITY WITH, OR STANDING TO ASSERT A CLAIM AGAINST, IDB

The Complaint should be dismissed pursuant to Fed R. Civ. P. 12(c) as Plaintiff has no privity with IDB or standing to assert a claim against IDB. By its own admission Plaintiff is not a beneficiary of any letter of credit issued by IDB and is not the transferee, assignee or subrogate of rights by any such beneficiary. Instead, Plaintiff alleges that it is a "freight forwarder" in connection with the carriage of garments. Plaintiff alleges that it "forwarded" goods to the suppliers' customer defendant JDE Associates, LLC ("JDE") whose destination delivery agent is defendant TWL and has not received payment for those goods. Plaintiff, presumably caught in a non-payment dispute between the suppliers on one hand and defendants JDE/TWL on the other,

alleges that it may be liable to the suppliers for JDE's non-payment, and thus may suffer a loss. However Plaintiff asserts claims not only against JDE and TWL, but also against IDB, in a clumsy, meritless and impermissible effort to "recover" against any entity remotely involved in the underlying transaction.

A. **The independence principles of letters of credit law bar Plaintiff's claim against IDB**

Plaintiff's baseless attempt to drag IDB into its dispute relating to the underlying transaction should not be countenanced. "A typical letter of credit transaction…involves three separate and independent relationships -- an underlying sale of goods contract between buyer and seller, an agreement between a bank and its customer (buyer) in which the bank undertakes to issue a letter of credit, and the bank's resulting engagement to pay the beneficiary (seller) providing that certain documents presented to the bank conform with the terms and conditions of the credit issued on its customer's behalf." Voest-Alpine International Corp. v. Chase Manhattan Bank, N.A., 707 F.2d 680, 682 (2d Cir. 1983). Significantly, an issuing "bank's payment obligation to the beneficiary is primary, direct and completely independent of any claims which may arise in the underlying sale of goods transaction." Id. This independence principle means that a letter of credit "takes on a life of its own," endowing the transaction "with the simplicity and certainty that are its hallmarks." Alaska Textile Co., Inc. v. Chase Manhattan Bank, N.A., 982 F.2d 813, 815-16 (2nd Cir. 1992). The independence principle is universally viewed as essential to the proper functioning of letters of credit and to their particular value. Centrifugal Casting Mach. Co., Inc. v. American Bank &

Trust Co., 966 F.2d 1348, 1352 (10th Cir. 1992). The independence principle is embodied in Articles 3 and 4 of the UCP 600. ACE American Ins. Co. v. Bank of the Ozarks, 2012 U.S. Dist. LEXIS 110891, 11 Civ. 3146 (PGG) at *14-15 (S.D.N.Y. August 6, 2012). Under the U.C.C. "[a]n issuer is not responsible for…the performance or nonperformance of the underlying contract, arrangement, or transaction," or "for any act or omission of others." UCC § 5-108(f). "The doctrine of independence is designed to make the issuer's payment obligation immune from disputes between the beneficiary and the issuer's applicant." Cent. Ill. Energy, L.L.C. v. Rafool (In re Cent. Ill. Energy, L.L.C.), 482 B.R. 772, 781 (Bankr. C.D. Ill. 2012). The issuer's payment obligation is unaffected by any disputes relating to the underlying commercial transaction between the beneficiary and the applicant. See 3Com Corp. v. Banco do Brasil, S.A., 171 F.3d 739 (2nd Cir. 1999).

Because the credit engagement is concerned only with documents, "the essential requirements of a letter of credit must be strictly complied with by the party entitled to draw against the letter of credit, which means that the papers, documents and shipping description must be as stated in the letter." Marino Industries Corp. v. Chase Manhattan Bank, N.A., 686 F.2d 112, 114 (2d Cir. 1982).

Here, Plaintiff does not allege a *bona fide* wrongful dishonor dispute with IDB in connection with letters of credit, their terms, or presentation of required documents. Plaintiff does not allege that it had the right to make a presentation or even that such a presentation was made *or dishonored* by anyone. Instead, Plaintiff

5

complains that cargo containers were not delivered to a "TWL controlled warehouse" but were instead delivered directly to TWL's customer, JDE, without payment to the suppliers of the goods. See Complaint ¶¶ 15-16. This is a classic non-payment / fraud in the underlying transaction case[1], concerning goods delivered, in which IDB plays no role. Plaintiff admits that IDB's obligations, if any, are pursuant to letters of credit and no allegations of compliance with the terms of *any* letters of credit are pleaded whatsoever. Under the well established independence principles of letter of credit law, IDB is immune to disputes between a total stranger and the applicant of a letter of credit.

