NOWELL AMOROSO KLEIN BIERMAN, P.A.
155 Polifly Road
Hackensack, NJ 07601
(201) 343-5001
Rick A. Steinberg, Esq. (RS-7396)
Attorneys for Plaintiff, Navana Logistics Limited

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

_____

|  |  |
|---|---|
| NAVANA LOGISTICS LIMITED, | Civil Action No. 15-cv-856 (PKC) |
| Plaintiff, |  |
| vs. |  |
| TW LOGISTICS, LLC, t/a TRANSWORLD LOGISTICS; SHLOMO GREENBERG; JDE ASSOCIATES LLC; ISRAEL DISCOUNT BANK OF NEW YORK, |  |
|  | ORAL ARGUMENT REQUESTED |
| Defendants. |  |

_____

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
<u>MOTIONS TO DISMISS COMPLAINT</u>**

NOWELL AMOROSO KLEIN BIERMAN, P.A.
155 Polifly Road
Hackensack, NJ 07601
(201) 343-5001
Rick A. Steinberg (RS-7396)

Attorneys for Plaintiff, Navana Logistics Limited

**TABLE OF CONTENTS**

**TITLE**                                                                                                           **PAGE**

INTRODUCTION………………………………………………………………………4

PRELIMINARY STATEMENT…………………………………………………………..4

STATEMENT OF FACTS………………………………………………………………...5

LEGAL ARGUMENT……………………………………………………………………..8

    The Motions to Dismiss must be denied,
    because the Complaint states a claim upon which relief can be granted……....8

    The Complaint meets the *Twombly* and *Iqbal* pleading standard,
    because it states sufficient facts to suggest plausible causes of action………….9

    The Motion by TWL and Greenberg must be denied,
    because the pleadings are not closed…………………………………………..10

    Plaintiff has standing to prosecute the civil action……………………………..11

    IDB wrongfully dishonored presentment of the letters of credit……………….13

    If the court finds the Complaint deficient,
    Plaintiff should be granted leave to replead…………………………………...15

CONCLUSION……………………………………………………………………………15

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                                          **PAGE**

Arthur v. Maersk, Inc.,
434 F.3d 196 (3d Cir. 2006)……………………………………………………………………15

Ashcroft v. Iqbal,
556 U.S. 662 (2009)…………………………………………………………………………….9

Bell Atlantic Corporation v. Twombly,
550 U.S. 544 (2007)…………………………………………………………………………….9

Foman v. Davis,
371 U.S. 178 (1962)…………………………………………………………………………...15

M.J.F.M. Kools v. Citibank, N.A., 872 F. Supp. 67, 70 (S.D.N.Y. 1995)……………14

Voest-Alpine International Corporation v. The Chase Manhattan Bank, N.A.,
707 F.2d 680, 682 (2d Cir. 1983)……………………………………………………….14

**RULES**

Fed. R. Civ. P. 8(a)(2)……………………………………………………………………………9

Fed. R. Civ. P. 12(b)(6)………………………………………………………………………..9

Fed. R. Civ. P. 12(c)…………………………………………………………………………..10

Fed. R. Civ. P. 15(a)(2)………………………………………………………………………15

## **INTRODUCTION**

Plaintiff, Navana Logistics Limited ("Plaintiff" or "Navana"), by its attorneys, Nowell Amoroso Klein Bierman, P.A., submits this Memorandum of Law in opposition to the motions to dismiss (the "Motions to Dismiss") the Second Amended Complaint (the "Complaint") filed by co-defendants, TW Logistics, LLC, trading as Transworld Logistics ("TWL"); Shlomo Greenberg ("Greenberg"); and, Israel Discount Bank of New York ("IDB") (together, "Movants").

## **PRELIMINARY STATEMENT**

The Motions to Dismiss the Complaint should be denied because Plaintiff has standing to prosecute the action, since it was acting as an agent in fact for the suppliers and shippers of the subject cargo in relation to each other and in relation to the Movants, TWL and Greenberg. Further, Plaintiff has standing to sue Movant, IDB, for wrongful dishonor of the letters of credit because Plaintiff was acting as agent for Defendant, JDE, the applicant for the letters of credit.

