UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NAVANA LOGISTICS LIMITED,

                      **Plaintiff,**

  -against-

TW LOGISTICS, LLC, SHLOMO GREENBERG,    Civil Action No. 15-cv-00856
JDE ASSOCIATES LLC; ISRAEL DISCOUNT
BANK OF NEW YORK,                                Hon. P. Kevin Castel

                      **Defendant.**
-----------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS OR JUDGMENT ON THE PLEADINGS OF DEFENDANTS TW LOGISTICS, LLC AND SHLOMO GREENBERG

Respectfully submitted,

BERGER, FISCHOFF & SHUMER LLP
40 Crossways Park Drive
Woodbury, New York 11797
516-747-1136

LAW OFFICES OF
STUART M. STEINBERG P.C.
Stuart M. Steinberg, Esq.
2 Rodeo Drive
Edgewood, New York 11717
(631) 715-4160

WILCOX & SAVAGE P.C.
Leonard L. Fleisig, Esq. (LF-2198)
440 Monticello Avenue
Suite 2200
Norfolk, Virginia 23513
(757) 628-5605

Co-Counsel for Defendants
TW Logistics, LLC and Shlomo Greenberg

## INTRODUCTION

Defendants TW Logistics, LLC (hereinafter "TWL") and Shlomo Greenberg (hereinafter "Greenberg" and at times with TWL collectively referred to as "defendants"), by their attorneys, Berger, Fischoff & Shumer, LLP, submit this reply in further support of their motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), and 17(a), as plaintiff is not a real party in interest and lacks standing to assert its purported claims against defendants upon which relief can be granted, and because plaintiff fails to properly plead any claims against the defendants.

Plaintiff sets forth three flimsy, unsupported arguments opposing dismissal: (1) that it acted as an agent for the suppliers, and therefore has a claim against TWL and Greenberg, ignoring the fact that the suppliers also lack standing or any relationship upon which they could state a claim against TWL and Greenberg; (2) that it has standing in this action because a supplier brought suit against plaintiff in Bangledesh; and (3) that it has standing to sue in this action because it may be subject to regulatory action in Bangledesh. As set forth fully below, none of these arguments have any factual or legal merit. In addition, plaintiff's request for leave to replead, after filing not one, but two, amended complaints, the second of which was with leave of the Court, should be denied.

## ARGUMENT

### POINT I

### PLAINTIFF FAILS TO MAKE ANY SHOWING TO SUPPORT ITS CLAIM OF STANDING

Plaintiff's Memorandum of Law and declaration in opposition to the instant motion fail to present this Court with any factual or legal basis upon which it can be concluded that plaintiff has standing to pursue the claims asserted herein.

1

As an initial matter, on a motion on the pleadings, the Court looks only to the pleadings in making a determination. Thus the content of the declaration and the documents attached thereto, which were not incorporated into the Second Amended Complaint, should be excluded from the Court's analysis, or the Court must convert the motion into a motion for summary judgment. *See Kouakou v. Fideliscare N.Y.*, 920 F.Supp.2d 391 (S.D.N.Y. 2012). It is submitted that plaintiff does not present this Court with any grounds to consider this material or to convert the motion to a summary judgment motion. In fact, plaintiff does not even address this issue.

Should the Court consider the extrinsic materials presented by plaintiff, it is submitted that such materials do not provide any support to plaintiff's position. Plaintiff's opposition is largely a regurgitation of the allegations set forth in the Second Amended Complaint. Like its pleading, plaintiff's opposition fails to present this Court with any documentation or evidence that plaintiff is the agent of the suppliers, or that it is authorized in any way, shape or form to pursue the claims contained in the Second Amended Complaint on their behalf. Instead, plaintiff continues to baldly claim it is the "agent" of the suppliers and "steps into the shoes" of the same without providing a factual or legal basis for this argument. Indeed, plaintiff's continued admission that it acted merely as a freight forwarder for the shippers negates any claim of agency or liability to the shippers for the failure of the purchaser to pay for the goods. *Prima U.S. Inc. v. M/V Addiriyah Her Engines, Boilers, etc.*, 223 F.3d 126, 129 (2d Cir. 2000).

