Jantra Van Roy
David S.S. Hamilton
Zeichner Ellman & Krause LLP
Attorneys for Plaintiff
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAVANA LOGISTICS LIMITED,<br><br>Plaintiff,<br><br>- against -<br><br>TW LOGISTICS, LLC, t/a TRANSWORLD LOGISTICS; SHLOMO GREENBERG; JDE ASSOCIATES LLC; ISRAEL DISCOUNT BANK OF NEW YORK,<br><br>Defendants. | Civil Action No. 15-cv-856 (PKC) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT ISRAEL DISCOUNT BANK OF NEW YORK'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 223-0400

# TABLE OF CONTENTS

POINT I     PLAINTIFF ALLEGES NO FACTS TO ESTABLISH ITS PRIVITY WITH, OR STANDING TO ASSERT A CLAIM AGAINST, IDB .................................................................................................... 1

POINT II     THE COMPLAINT DOES NOT STATE A CLAIM AGAINST IDB UPON WHICH RELIEF CAN BE GRANTED .................................................................................................. 2

      A.     The Complaint should be dismissed as it does not state a wrongful dishonor claim against IDB ....................................................... 2

      B.     Plaintiff's remaining causes of action are abandoned by Plaintiff, and not adequately pleaded as to IDB and must be dismissed ........................................................................................ 3

POINT III     RULE 12(B)(7) REQUIRES DISMISSAL OF THE COMPLAINT ............................................................................................... 3

POINT IV     DISMISSAL OF THE COMPLAINT SHOULD BE WITH PREJUDICE .................................................................................................. 3

CONCLUSION ................................................................................................................ 4

## POINT I

## PLAINTIFF ALLEGES NO FACTS TO ESTABLISH ITS PRIVITY WITH, OR STANDING TO ASSERT A CLAIM AGAINST, IDB

Plaintiff has alleged no facts that could even arguably demonstrate its privity with IDB or standing to assert a claim against IDB. Instead, Plaintiff briefs its present (extrinsic) circumstances concerning (i) a similar lawsuit brought by one of the "suppliers" against Plaintiff, TWL, Greenberg and JDE, as well as (ii) a Bangladeshi government inquiry into its freight forwarder license due to Plaintiff's failure to pay the suppliers. See Khondaker Decl. ¶¶ 19-24. Plaintiff seems to be arguing that this Court should deem it to be in contractual privity with IDB simply because IDB issued a letter of credit to *someone*. Plaintiff identifies no beneficiary of any such IDB letter of credit. Plaintiff's mere assertion that it stands in the shoes of "suppliers" does not make it so, nor does Plaintiff even allege that such suppliers have privity with IDB. See Khondaker Decl. ¶ 26. Moreover Plaintiff cites no law *whatsoever* in support of its position that it has standing to sue IDB and makes no attempt to distinguish any of the caselaw law cited by IDB requiring dismissal of the Complaint. E.g. MSF Holding, Ltd. v. Fiduciary Trust Co. Int'l, 235 Fed. Appx. 827, 828 (2d Cir. 2007).

As this is clearly a dispute concerning the payment for goods and the underlying commercial transaction, and not dishonor of a letter of credit, the Complaint should be dismissed as to IDB.

## POINT II

## THE COMPLAINT DOES NOT STATE A CLAIM AGAINST IDB UPON WHICH RELIEF CAN BE GRANTED

**A.   The Complaint should be dismissed as it does not state a wrongful dishonor claim against IDB**

By its opposition to IDB's motion, Plaintiff fails to argue or assert, inter alia that (1) there exists a letter of credit issued by IDB for the benefit of Plaintiff (or indeed an identifiable beneficiary); (2) Plaintiff (or even the unspecified "suppliers") timely presented strictly conforming documents to IDB as required by the letter of credit; or (3) that IDB failed to pay Plaintiff "as provided by the letter of credit." Plaintiff identifies one purported supplier (Cleartex Industries Limited) but does not assert that Cleartex was a beneficiary of *any* letter of credit and certainly does not identify which letter of credit. See Khondaker Decl. ¶ 14. Tellingly, Plaintiff admits that it "does not know why all the letters of credit were wrongfully dishonored **or whether they were all presented...**" See Opposition brief p. 13 (emphasis added). This admission alone warrants dismissal of Plaintiff's purported claim of wrongful dishonor.

Moreover, as Plaintiff failed to plead *any* of the necessary elements of a wrongful dishonor claim in its Complaint the wrongful dishonor claim must be dismissed.

2

### B. Plaintiff's remaining causes of action are abandoned by Plaintiff, and not adequately pleaded as to IDB and must be dismissed

Plaintiff has declined to address that part of IDB's motion that establishes that Plaintiff's First (breach of contract Dckt # 31 ¶¶ 31-33), Second (unjust enrichment ¶¶ 33-36), Third (quantum meruit ¶¶ 37-39) and Fourth (account stated ¶¶ 40-43) causes of action must be dismissed as against IDB. See IDB's Moving Brief pp. 8-12. Plaintiff has effectively abandoned these claims.

Consequently, each of the claims asserted by Plaintiff must be dismissed.

## POINT III

### RULE 12(B)(7) REQUIRES DISMISSAL OF THE COMPLAINT

Plaintiff has similarly failed to address that part of IDB's motion at all that seeks dismissal of the Complaint pursuant to Fed R. Civ. P. 12(b)(7). See IDB's Moving Brief pp. 12-14. As only the beneficiary of a letter of credit may assert a wrongful dishonor claim, the Complaint should be dismissed for failure to join the beneficiar(ies) of the relevant letter(s) of credit as indispensible parties.

## POINT IV

### DISMISSAL OF THE COMPLAINT SHOULD BE WITH PREJUDICE

Plaintiff has amended its Complaint twice already and still cannot plead a cause of action against IDB. Plaintiff requests that if the Court "deems the Complaint somehow deficient, Plaintiff should be granted leave to amend the Complaint to add

3

causes of action..." See Plaintiff's Opposition p. 15. Plaintiff has neither moved for nor is entitled to this relief and cites no supporting authority. More importantly, Plaintiff suggests no additional allegations that would allow a new pleading to survive another motion to dismiss. Thus dismissal of the Complaint as against IDB should be with prejudice.[1]

## CONCLUSION

For the foregoing reasons, IDB's motion to dismiss the Complaint should be granted in it entirely, with prejudice.

Dated: New York, New York
July 30, 2015

ZEICHNER ELLMAN & KRAUSE LLP

By: *D Hamilton*
Jantra Van Roy
David S.S. Hamilton
Attorneys for Defendant
  Israel Discount Bank of New York
1211 Avenue of the Americas
New York, New York  10036
(212) 223-0400

---

[1] In MRM Sec. Sys. v. Citibank, N.A., 1997 U.S. Dist. LEXIS 5360 (S.D.N.Y. Apr. 15, 1997) this Court granted Citibank's motion to dismiss a wrongful dishonor of a letter of credit claim with prejudice where Plaintiff "suggests no additional allegations that would allow plaintiff to survive another motion to dismiss."

#814150/3514.055