# MEMO ENDORSED

## KAZLOW & KAZLOW
### ATTORNEYS AT LAW
www.kazlowandkazlow.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-6-15

**NEW YORK OFFICE**
237 W. 35th Street, 14th Floor
New York, NY 10001
Phone: (212) 947-2900
Toll Free: (800) 772-9870
Fax: (212) 563-0629

Gene R. Kazlow, Esq.
Stuart L. Sanders, Esq.
Ingrid Golemi, Esq.

**VERMONT OFFICE**
32 Main Street
Montpelier, VT 05602
Phone: (802) 479-8990
Toll Free: (800) 772-9870
Fax: (802) 223-4689

Alan Rome, Esq.**

**Also admitted in Massachusetts

October 1, 2015

VIA FAX (212) 805-7949 and E-FILING

Hon. P. Kevin Castel
United States District Court Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 12C
New York, NY 10007-1312

*[Handwritten endorsement: File motion on the proposed schedule. SO ORDERED. /s/ P. Kevin Castel USDJ 10-5-15]*

Re: <u>Navana Logistics Limited v. TW Logistics, LLC, et al.</u>
    Case No. 15-cv-856 (PKC)

Dear Judge Castel:

Please be advised that our firm, Kazlow & Kazlow and Maidenbaum & Associates, PLLC ("Maidenbaum & Associates") are each retained to represent the following clients: Adila Apparels; Ample Fashion Ltd.; Clear Tex Industries Limited; Friends & Friends Apparels (PTE) Ltd.; Ifco Garment and Textiles Ltd.; Kent Garments (PTV) Ltd. and Nazia Apparels (the "Factories"), with regard to different defendants.

Our firm was originally retained to investigate and possibly litigate claims against TW Logistics, LLC ("TWL"); JDE Associates LLC ("JDE") and Israel Discount Bank of New York (the "Bank"). To that end, our office wrote a letter to TWL, requesting information regarding various shipments that our clients had sent to their customer, JDE in or about 2014, through Navana Logistics Limited ("Navana") and TWL. TWL's attorneys, Berger, Fishof & Shumer LLP ("BFS") wrote back, refusing to provide the requested information because of the pendency of this lawsuit. Prior to receiving the letter from BFS, our firm had no knowledge of the pending lawsuit and neither did our clients. Since we received the letter from BFS we realized that our firm could not proceed against TWL because of a conflict of interest in an unrelated matter. For that reason, Maidenbaum & Associates was retained to represent the Factories against TWL. Our firm will represent the Factories against the remaining defendants.

Hon. P. Kevin Castel
October 1, 2015
Page 2

Our office and Maidenbaum & Associates were contemplating bringing lawsuits on behalf of the Factories against the above-mentioned defendants, however, after reviewing the docket of this case we learned that all the defendants were already joined and that TWL and the Bank had moved to dismiss the action due to Navana's lack of standing.

Having reviewed Navana's Complaint, we learned that Navana has claimed that it represents the interest of our clients. However, our clients are the real parties in interest in this lawsuit. They claim an interest relating to the transactions that are the subject of this action and therefore, disposing of the action may, as a practical matter, impair or impede their ability to protect their interests.

Therefore, we are writing to request permission to bring a joint motion to intervene, to join the Factories as additional plaintiffs in this lawsuit. Fed.Rules Civ.Proc., Rule 24(a)(2). See In re: Bank of New York Derivative Litigation, 320 F3d 291, 300 (2d Cir. 2003).

The Factories propose the following briefing schedule for their proposed motion to intervene:

- The Factories' to file their motion to intervene on or before October 29, 2015;
- Plaintiff and defendants to file oppositions to the Factories' motion, if any, by November 12, 2015;
- The Factories to file a Reply, if any, by November 30, 2015

Thank you for your attention to this matter.

Very truly yours,
KAZLOW & KAZLOW

Gene R. Kazlow

Very truly yours,
MAIDENBAUM & ASSOCIATES, PLLC

Jeffrey A. Maidenbaum

cc:  Rick Aaron Steinberg, Esq. (via e-mail)
     Laurie Sayevich Horz. (via e-mail)
     David Hamilton, Esq. (via e-mail)
     Leonard L. Fleisig, Esq. (via e-mail)
     Stuart Martin Steinberg, Esq. (via e-mail)

Hon. P. Kevin Castel
October 1, 2015
Page 2

Our office and Maidenbaum & Associates were contemplating bringing lawsuits on behalf of the Factories against the above-mentioned defendants, however, after reviewing the docket of this case we learned that all the defendants were already joined and that TWL and the Bank had moved to dismiss the action due to Navana's lack of standing.

Having reviewed Navana's Complaint, we learned that Navana has claimed that it represents the interest of our clients. However, our clients are the real parties in interest in this lawsuit. They claim an interest relating to the transactions that are the subject of this action and therefore, disposing of the action may, as a practical matter, impair or impede their ability to protect their interests.

Therefore, we are writing to request permission to bring a joint motion to intervene, to join the Factories as additional plaintiffs in this lawsuit, Fed.Rules Civ.Proc., Rule 24(a)(2). See In re: Bank of New York Derivative Litigation, 320 F3d 291, 300 (2d Cir. 2003).

The Factories propose the following briefing schedule for their proposed motion to intervene:

- The Factories' to file their motion to intervene on or before October 29, 2015;
- Plaintiff and defendants to file oppositions to the Factories' motion, if any, by November 12, 2015;
- The Factories to file a Reply, if any, by November 30, 2015

Thank you for your attention to this matter.

Very truly yours,
KAZLOW & KAZLOW

Gene R. Kazlow

Very truly yours,
MAIDENBAUM & ASSOCIATES, PLLC

Jeffrey A. Maidenbaum

cc:  Rick Aaron Steinberg, Esq. (via e-mail)
     Laurie Sayevich Horz. (via e-mail)
     David Hamilton, Esq. (via e-mail)
     Leonard L. Fleisig, Esq. (via e-mail)
     Stuart Martin Steinberg, Esq. (via e-mail)