As this is a dispute concerning the payment for goods and the underlying commercial transaction, and not dishonor of a letter of credit, the Complaint should be dismissed as to IDB.

B.  **Plaintiff lacks standing to assert a wrongful dishonor claim against IDB**

It is axiomatic that where a plaintiff lacks privity with an issuing bank, and is not the beneficiary or assignee or transferee of a beneficiary at the time the action is commenced, it is not a real party in interest and does not have standing to assert a wrongful dishonor claim against an issuing bank. See MSF Holding Ltd. v. Fiduciary

---

[1] It should be noted that "under the N.Y.U.C.C., an issuing bank may refuse to honor documents which comply on their face when a 'required document . . . is forged or fraudulent or *there is fraud in the transaction*.'" E & H Partners v. Broadway Nat'l Bank, 39 F. Supp. 2d 275, 285 (S.D.N.Y. 1998) citing N.Y.U.C.C. § 5-114(2) (emphasis supplied). Plaintiff, who expressly asserts a fraud claim in connection with this transaction, may not now seek to enforce the terms of any letter of credit. See Complaint ¶¶ 44-47, "FIFTH COUNT (Fraud)."

Trust Co. Int'l, 435 F. Supp. 2d 285, 302 (S.D.N.Y. 2006) (the Court entered summary judgment, *sua sponte*, in favor of defendant, an issuer of a letter of credit, as plaintiff lacked standing) *affirmed by* MSF Holding, Ltd. v. Fiduciary Trust Co. Int'l, 235 Fed. Appx. 827, 828 (2d Cir. 2007). In MSF Holding even where Plaintiff established that its affiliate was the assignee of proceeds under a letter of credit, the court held that plaintiff did not have standing to enforce the letter of credit. Here, Plaintiff fails to allege any facts that might even arguably give rise to a claim (by anyone) against IDB, or that it has standing to assert such claim as a real party in interest.

Accordingly the Complaint should be dismissed as to IDB.

## POINT III

## PLAINTIFF HAS NOT STATED A CLAIM AGAINST IDB UPON WHICH RELIEF CAN BE GRANTED

A. **The Complaint should be dismissed as Plaintiff has not stated a wrongful dishonor claim against IDB**

Even assuming Plaintiff could establish standing, it has failed to state a claim against IDB and the Complaint should be dismissed for that reason alone. To state a claim for wrongful dishonor of a letter of credit, a plaintiff must allege that: "(1) there exists a letter of credit issued by the defendant for the benefit of the plaintiff; (2) plaintiff timely presented strictly conforming documents to defendant as required by the letter of credit; and (3) defendant failed to pay plaintiff as provided by the letter of credit." ACR Sys., Inc. v. Woori Bank, 2015 U.S. Dist. LEXIS 37996 (S.D.N.Y. Mar.

7

25, 2015) *citing* Heritage Bank v. Redcom Labs., Inc., 250 F.3d 319, 325 (5th Cir. 2001). See also MRM Sec. Sys. v. Citibank, N.A., 1997 U.S. Dist. LEXIS 5360 (S.D.N.Y. Apr. 15, 1997)(plaintiff-beneficiary's complaint asserting a wrongful dishonor claim against an issuing bank was dismissed for failure to state a claim as the complaint did not allege that plaintiff's presentation strictly complied with the letter of credit). Here, Plaintiff failed to plead *any* of the necessary elements of a wrongful dishonor claim in its original complaint and has made no effort to do so in the two amendments thereto. Plaintiff does not allege that the letters of credit identified were issued by IDB for the benefit of the Plaintiff. Moreover Plaintiff has not pleaded that *any* presentation was made pursuant to letters of credit, let alone that such presentations strictly complied with the letters of credit.

Accordingly the wrongful dishonor claim should be dismissed.