Plaintiff is the real party in interest, because the suppliers and shippers are looking to Plaintiff for payment of the unpaid purchase price of the subject goods. Plaintiff has standing and is the real party in interest because it is entitled to indemnification and contribution from the Defendants for any amounts for which it may be found liable to the suppliers and shippers of the goods for the unpaid purchase price thereof.

In addition, Plaintiff has standing and is the real party in interest because it is subject to regulatory action against its freight forwarder license by the government of Bangladesh, where it is incorporated and has its place of business, and under whose laws Plaintiff is liable to the shippers and suppliers for the unpaid purchase price of the goods, based on its status as a licensed freight forwarder subject to Bangladeshi government regulatory authority.

Plaintiff is entitled to indemnification and contribution for any liability that it may incur to the suppliers or shippers of goods for the purchase price of the goods or for loss of license or other regulatory action taken by the Bangladeshi government against Navana, based on Plaintiff's status as a Bangladeshi licensed freight forwarder.

Further, Plaintiff has standing to sue IDB for wrongful dishonor of the subject letters of credit because it was acting as agent for the buyer, JDE, the applicant for the subject letters of credit, in the transactions, in its role as a freight forwarder.

Since Plaintiff has standing to prosecute this civil action and is the real party in interest, the Motions to Dismiss the Complaint should be denied.

## STATEMENT OF FACTS

Pursuant to various bills of lading, Plaintiff acted as a freight forwarder agent on behalf of suppliers/shippers of clothing garments in connection with the carriage of goods of the consignee/purchaser, co-defendant, JDE Associates LLC ("JDE"), from the port of Chittagong, Bangladesh to their final destination in Los Angeles, California, in various cargo containers. (JDE, together with the Movants, is referred to collectively hereinafter as the "Defendants").

Out of the twenty four cargo containers, the following containers were still lying at port, at least until recently, including nine (9) containers for which JDE paid duties and cleared customs but did not take delivery and one (1) container for which duty was not paid and custom clearance was not done, so the container is in a General Order ("GO") warehouse under the control of the United States Bureau of Immigration and Customs Enforcement.

| HBL No. | Container No. | Location | HBL No. | Container No. | Location |
|---|---|---|---|---|---|
| AWS-NLL/044 | BSIU9236801 DRYU9654094 FSCU9834050 | Yusen Terminal Port of Los Angeles, Berths 212-223, Area 3C 701 New Dock St. Terminal Island, CA 90731 Tel: 1-310-548-8000 | AWS-NLL/051 AWS-NLL/052 AWS-NLL/053 | HJCU1978414 TCNU7526292 BMOU2934528 HJCU4130767 | Pacific Container Terminal (PCT Terminal COSCO), 1521 Pier J Avenue, Long Beach, CA 90802 Tel: 1-866-545-3142 |

5

| AWS-NLL/048 AWS-NLL/049 AWS-NLL/050 | BSIU9174696 RFCU4051608 | Pacific Container Terminal (PCT Terminal COSCO), 1521 Pier J Avenue, Long Beach, CA 90802 Tel: 1-866-545-3142 | AWS-NLL/054 | TRLU3916062 | G.O. Warehouse 1415 Torrance Blvd Torrance, CA 90501 Tel: 1-310-320-5522 |
|---|---|---|---|---|---|

Plaintiff notified the suppliers and their bank in Bangladesh regarding the status of the containers at the port and in the GO warehouse.

As an international freight forwarder, Plaintiff arranged for carriage of all the goods from the origin port of Chittagong, Bangladesh to the destination port of Los Angeles.

A list of the other fourteen (14) cargo containers along with the respective nine (9) House Bill of Lading ("HBL") numbers is as follows:

| HBL No. | Container No. | HBL No. | Container No. | HBL No. | Container No. |
|---|---|---|---|---|---|
| AWS-NLL/020 | TRLU5579910 | AWS-NLL/038 | TRLU7366787 | | |
| AWS-NLL/035 | TEMU5042513 DRYU9647496 | AWS-NLL/041 | TGHU5088542 BSIU2746418 | AWS-NLL/046 | CAIU8858277 HJCU1212007 |
| AWS-NLL/036 | FSCU9957203 | AWS-NLL/042 | TEMU6111774 | | |
| AWS-NLL/037 | BMOU5071550 HJCU4193791 | AWS-NLL/045 | HJCU1370656 SEGU4121503 | | |

TWL, through Greenberg, informed Plaintiff in writing that the fourteen (14) containers listed above were supposedly being stored in a TWL controlled warehouse, which Plaintiff was advised by the warehouse is false, and TWL and Greenberg know is false.