Plaintiff's opposition is also without merit because it asserts bald conclusions about TWL's status in this transaction, claiming again without any factual or legal support that TWL was responsible to ensure that the goods were paid for before delivery to JDE. As set forth in defendants' moving papers, there is absolutely no proof or any notation on the bills of lading for the subject transactions that supports such a meritless conclusion.

2

Furthermore, the fact that one of the shippers has allegedly commenced an action in Bangladesh against plaintiff does not bestow plaintiff with standing. As Bangladesh is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, it is unclear if the plaintiff in that suit will be able to serve TWL and Greenberg, let alone have jurisdiction over them in Bangladesh. To date, no service has been accomplished, nor is it alleged. Additionally, the fact that the shipper may have brought suit against TWL and Greenberg for non-payment of the goods does not bolster plaintiff's claims of standing – it negates them, as it is clear only one party can have the ability to sue for and collect on the non-payment of the goods. Plaintiff is deliberately silent as to whether it had notice of such action prior to its filing of the Second Amended Complaint. Given that the Bangledesh suit documents annexed to plaintiff's opposition papers appear to be dated January 12, 2015, it is logical to conclude that plaintiff had notice of the suit prior to filing its Second Amended Complaint and nevertheless did not include any claim for indemnification or contribution.

Finally, the most specious of plaintiff's arguments for standing is its claim that it may be the subject of governmental regulatory action in Bangladesh. There is no claim that plaintiff is currently the subject of such regulatory action, and even if it were, the same does not provide a basis of standing against the defendants for claims such as breach of contract, unjust enrichment or the other laundry list of meritless claims contained in the Second Amended Complaint.

In sum, it is undisputed that there is no relationship, whether contractual or otherwise, between plaintiff on the one hand, and TWL and Greenberg on the other; plaintiff likewise does not plead a relationship between the shippers on the one hand, and TWL and Greenberg on the other -- again because none exist. As a result, there is no allegation upon which to conclude that

3

plaintiff holds any cause of action against TWL or Greenberg, as there is no direct relationship (whether contractual or otherwise) between these parties, or between the shippers and TWL or Greenberg. As a result, plaintiff lacks standing and the Second Amended Complaint should be dismissed against TWL and Greenberg.

## POINT II

### THE PLEADINGS DEMONSTRATE THAT TWL AND GREENBERG LACK ANY LIABILTY

Plaintiff fails to set forth any meaningful analysis to support its conclusion that all of the claims it asserts against TWL and Greenberg have any merit. Plaintiff does not address any of the legal authority set forth in Point II of defendant's June 25, 2015 Memorandum of Law, nor does it point this Court to any authority to support its baseless claims. The defendants respectfully refer this Court to Point II of the June 25, 2015 Memorandum of Law for a full and complete analysis of the deficiencies in plaintiff's pleading.

## POINT III

### THE MOTION IS RIPE

Plaintiff's claim that the defendants cannot move for either judgment or the pleadings or to dismiss is incorrect. Although the defendants' answer contains a cross-claim against the co-defendants, the same should not preclude this Court's consideration of the instant motion. First, the pleadings are closed with respect to defendant JDE Associates, LLC ("JDE"), as said defendant has failed to answer or appear and plaintiff has filed an application for a certificate of default against JDE. See, Docket Entry No. 48. Second, defendant Israel Discount Bank of New York has simultaneously moved to dismiss the Second Amended Complaint. Should the Court grant this motion, then the cross-claims against it will be moot. Finally, the pleadings are closed as between plaintiff and the moving defendants, and any response to the cross-claims filed by

4

Israel Discount Bank of New York will not give rise to any right on behalf of plaintiff to or of the moving defendants to amend the pleadings. In sum, the lack of a response to the cross-claim for indemnification is of no moment and no impact on the lack of merit of plaintiff's Second Amended Complaint.

Moreover, plaintiff cannot have its cake and eat it too, by claiming that the moving defendants cannot move for judgment on the pleadings because the pleadings are allegedly not closed, and simultaneously claiming that defendants cannot move to dismiss pursuant to F.R.C.P. 12(b)(6) because these defendants answered the complaint. Defendants sought permission to file the instant motion from the Court via its pre-motion letters dated April 21, 2015 and May 28, 2015, and the Court by order dated June 5, 2015 permitted the same. As a result, plaintiff's argument should be rejected.