B.  **Plaintiff's remaining causes of action are not adequately pleaded as to IDB and must be dismissed**

Plaintiff's First (breach of contract Dckt # 31 ¶¶ 31-33), Second (unjust enrichment ¶¶ 33-36), Third (quantum meruit ¶¶ 37-39) and Fourth (account stated ¶¶ 40-43) causes of action are asserted against all defendants. These claims appear to duplicate and depend on Plaintiff's wrongful dishonor claim and all should be dismissed. Plaintiff does not allege the necessary elements of any of these claims, including (i) the existence of a contract between it and IDB or any breach, or (ii) that

IDB received any money or benefitted in any manner (improperly or otherwise). As such, no facts are alleged sufficient to state a claim against IDB.

### 1. Plaintiff has not pleaded a breach of contract claim against IDB

Under New York law, the elements of a cause of action for breach of contract are: (1) the existence of a contract, (2) performance of the contract by one party, (3) breach by the other party, and (4) damages suffered as a result of the breach. Turner v. Temptu Inc., 586 Fed. Appx. 718, 720 (2d Cir. 2014). None of these elements are pleaded in the Complaint as to IDB (as there is no contract between them). Thus, the breach of contract claim must be dismissed.

### 2. Plaintiff has not pleaded an unjust enrichment claim against IDB

"The theory of unjust enrichment lies as a quasi-contract claim. It is an obligation the law creates in the absence of any agreement." Diesel Props S.R.L. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 54 (2d Cir. 2011). In order to succeed on a claim for unjust enrichment under New York law, a plaintiff must prove that "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." Briarpatch Ltd. v. Phoenix Pictures, Inc., 373 F.3d 296, 306 (2d Cir. 2004), *cert. denied*, 544 U.S. 949, 125 S. Ct. 1704, 161 L. Ed. 2d 525 (2005). No facts are pleaded in the Complaint to support an unjust enrichment claim against IDB. Plaintiff does not allege any facts sufficient to show that IDB has been enriched *at all*. The Complaint seeks to

recover a "purchase price that remains unpaid for the goods forwarded by Plaintiff ... on behalf of their suppliers for their customer JDE, whose delivery agent is TWL." Complaint ¶ 9. Plaintiff has not pleaded that IDB benefited from this payment dispute, how it might cognizably be benefited, or even that IDB had any contractual or quasi-contractual obligation to pay Plaintiff. Moreover Plaintiff does not allege that IDB has *anything* of value that should be returned to Plaintiff. The final element of unjust enrichment; that equity and good conscience militate against permitting IDB to retain what Plaintiff is seeking to recover is not pleaded at all.

Accordingly this claim must be dismissed as to IDB.

### 3. Plaintiff has not pleaded a quantum meruit claim against IDB

In order to recover in quantum meruit under New York law, a claimant must establish "(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." Revson v. Cinque & Cinque, P.C., 221 F.3d 59, 69 (2d Cir. 2000). None of these elements are pleaded against IDB in the Complaint. Plaintiff does not attempt to plead the existence of services performed that it expected compensation for from IDB or that IDB accepted such services. For this reason alone the quantum meruit cause of action should be dismissed as against IDB.

Additionally, quantum meruit is not a separate cause of action from unjust enrichment. Where there is no cause of action for unjust enrichment, a quantum meruit cause of action must be dismissed. See Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168, 175 (2d Cir. N.Y. 2005) ("quantum meruit and unjust enrichment are not separate causes of action," and "unjust enrichment is a required element for an implied-in-law, or quasi contract, and quantum meruit, meaning 'as much as he deserves,' is one measure of liability for the breach of such a contract.") (omitting internal citations). As Plaintiff's unjust enrichment cause of action fails as against IDB, so too must Plaintiff's quantum meruit claim be dismissed as against IDB.

### 4. Plaintiff has not pleaded an account stated claim against IDB

"Under New York law, an account stated is an 'agreed upon . . . balance of indebtedness,' based on an implied or express promise of payment made by the parties to a transaction." Interglobo Customs Broker, Inc. v. Herschel Imps. Corp., 2015 U.S. Dist. LEXIS 73227 (S.D.N.Y. June 5, 2015) citing Newburger-Morris Co. v. Talcott, 219 N.Y. 505, 512, 114 N.E. 846 (1916). As such, an account stated claim requires a showing of "an agreement between the parties to an account based upon prior transactions between them . . . ." LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham, 185 F.3d 61, 64 (2d Cir. 1999). To state a claim for an account stated, a plaintiff must plead that "(1) an account was presented; (2) it was accepted as correct; and (3) debtor promised to pay the amount stated." IMG Fragrance Brands, LLC v.