The final consignee for the above shipments was JDE, which was a customer of TWL. Customs clearance for all the above shipments was done by JDE's nominated customs broker and customs duty was paid by JDE.

The subject goods were shipped under various letters of credit issued by Defendant, IDB, upon the application of its customer, JDE, for issuance of the letters of credit, with the suppliers, as beneficiaries, to be paid through Swift foreign wire transfers from IDB in New York to JDE's customers' bank in Bangladesh. Plaintiff stands in the shoes of the suppliers as to the letters of credit referred to in the Complaint. A list of the JDE shipment letters of credit with details

6

thereof was attached to the Complaint and is attached to the Declaration of Showkat Akber Khondaker, Director of Navana, (the "Showkat Declaration"), submitted in opposition to the Motions to Dismiss the Complaint, as Exhibit "A."

TWL was the delivery agent on the bills of lading and it was TWL's responsibility to ensure that delivery of the goods would only take place after receiving a duly bank endorsed Original House Bill of Lading by the supplier's bank and by JDE's bank, IDB.

Defendants failed to act accordingly in this matter, and allowed for delivery of the goods under the control of TWL without payment to the shippers' bank in Bangladesh.

TWL, Greenberg, and JDE have failed and refused to allow Navana or its authorized representative to inspect the goods under the control of TWL, Greenberg and JDE.

TWL, Greenberg, and JDE refused to divulge to Navana or its authorized representative the location, condition and/or disposition of the subject goods under the control of TWL.

Plaintiff has been informed that the goods were released without a bank endorsed Original House Bill of Lading from the purchaser/importer, JDE, and the goods were delivered to JDE or its customers, despite the fact that the sale proceeds have not been received by the suppliers' bank in Bangladesh for the purchase price of the goods under the control of TWL.

Greenberg falsely advised Plaintiff in writing that the goods were in a safe warehouse under TWL's control. Plaintiff sent a letter dated December 3, 2014 to TWL and Greenberg, requesting them to disclose the location of the cargo, but such request was denied.

Greenberg made the written misrepresentations to Plaintiff that the goods were located in a warehouse under his control while knowing same to be false, and intending that Plaintiff would reasonably or justifiably rely upon such misrepresentations to its detriment.

The amount due to the shippers/suppliers of the goods is not less than $671,659.51 for the

goods that were supposedly under the control of TWL and Greenberg. The amount due to the shippers/suppliers of the goods that were until at least recently lying at port or in a GO warehouse is not less than $503,404.08.

## LEGAL ARGUMENT

### The Motions to Dismiss must be denied, because the Complaint states a claim upon which relief can be granted.

The Motions to Dismiss the Complaint must be denied, because the Complaint adequately states numerous, viable causes of the action against the Movants.

Defendants' failure to act properly per international freight forwarding and trade practice and refusal to make payment to the shippers' bank for the goods constitutes a breach of contract.

Defendants have been unjustly enriched in an amount not less than $671,659.51for failure to make payment to the suppliers' bank for the goods under the control of TWL and Greenberg.

Defendants have been unjustly enriched in an amount not less than $503,404.08 for failure to make payment to the suppliers' bank for goods lying at port and/or in a GO warehouse.

Based on the account stated, damages have been incurred because suppliers have not been paid in an amount not less than $671,659.51 + $503,404.08 = $1,175,063.59 total. The shippers or suppliers of the goods are seeking payment of this amount from Plaintiff.

Greenberg knowingly made misrepresentations of material facts to Plaintiff, regarding whether the goods were being held in a safe warehouse under the control of TWL, intending that Plaintiff would rely upon the misrepresentations to its detriment, and Plaintiff did reasonably or justifiably rely upon such intentional misrepresentations.