## POINT IV

### THE COURT SHOULD DENY PLAINTIFF'S REQUEST TO FILE YET ANOTHER AMENDED PLEADING

Plaintiff's request for leave to file another amended pleading to correct the blaring deficiencies in its Second Amended Complaint should be rejected. Plaintiff was given the opportunity by this Court to address the deficiencies in the Amended Complaint as set forth in the parties' letters dated April 17, 2015 and April 21, 2015. Instead of acknowledging the lack of merit to its claims, or pleading facts that address the issues raised in such letters, plaintiff merely added two completely conclusory and bald allegations to its complaint, which necessitated the instant motion. It is clear from plaintiff's Second Amended Complaint and its submission to this Court in opposition to the instant motion that the plaintiff lacks any factual or legal basis to support this action or the claims asserted as against TWL and Greenberg.

While plaintiff claims that there has been no delay in seeking leave to replead, the same is inaccurate. This action as commended on February 5, 2015. Plaintiff does not provide this Court with any reason why it could not properly plead standing or a cause of action prior to now. With respect to the alleged indemnification and contribution claims plaintiff now believes it holds, it fails to advise this Court when it first learned of the alleged basis for the same, or why it did not include it in the Second Amended Complaint, dated May 19, 2015.

As a result, leave to replead should be denied.

## CONCLUSION

As the freight documents annexed to the answer of TWL and Greenberg clearly demonstrate, plaintiff, who is admittedly a freight forwarder, lacks standing to bring this action. The damages, if any, caused by non-payment for the goods in question upon arrival at the Port of Los Angeles were sustained by the suppliers of the goods in question (who are not parties to this action), and not by the plaintiff.  Likewise, plaintiff lacks an interest in the cargo that is the subject matter of this action and therefore has no justicable interest.  Furthermore, to the extent any damages were sustained because of non-payment for the goods in question, they were not caused by TWL or Greenberg, who solely acted in the capacity of third-party logistics provider and lacked custody or control over the subject goods at any time, and had no hand in the release of the goods from the carrier to JDE.  As a result, the Second Amended Complaint should be dismissed against defendants TW Logistics, LLC and Shlomo Greenberg in its entirety.

Dated: Woodbury, New York
       July 30, 2015

BERGER, FISCHOFF & SHUMER, LLP

By: _____
Laurie Sayevich Horz, Esq. (LSH-3183)
40 Crossways Park Drive
Woodbury, New York 11797

(516) 747-1136
lsayevich@bfslawfirm.com

LAW OFFICES OF
STUART M. STEINBERG P.C.
Stuart M. Steinberg, Esq.
2 Rodeo Drive
Edgewood, New York 11717
(631) 715-4160
ssteinberg@steinbergpc.net

WILCOX & SAVAGE P.C.
Leonard L. Fleisig, Esq. (LF-2198)
440 Monticello Avenue
Suite 2200
Norfolk, Virginia 23513
(757) 628-5605
lfleisig@wilsav.com

Co-Counsel for Defendants
TW Logistics, LLC and Shlomo Greenberg

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NAVANA LOGISTICS LIMITED,

                    Plaintiff,                    **CERTIFICATE**
-against-                                      **OF SERVICE**

TW LOGISTICS, LLC, SHLOMO GREENBERG,    Civil Action No. 15-cv-00856
JDE ASSOCIATES LLC; ISRAEL DISCOUNT
BANK OF NEW YORK,

                    Defendant.
-------------------------------------------------------------X

        I hereby certify that on July 30, 2015, a true and correct copy of the foregoing Reply Memorandum of Law was served and filed in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

Rick A. Steinberg, Esq.
Nowell Amoroso Klein Bierman, P.A.
155 Polify Road
Hackensack, New Jersey 07601

Jantra Van Roy, Esq.
David S.S. Hamilton, Esq.
Zeichner Ellman & Krause LLP
1211 Avenue of the Americas
New York, New York 10036

Dated: Woodbury, New York
         July 30, 2015

                                                                                   _____
                                                                                   Laurie Sayevich Horz, Esq. (LSH-3183)