Houbigant, Inc., 679 F. Supp. 2d 395, 411 (S.D.N.Y. 2009) (citations omitted). "An essential element of an account stated is an agreement with respect to the amount of the balance due." Cameron Eng'g & Assoc., LLP v. JMS Architect & Planner, P.C., 75 A.D.3d 488, 489, 903 N.Y.S.2d 755, 755-56 (App. Div. 2nd Dep't 2010).

Plaintiff has not pleaded the existence of any of the requisite elements of an account stated claim against IDB. In particular the Complaint fails to plead the existence of an agreement or relationship between Plaintiff and IDB (as there is none), it cannot state an account stated cause of action against IDB.

Consequently, each of the claims asserted by Plaintiff must be dismissed.

## POINT IV

### RULE 12(B)(7) REQUIRES DISMISSAL OF THE COMPLAINT

Plaintiff has failed to join a required party pursuant to Fed R. Civ. P. 12(b)(7) and Rule 19(b). Resolution of Plaintiff's purported claims against IDB is impossible without the joinder of a real party in interest.

Rule 19 provides for compulsory joinder of parties who are needed for just adjudication of a dispute. On a motion to dismiss for failure to join an indispensable party, a court undertakes a two-step analysis. Associated Dry Goods Corp. v. Towers Fin. Corp., 920 F.2d 1121, 1123 (2d Cir. 1990). First, the court must determine whether the absent party is a "party to be joined if feasible" under Rule 19(a). If the court determines that the party is to be joined if feasible but cannot be joined, it must

determine whether the action should, "in equity and good conscience," be dismissed. Evergreen Marine Corp. v. Welgrow Int'l, Inc., 942 F. Supp. 201, 205-06 (S.D.N.Y. 1996). District courts have broad discretion in applying Rule 19 because of the fact-based analysis of the effects of non-joinder, S&S Machinery Corp. v. General Motors Corp., No. 93 Civ. 3237 (CSH), 1994 WL 529867, *3 (S.D.N.Y. Sept. 28, 1994), and matters outside the pleadings may be considered. Circle Industries v. City Federal Savings Bank, 749 F. Supp. 447, 457, n.2 (E.D.N.Y. 1990). In determining whether an absent party is indispensable, this Court must consider four "interests:" (1) the plaintiff's "interest in having a forum;" (2) the defendant's interest in avoiding "multiple litigation, or inconsistent relief, or sole responsibility for a liability he shares with another;" (3) "the interest of the outsider whom it would have been desirable to join;" and (4) the "interest of the courts and the public in complete, consistent, and efficient settlement of controversies." Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 109-11 & n.2, 19 L. Ed. 2d 936, 88 S. Ct. 733 (1968); Envirotech Corp. v. Bethlehem Steel Corp., 729 F.2d 70, 73 (2d Cir. 1984).

A beneficiary under a letter of credit in an action for wrongful dishonor is "a necessary party inasmuch as complete relief could not have been afforded to those already parties to the suit." Soberay Mach. & Equip. Co. v. MRF Ltd., 181 F.3d 759, 764 (6th Cir. 1999). Only the beneficiary of a letter of credit may assert a wrongful dishonor claim. See Point II. To the extent Plaintiff's claims against IDB are not

otherwise dismissed pursuant to Fed R. Civ. P. 12(b)(6), the Complaint should be dismissed for failure to join the beneficiar(ies) of the relevant letter(s) of credit.

Disposition of Plaintiff's claims in the absence of joinder of the relevant beneficiar(ies) will leave IDB "subject to substantial risk of incurring multiple, or otherwise inconsistent obligations" because of the undisposed rights of the beneficiar(ies) of its letters of credit. Rule 19(a)(1)(B)(ii). Thus, this action may not proceed against IDB in the absence of such joinder.

As Plaintiff lacks standing to bring this action and is not the proper party this action should be dismissed for failure to join a beneficiary as an indispensible party.

## CONCLUSION

For the foregoing reasons, IDB's motion to dismiss the Complaint should be granted in it entirely.

Dated: New York, New York
June 26, 2015

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
Jantra Van Roy
David S.S. Hamilton
Attorneys for Defendant
  Israel Discount Bank of New York
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

#814150v3/DH/3514.055

14