By knowingly making misrepresentation of material facts to Plaintiff, knowing that Plaintiff would rely upon the misrepresentations to its detriment, Greenberg defrauded Plaintiff. As a result of the fraud by Greenberg, Plaintiff has been damaged.

Alternatively, Greenberg negligently made misrepresentations of material fact to Plaintiff regarding whether the goods were being safely stored in a warehouse under TWL's control, intending that Plaintiff would rely upon the misrepresentations to its detriment, and Plaintiff did reasonably or justifiably rely upon such negligent misrepresentations. As a result of the negligent misrepresentations by Greenberg, Plaintiff has been damaged and has been forced to expend monies to remedy the damage.

IDB's failure and refusal to make payment on the letters of credit, despite proper presentment of same, constitutes wrongful dishonor of the letters of credit. As a result of the wrongful dishonor of the letters of credit by Defendant, Israel Discount Bank, Plaintiff has been damaged, since the suppliers of the goods in Bangladesh, who are the beneficiaries of the letters of credit issued by IDB upon application of its customer, JDE, are looking to Plaintiff for payment for the goods that they did not receive from IDB via the letters of credit.

**The Complaint meets the *Twombly* and *Iqbal* pleading standard, because it states sufficient facts to suggest plausible causes of action.**

The Motions to Dismiss must be denied because the Complaint easily passes the plausibility test of Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Fed. R. Civ. P. ("FRCP") 8(a)(2) states that "[a] pleading that states a claim for relief must contain: a short and plain statement of the claim showing that the pleader is entitled to relief …."

In Twombly, the Supreme Court held that a complaint should not be dismissed on a FRCP 12(b)(6) motion if it states enough factual matter, taken as true, to suggest a plausible cause of action. 550 U.S. at 556. *Also*, *see* Iqbal, *supra*, 556 U.S. at 678. Further, plausibility does not impose a probability requirement at the pleading stage. Twombly, 550 U.S. at 556.

The plausibility standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of a cause of action.  Id.  *Also*, *see* Iqbal, *supra*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

In this case, the Complaint states facts regarding Defendants' facilitating delivery of the goods without payment of the purchase price, sufficient to suggest plausible causes of action.  Thus, the Complaint meets the pleading standards of Twombly and Iqbal to withstand a motion to dismiss for alleged failure to state a claim upon which relief can be granted, pursuant to FRCP 12(b)(6) or a motion to dismiss the Complaint on the pleadings, pursuant to FRCP 12(c).  Therefore, the Motions to Dismiss should be denied.

**The Motion by TWL and Greenberg must be denied, because the pleadings are not closed.**

Defendants, TWL and Greenberg, who already filed an Answer with Cross-claims to the Complaint, moved for judgment on the pleadings pursuant to FRCP 12(c), which states that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  Since TWL and Greenberg already filed an Answer with Cross-claims to the Complaint, they cannot avail themselves of FRCP 12(b)(6).  Thus, they are limited to FRCP 12(c) in support of their Motion to Dismiss the Complaint.

TWL and Greenberg move to dismiss the Complaint on the pleadings on the ground, *inter alia*, that they supposedly do not have any contract with Plaintiff.  The facts in the Complaint state a claim for implied contract, if not express contract.  In addition to a count for breach of contract, the Complaint also includes counts against Greenberg for negligent misrepresentation and fraud.  Thus, even assuming, *arguendo*, that there is no contract between Plaintiff and TWL, the Complaint includes tort causes of action for negligence and fraud.

Since Defendant, Movant, IDB, has not yet filed an answer to the Complaint, the pleadings are obviously not yet closed. Thus, the Motion to Dismiss the Complaint on the pleadings filed by TWL and Greenberg pursuant to FRCP 12(c) must be denied as premature, if for no other reason.

### **Plaintiff has standing to prosecute the civil action.**

Plaintiff has standing to prosecute the instant civil action, because it was acting as agent in fact for the shippers and suppliers of the goods. Further, the shippers and suppliers of the goods are looking to Plaintiff for payment for the goods, so Plaintiff is the real party in interest. In addition, the government of Bangladesh considers Navana liable to the shippers and suppliers for the purchase price of the goods, based on its responsibilities as a licensed freight forwarder. Plaintiff also has standing and is the real party in interest because it faces regulatory action, including possible loss of its freight forwarder license in Bangladesh, due to Defendants' failure to pay the purchase price of the goods. Therefore, the Motions to Dismiss should be denied.

Further, Plaintiff has standing to sue IDB for wrongful dishonor of the subject letters of credit because it was acting as agent for the buyer, JDE, the applicant for the subject letters of credit, in the transactions, in its role as a freight forwarder.

Attached to the Showkat Declaration as Exhibit "B" is a copy of a complaint filed by one of the suppliers, Kent Garments (Pvt.) Limited ("Kent Garments"), in the Court of Chief Metropolitan Magistrate, Chittagong, Bangladesh against Navana, TWL, Greenberg and JDE for misappropriation, seeking monetary damages (the "Kent Garments Complaint").

The Kent Garments Complaint states that "Accused No. 1 to 16 are acting as principal & agent for each other for carrying the cargo through their specified carrying vessel." *See* the Kent Garments Complaint at ¶ 4, attached to the Showkat Declaration as Exhibit "B."

Thus, Kent Garments considers Navana to be acting as its agent.  In addition, Navana, TWL, Greenberg and JDE were all acting as agents for each other in relation to Kent Garments and the other shippers and suppliers of the subject goods.  Specifically, Navana was acting as agent for the buyer, JDE, who was also the applicant for the letters of credit from IDB.  Therefore, Navana has standing to sue IDB for wrongful dishonor of the letters of credit.

Navana also has standing because it is entitled to indemnification and contribution from the Defendants for any amounts for which Navana may be liable on the Kent Garments Complaint or any other lawsuit that has been or will be brought by a supplier/shipper against it.

Navana is also the subject of government regulatory action in Bangladesh due to non-payment for the goods.  Attached to the Showkat Declaration as Exhibit "C" is a copy of a Bangladeshi customs Statutory Regulation Order which states at Section 13(h) that a licensed freight forwarder like Navana is legally responsible to ensure that exported goods are not delivered without bank endorsed documents.

Thus, Navana is subject to Bangladeshi governmental regulatory action against its freight forwarder license due to non-payment for the goods and dishonor of the letters of credit.  Navana is entitled to indemnification and contribution from the Defendants for any regulatory action it may face pursuant to governmental authority.  Therefore, Navana is the real party in interest in this matter and stands in the shoes of the shippers and suppliers, and is acting on their behalf, as agent in fact.  As such, Navana has standing to prosecute this action.

In addition, Navana was acting as agent for JDE, the applicant for the letters of credit, in relation to IDB, the issuer of the letters of credit.  Therefore, Navana has standing to sue IDB for wrongful dishonor of the letters of credit.

**IDB wrongfully dishonored presentment of the letters of credit.**

The Motion to Dismiss filed by IDB should also be denied because IDB wrongfully dishonored presentment of the letters of credit, and Plaintiff has standing as agent in fact for the beneficiaries and agent in law for the applicant, JDE, to enforce the letters of credit.

Defendant, IDB, moves to dismiss the Complaint on the basis that Plaintiff lacks standing to sue for wrongful dishonor of the letters of credit, since it was not the applicant or beneficiary of the letters of credit, and is not an assignee of the beneficiaries.

As stated in the Complaint and in the Showkat Declaration, Plaintiff is acting as agent for the suppliers who were the beneficiaries of the letters of credit. Plaintiff does not know why all the letters of credit were wrongfully dishonored or whether they were all presented, because this information is only within the knowledge of Defendants, especially IDB. To date, although JDE has been served with the Complaint, it has not responded thereto, although the time to do so has expired. Plaintiff has requested entry of default against JDE.

Plaintiff's counsel was at one point contacted by telephone by Douglas Gross, Esquire, an attorney who represented that he would appear for JDE, but that attorney has not done so. Further, that attorney refused Plaintiff's counsel's request that JDE provide discovery regarding presentment and dishonor of the letters of credit before being served with the Complaint and filing a response thereto. Once served with the Complaint, JDE failed to respond thereto.

Plaintiff should be allowed to obtain discovery from IDB, TWL and Greenberg regarding presentment and dishonor of the letters of credit before the Motions to Dismiss are submitted.

In the Showkat Declaration, Plaintiff's Director attests that Plaintiff contacted one of the suppliers, Cleartex Industries Limited, ("Cleartex"), HBL No. AWS-NLL/035, which informed Plaintiff that IDB returned the shipping documents presented to it, and dishonored and refused to

make payment on a letter of credit, because the buyer, JDE, asked for a 50% discount, but the shipper, Cleartex, would not agree to that request, among other things.

It is well-established that a dispute between the buyer and seller of goods is not an excuse for the issuer of a letter of credit to dishonor presentment of the letter of credit.

A typical letter of credit transaction involves three separate and independent relationships: (1) an underlying sale of goods contract between buyer and seller; (2) an agreement between a bank and its customer, the buyer, in which the bank undertakes to issue a letter of credit; and, (3) the bank's resulting engagement to pay the beneficiary, the seller, provided that certain documents must be presented to the bank that conform with the terms and conditions of the credit. Voest-Alpine International Corporation v. The Chase Manhattan Bank, N.A., 707 F.2d 680, 682 (2d Cir. 1983). The bank's payment obligation to the beneficiary is primary, direct and completely independent of any claims which may arise in the underlying sale of goods transaction. Id.

Letters of credit evolved to alleviate the risks inherent in commercial transactions in which the buyer and seller do not know each other, because they may be in different countries, for example, as in the case at bar. So, the seller does not want to deliver goods to the buyer before receiving payment. M.J.F.M. Kools v. Citibank, N.A., 872 F. Supp. 67, 70 (S.D.N.Y. 1995). To resolve this problem, the buyer of the goods applies to its bank to issue a letter of credit in favor of the seller of goods as beneficiary for the price of the goods. Id. The bank's promise to pay the beneficiary under the letter of credit is completely independent of the underlying sales contract between the buyer and seller. Id. at 71.

Since the great utility of letters of credit arises from the independent obligation of the issuing bank, attempts to avoid payment premised on extrinsic considerations tend to

compromise their chief virtue of predictability and reliability as a payment mechanism.  Voest-Alpine International Corporation , *supra*, 707 F.2d at 682.

In the case *sub judice*, IDB's failure to pay a seller, for example, Cleartex, because it refused to give a 50% discount to IDB's customer, JDE, the applicant for issuance of the letter of credit, violates the independence principle that gives letters of credit their reliability and predictability.

Since IDB has wrongfully dishonored at least one of the letters of credit, the Complaint should not be dismissed as to IDB.

### If the court finds the Complaint deficient, Plaintiff should be granted leave to replead.

For the reasons stated above, the Complaint is not deficient, so the Motions to Dismiss should be denied.  However, in the event that the court finds the Complaint somehow deficient, Plaintiff should be granted leave to re-plead, including possibly adding causes of action for indemnification and contribution against the Defendants.

FRCP 15(a)(2) states that "a party may amend its pleadings only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  This standard encompasses a broad range of equitable factors, including a party's delay in seeking leave to amend and any prejudice to the opposing party.  Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006), *citing* Foman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiff has obviously not delayed in seeking leave, since Defendants only filed the Motions to Dismiss on June 25 and 26, 2015.  Further, there would be no prejudice to Defendants, since IDB has not yet filed an Answer to the Complaint.  Therefore, if the court deems the Complaint somehow deficient, Plaintiff should be granted leave to amend the Complaint to add causes of action for indemnification and contribution against Defendants.

## **CONCLUSION**

For the foregoing reasons, Plaintiff submits that the Motions to Dismiss the Complaint must be denied.  Further, Plaintiff seeks discovery regarding presentment and dishonor of the letters of credit, before consideration of the Motions to Dismiss the Complaint.  In the event that the court is inclined to dismiss the Complaint, Plaintiff seeks leave to amend the Complaint, including adding causes of action for indemnification and contribution.

Dated:  Hackensack, New Jersey
July 9, 2015

                NOWELL AMOROSO KLEIN BIERMAN, P.A.

By:    /s/ Rick A. Steinberg
         Rick A. Steinberg (RS-7396)
         155 Polifly Road
         Hackensack, New Jersey 07601
         (201) 343-5001

         Attorneys for Plaintiff, Navana Logistics Limited