UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NAVANA LOGISTICS LIMITED,                ECF CASE

                Plaintiff,            CASE NO. 15-CV-856 (PKC)

vs.

TW LOGISTICS, LLC, t/a TRANSWORLD
LOGISTICS; SHLOMO GREENBERG;
JDE ASSOCIATES LLC;
ISRAEL DISCOUNT BANK OF NEW YORK,

                Defendants.
-----------------------------------------------------------x

## INTERVENORS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO INTERVENE

                                KAZLOW & KAZLOW
                                Attorneys for Intervenors
                                (with respect to claims against
                                defendants JDE Associates LLC and
                                Israel Discount Bank of New York)
                                237 West 35th Street, 14th Floor
                                New York, NY 10001
                                Tel.: (212) 947-2900
                                Fax: (212) 563-0629

                                MAIDENBAUM & ASSOCIATES, PLLC
                                Attorneys for Intervenors
                                (with respect to claims against
                                defendant TW Logistics, LLC
                                t/a Transworld Logistics
                                1 Broadcast Plaza
                                Merrick, NY 11566
                                Tel.: (212) 619-6401
                                Fax: (516) 223-7096

# TABLE OF CONTENTS

| | |
|---|---:|
| Table of Authorities | ii |
| Preliminary Statement | 1 |
| THE FACTS | 1 |
|     Procedural History and Status of the Action | 1 |
|     The Intervenors' Discovery of the Pendency of this Action | 2 |
|     The Intervenors' Claims | 3 |
| ARGUMENT | 7 |
|     POINT ONE | 7 |
|         THE INTERVENORS ARE ENTITLED TO INTERVENE IN THIS ACTION AS OF RIGHT, OR ELSE THEY SHOULD BE GRANTED PERMISSION TO INTERVENE. | |
| Conclusion | 13 |

# TABLE OF AUTHORITIES

**Cases:**

| | |
|---|---|
| Datas Industries Limited, 2000 WL 1597843 (S.D.N.Y. 2000) | 12 |
| Diduck v. Kaszycki & Sons Contractors, Inc., 149 F.R.D. 55 (S.D.N.Y. 1993) | 10 |
| Floyd v. City of New York, 770 F.3d 1051 (2d Cir. 2014) | 8, 9 |
| Hartford Fire Ins. Co. v. Mitlof, 193 F.R.D. 154 (S.D.N.Y. 2000) | 10 |
| Independent Machinery, Inc. v. Khehne & Nagel, Inc., 867 F. Supp. 752 (N.D. Ill. 1994) | 12 |
| In re Pandora Media, Inc. v. American Society of Composers, Authors, and Publishers, 2013 WL 6569872 (S.D.N.Y. 2013) | 9, 10 |
| New Jersey Carpenters Health Fund v. Residential Capital, LLC, 2010 WL 5222127 (S.D.N.Y. 2010) | 10 |
| "R" Best Produce, Inc. v. Shulman-Rabin Marketing, Corp., 467 F.3d 238 (2d Cir. 2006) | 8 |
| Wells Fargo Bank, N.A. v. Wales LLC, 2014 WL 4672395 (S.D.N.Y. 2014) | 11 |
| XL Specialty Ins. Co. v. Lakian, 2015 WL 273660 (S.D.N.Y. 2015) | 10 |

**Statutes and Rules:**

| | |
|---|---|
| Fed. R. Civ. P. Rule 24(a) | 1 |
| Fed. R. Civ. P. Rule 24(a)(2) | 7, 8 |
| Fed. R. Civ. P. Rule 24(b) | 1 |
| Fed. R. Civ. P. Rule 24(b)(1)(B) | 8 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NAVANA LOGISTICS LIMITED,                ECF CASE

                Plaintiff,         CASE NO. 15-CV-856 (PKC)

vs.

TW LOGISTICS, LLC, t/a TRANSWORLD
LOGISTICS; SHLOMO GREENBERG;
JDE ASSOCIATES LLC;
ISRAEL DISCOUNT BANK OF NEW YORK,

                Defendants.
-----------------------------------------------------------x

## INTERVENORS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE

### Preliminary Statement

The proposed intervenors, Adila Apparels ("Adila"), Ample Fashion Ltd. ("Ample"), Cleartex Industries Limited ("Cleartex"), Friends & Friends Apparels (PTE) Ltd. ("Friends"), Ifco Garment and Textiles Ltd. ("Ifco"), Kent Garments (PVT) Ltd. ("Kent") and Nazia Apparels ("Nazia")(jointly, the "Intervenors"), by their attorneys, Kazlow & Kazlow and Maidenbaum & Associates, PLLC, respectfully submit this Memorandum of Law in support of their motion to intervene in this action pursuant to Fed. R. Civ. P. Rule 24(a) or (b).

### THE FACTS

The relevant facts are set forth in the Declarations of Mazibur Rahman Mazumder and Stuart L. Sanders, Esq., and in the exhibits annexed thereto.

### Procedural History and Status of the Action

This action was commenced on or about February 5, 2015 (Sanders Dec., p. 2, par. 3). Since its commencement, plaintiff, Navana Logistics Limited ("Navana"), has twice amended its

original Complaint (Sanders Dec., p. 2, par. 3; Sanders Ex. A). Defendants TW Logistics, LLC ("TWL") and Shlomo Greenberg filed an Answer with Cross-Claims in response to the Second Amended Complaint on or about June 8, 2015 (Sanders Dec., p., 2, par. 3; Sanders Ex. B). They then moved to dismiss the Second Amended Complaint in a motion filed on or about June 26, 2015 (Sanders Dec., p. 2, par. 3; Sanders Ex. C). Defendant Israel Discount Bank ("IDB") also moved to dismiss the Second Amended Complaint in a separate motion filed on or about June 26, 2015 (Sanders Dec., p. 2, par. 3; Sanders Ex. D). Both motions appear to have been fully briefed, but have not yet been decided (Sanders Dec., p. 2., par. 3).

In the meantime, a Clerk's Certificate of Default was filed with respect to defendant JDE Associates LLC ("JDE") on or about August 26, 2015 (Sanders Dec., p. 2, par. 4; Sanders Ex. E). Navana filed a proposed Default Judgment against that defendant on or about August 27, 2015 (Sanders Dec., p. 2, par. 4; Sanders Ex. F). However, the Clerk subsequently noted on the docket that the proposed Default Judgment was improperly filed, and it does not appear that a default judgment has been entered against JDE (Sanders Dec., p. 2, par. 4).

To date, no case management order has been issued in this action, and it appears that no discovery has been had (Sanders Dec., pp. 2-3, par. 5).

### The Intervenors' Discovery of the Pendency of this Action

In its Second Amended Complaint, Navana alleges that it "stands in the shoes" of certain suppliers of goods to JDE in asserting its claims against JDE, TWL and IDB (Sanders Dec., p. 3, par. 6; Sanders Ex. A, p. 4, par. 20). The appended exhibit to the Second Amended Complaint establishes that the Intervenors are those suppliers (Sanders Dec., p. 3, par. 6; Sanders Ex. A, p. 11).

Nevertheless, the Intervenors were not aware of, and did not authorize the commencement of this action (Mazumder Dec., p. 5, par. 16). After this action was commenced, the Intervenors retained the law firm of Kazlow & Kazlow to investigate what happened to their goods (Sanders Dec., p. 3, par. 7). Mr. Sanders therefore wrote to Shlomo Greenberg, of TWL, requesting an accounting (Sanders Dec., p. 3, par. 7). In response, Mr. Sanders received a letter from one of TWL's attorneys, Laurie Sayevich Horz, Esq., informing him that TWL declined to answer his inquiry because of the pendency of this action (Sanders Dec., p. 3, par. 7; Sanders Ex. G).

Since they did not authorize Navana to represent their interests in this action, and fear that Navana cannot adequately protect those interests without their active participation, the Interenors are concerned that this action may lead to a negative outcome that would establish a precedent that could damage their ability to separately pursue their claims (Mazumder Dec., p. 5, par. 16).

### The Intervenors' Claims

The Intervenors are all clothing manufacturers located in Chittagong, Bangladesh (Mazumder Dec., p. 1, par. 2). In or about late 2013 and 2014, the Intervenors manufactured and shipped articles of childrens clothing to defendant JDE (Mazumder Dec., pp. 1-2, par. 2). Some of the goods were ordered directly by JDE from the Intervenors, and the rest were manufactured pursuant to partial assignments of orders placed by JDE with another Bangledeshi manufacturer named Orange Design Ltd. (Mazumder Dec., p. 2, par. 2).

Except with respect to Ample's transaction, JDE opened letters of credit through IDB to secure payment for the Intervenors' goods (Mazumder Dec., p. 2, par. 3). The Intervenors (other than Ample), were advised of the opening and amendment of the letters of credit by their own

banks in Chittagong (Mazumder Dec., p. 2, par. 3).

In Ample's case, the contract of sale specified that "PAYMENT TERMS WILL BE T/T AFTER SHIPMENT. BILL OF LADING WILL BE RELEASED UPON RECEIPT OF T/T PAYMENT" (Mazumder Dec., p. 2, par. 4; Mazumder Ex. B). A "T/T payment" is a "telegraphic transfer" or "telex transfer" (Mazumder Dec., p. 2, par. 4). In modern business usage, it means a wire transfer by any means (Mazumder Dec., p. 2, par. 4).

When the Intervenors' goods were ready for shipment, they were delivered to the Bangladeshi freight forwarder designated by JDE, *i.e.* Navana, in Chittagong (Mazumder Dec., p. 2, par. 5). Navana sent each shipment from Chittagong to the Port of Los Angeles, California, via ocean freight, using a shipping company named Hanjin Shipping ("Hanjin")(Mazumder Dec., p. 2, par. 5). In addition, since Navana has no office in the United States, Navana arranged for defendant TWL to act as the "Destination Agent" to oversee the release and delivery of the Intervenors' goods to JDE (Mazumder Dec., p. 2, par. 5). The Intervenors relied on TWL to perform that job with due care (Mazumder Dec., p. 2, par. 5).

After delivering their goods to Navana, the Interevenors (other than Ample) applied to IDB, through banking channels, for payment under the letters of credit which had been opened by JDE (Mazumder Dec., p. 2, par. 6). However, IDB advised the Intervenors, again through banking channels, that it would not pay the Intervenors under the letters of credit due to various "discrepancies" which JDE refused to waive (Mazumder Dec., pp. 2-3, par. 6). After delivering its goods to Navana, Ample awaited a T/T payment from JDE, but the payment was never received (Mazumder Dec., p. 3, par. 7).

Eventually, eighteen of the original bills of lading issued by Navana for the Intervenors'

4

shipments to JDE were returned to the Intervenors, whose commercial invoices for the goods sent in those shipments remain unpaid (Mazumder Dec., p. 3, par. 8). None of the goods related to the eighteen bills of lading were returned to the Intervenors (Mazumder Dec., p. 3, par. 9). Although Navana reported that some of the goods were being stored in the Port of Los Angeles due to non-submission of duly endorsed original bills of lading by JDE, and were incurring daily storage and demurrage charges, the Intervenors subsequently learned, through the Cargo Tracking feature on Hanjin's Internet web site, that all of the containers related to the eighteen bills of lading had been returned empty to Hanjin, and that all but one of the containers had listed customs clearance dates (Mazumder Dec., p. 3, par. 9). It therefore appears to the Intervenors that JDE was able to obtain possession of the Intervenors' goods without the original bills of lading (Mazumder Dec., p. 3, par. 9). The Intervenors contacted TWL seeking clarification as to the fate of their goods, but did not receive a satisfactory explanation (Mazumder Dec., p. 3, par. 9).

Documentation of these transactions appears in Mazumder Exhibits "A," "B," "C," "D," "E," "F" and "G," each of which is a packet of documents relating to the shipments sent respectively by Adila, Cleartex, Friends, Ifco, Kent and Nazia to JDE (Mazumder Dec., p. 3, par. 10). The packets include the commercial invoices and packing lists issued by the Intervenors, the bills of lading issued by Navana, printouts of the Hanjin tracking pages for each shipping container listed in the bills of lading and, except in Ample's packet, the letters of credit opened by JDE through IDB (Mazumder Dec., pp. 3-4, par. 10). Instead, Ample's packet contains a copy of the Contract between Ample and JDE (Mazumder Dec., p. 4, par. 10).

The seventeen unpaid commercial invoices in the exhibits, which indicate that the

5

Intervenors' goods were sold to JDE on F.O.B. terms, show that the following amounts are owed by JDE to the Intervenors: Adila, five invoices totaling $292,816.80 U.S.D.; Ample, one invoice totaling $60,348.00 U.S.D.; Cleartex, one invoice totaling $79,045.20 U.S.D.; Friends, two invoices totaling $144,210.30 U.S.D.; Ifco, four invoices totaling $329,267.28 U.S.D.; Kent, three invoices totaling $183,456.00 U.S.D.; and Nazia, one invoice totaling $76,920.00 U.S.D. (Mazumder Dec., p. 4, par. 11; Mazumder Ex. A, B, C, D, E, F and G). Altogether, the Intervenors' seventeen unpaid invoices total $1,166,063.59 (Mazumder Dec., p. 4, par. 11). In addition, Adila, Ifco and Kent are in possession of finished goods valued at a total of approximately $246,982.00 that they manufactured pursuant to JDE's orders, as follows: Adila - $87,912.00; Ifco - $71,158.00 and Kent - $87,912.00 (Mazumder Dec., p. 4, par. 12). JDE failed to authorize shipment of those goods, but also had its attorney send a letter taking the position that the goods could not be sold to third parties (Mazumder Dec., p. 4, par. 12).

Pursuant to the terms of IDB's letters of credit, each of the bills of lading issued by Navana in the transactions relevant to the letters of credit had to be consigned to the order of the Intervenor's banks in Bangladesh, and then endorsed to IDB (Mazumder Dec., p. 4, par. 13; Mazumder Ex. A, C, D, E, F and G). Thus, the fronts of the eighteen bills of lading in the exhibits all indicate that the Intervenors' shipments were consigned to the Intervenor's banks, and are stamped "Bank Release Required" (Mazumder Dec., p. 4, par. 13; Mazumder Ex. A, C, D, E, F and G). The endorsements to IDB, are stamped and handwritten onto the backs of the bills of lading that are relevant to IDB's letters of credit (Mazumder Dec., pp. 4-5, par. 13; Mazumder Ex. A, C, D, E, F and G) In addition, the front of each bill of lading expressly notes TWL's role as the "Destination Agent" (Mazumder Dec., p. 5, par. 13; Mazumder Ex. A, B, C,

6

D, E, F and G).

The Arrival Notices appended by TWL to its Answer with Cross-Claims (Sanders Ex. B), all informed JDE that an original house bill of lading or a telex release was necessary for the release of the Intervenors' goods. The Intervenors relied on TWL and IDB to ensure that their goods were not released to JDE without payment (Mazumder Dec., p. 5, par. 14). Since it appears that the Intervenors goods were released to JDE, and cleared customs, the Intervenors seek an accounting from TWL and IDB as to how that happened, and seek compensation from TWL and IDB for any intentional misconduct or negligence on their part that may be disclosed (Mazumder Dec., p. 5, par. 15).

## ARGUMENT

### POINT ONE

**THE INTERVENORS ARE ENTITLED TO INTERVENE IN THIS ACTION AS OF RIGHT, OR ELSE THEY SHOULD BE GRANTED PERMISSION TO INTERVENE.**

Since the Intervenors are the suppliers in whose "shoes" Navana claims to stand in its Second Amended Complaint, it is the Intervenors position that they are the real party in interest in this action, and that they are therefore entitled to intervene as of right under Fed. R. Civ. P. Rule 24(a), which provides in pertinent part as follows:

> **Intervention of Right.** On timely motion, the court must permit anyone to intervene who: ...
>
> (2)    claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

If the Court does not find that the Intervenors are entitled to intervene as of right then the

Intervenors contend that they should, in any event, be granted permission to intervene under Fed. R. Civ. P. Rule 24(b), which provides in pertinent part that:

**Permissive Intervention.**

> (1) *In General.* On timely motion, the court may permit anyone to intervene who:
>
>> (B) has a claim or defense that shares with the main action a common question of law or fact.

"To be granted intervention as of right or by permission, 'an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'" Floyd v. City of New York, 770 F.3d 1051, 1057 (2d Cir. 2014) (quoted source omitted). Thus, "[t]he court considers substantially the same factors whether the claim of intervention is 'of right' under Fed. R. Civ. P. 24(a)(2), or 'permissive' under Fed. R. Civ. P. 24(b)(2)." "R" Best Produce, Inc. v. Shulman-Rabin Marketing, Corp., 467 F.3d 238, 240 (2d Cir. 2006).

The "'timeliness requirement is flexible and the decision is one entrusted to the district judge's sound discretion.' It 'defies precise definition, although it certainly is not confined to strict chronology.' Factors to consider in determining timeliness include: '(a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual ciruemstances militating for or against a finding of timeliness.'" Floyd v. City of New York, supra, 770 F.3d at 1058 (quoted sources omitted).

In this case, although the action, which was commenced in February 2015, is

8

approximately ten months old, it is still in its initial stages. Since TWL, Greenberg and IDF have all moved to dismiss Navana's Second Amended Complaint, no case management order has been issued, and no discovery has been had. It is therefore clear that there will be no prejudice to any of the existing parties if the Intervenors' motion is granted. Furthermore, the Intervenors first learned of the pendency of this action in September 2015, which is only three months ago, and applied for permission to bring this motion on October 1, 2015, which is less than a month after they became aware of its existence. It should therefore be obvious to the Court that this motion is timely.

The second requirement for intervention requires that the Intervenors show an interest in the action that is "'direct, substantial, and legally protectable,'" and not "'remote from the subject matter of the proceeding, or ... contingent upon the occurence of a sequence of events before it becomes colorable ...'" Floyd v. City of New York, supra 770 F.3d at 1060 (quoted source omitted). A financial interest in the subject matter of the action is considered to be "direct, substantial, and legally protectable." In re Pandora Media, Inc. v. American Society of Composers, Authors, and Publishers, 2013 WL 6569872 *8 (S.D.N.Y. 2013).

Here, there can be no question that the Intervenors have a cognizable interest in this action since they are the same clothing manufacturers in whose "shoes" Navana claims to stand. It was their goods that were shipped to JDE, it is they who did not get paid, and it is they whose goods were released to JDE, or someone else, without the original bills of lading. Thus, the Intervenors are the real parties in interest in this action, and need to intervene in this action so that they can protect that interest. Certainly, the requirement that "'the interest ... must be based on a right which belongs to the proposed intervenor rather than an existing party to the suit'"

[New Jersey Carpenters Health Fund v. Residential Capital, LLC, 2010 WL 5222127 *4 (S.D.N.Y. 2010)(quoted source omitted)], is satisfied in this case.

With respect to the third factor for intervention, *i.e.* potential impairment of the applicant's interest, it has been noted that "impairment of interest analysis looks to 'the practical disadvantage suffered, and does not require the would-be intervenor to go so far as to show that *res judicata* principles would affect any later suit they might bring.'" XL Specialty Ins. Co. v. Lakian, 2015 WL 273660 *10 (S.D.N.Y. 2015)(quoted source omitted). Rather, the applicant need only show that it "'is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede [its] ability to protect its interest.'" Id. (quoted source omitted). Thus, the the requirement of potential impairment can be satisfied if an adverse decision in the action may impair the applicants' ability to protect its interest due to the principal of *stare decisis*. Hartford Fire Ins. Co. v. Mitlof, 193 F.R.D. 154,161-62 (S.D.N.Y. 2000); Diduck v. Kaszycki & Sons Contractors, Inc., 149 F.R.D. 55,58 (S.D.N.Y. 1993).

Moreover, it has been noted that the potential impairment requirement "heavily overlaps with the 'substantial intersest' and the 'adequate representation' prongs of the test," because a "party whose interest is at stake in litigation and is not adequately represented is likely to suffer impairment in its ability to protect its interest." In re Pandora Media, Inc. v. American Society of Composers, Authors, and Publishers, supra, 2013 WL 6569872 at *9. "'Evidence of inadequate repesentation includes such factors as (1) collusion; (2) adversity of interest; (3) possible nonfeasance; or (4) incompentence.' ... 'The requirement ... is satisfied if the applicant shows that representation of his interest "may be" inadequate[.] ... [T]he burden of making that showing should be treated as minimal.' ... '[T]he weight of the responsibility for demonstrating adequate

representation [generally fall[s] on the opposing party.'" Wells Fargo Bank, N.A. v. Wales LLC, 2014 WL 4672395 *3 (S.D.N.Y. 2014).

In the circumstances presented, the Court should easily conclude that the Interevenors are not adequately represented in this action by Navana, and that their ability to protect their interest in the subject matter of this action may be impaired if the case is decided adversely to the claims that Navana has asserted. Firstly, although it has alleged that it stands in the Intevenors' "shoes" in this action, Navana is actually more closely aligned with JDE and TWL as a potentially adverse party to the Intervenors. After all, Navana was JDE's designated freight forwarder, and TWL was retained by Navana to serve as the "Destination Agent" for the Intervenors' shipments. The Intervenors have not yet learned exactly what happened to the goods that they shipped, and it may very well turn out, when an accounting is given, that Navana bears some responsibility for the release of the Intervenors' goods to JDE. For that matter, since the Intervenors do not control Navana, and are located thousands of miles away from this Court, they would have no effective way of monitoring the disposition of any moneys collected from the defendants if Navana, rather than the Intervenors, is awarded a money judgment in this action.

Secondly, Navana initiated this case on its own, without the Intervenors' knowledge, consent or authorization. Since the Intervenors are the real parties in interest, Navana would, in any event, need their active participation to prevail in this litigation. Since the Intervenors are all located in Chittagong, Bangladesh, which is far beyond the jurisdiction of this Court, Navana could not simply subpoena the Intervenors to come to this Court with their witnesses and records. Furthermore, the defendants, in their motion papers, and in the Answer with Cross-Claims filed by TWL and Greenberg, have challenged Navana's standing to sue and raised its failure to join

11

indispensable parties, *i.e.* the Intervenors, as a defense.

Thirdly, the defendants, in their respective motions to dismiss, have asserted that they bear no liability with respect to the damages suffered by the Intervenors. TWL claims that it is not responsible because it was only the "Destination Agent." IDB contends that it is not liable because their were "discrepancies" appearing in the papers submitted by the Intervenors under the relevant letters of credit. The Intervenors take the position, on the other hand, that TWL and IDB were fiduciaries who controlled the release of the Intervenors' goods to JDE, and should be therefore be held to account for the release of those goods in the absence of original bills of lading or payment in full, and to compensate the Intervenors if the release turns out to have been caused by their culpable conduct.[1] However, the Intervenors' ability to litigate that issue could be seriously impaired, by the principle of *stare decisis*, if a finding is made, in the Intervenors' absence, that the TWL and IDB bear no liability here as a matter of law.

Accordingly, the Court should conclude that all of the requirements for intervention have been met, and that the Intervenors either have the right to intervene, or else should be permitted to do so as a matter of discretion.

---

[1] In general, a carrier and its agents may be held liable to a shipper when they release goods to a consignee without presentation of an original bill of lading. See Datas Industries Limited, 2000 WL 1597843 *2-4 (S.D.N.Y. 2000). While TWL, in its motion for dismissal of the Second Amended Complaint, relies the case of Independent Machinery, Inc. v. Khehne & Nagel, Inc., 867 F. Supp. 752 (N.D. Ill. 1994) in arguing that it can not be held liable because it was merely a "destination agent," the issue in that case was whether such an agent can be deemed a "freight forwarder" for the purposes of a claim under the "Carmack Amendment" (49 U.S.C. § 11707), which issue is not presented here. The case also involved numerous factual issues that are not present in this case.

## CONCLUSION

### THE INTERVENORS' MOTION TO INTERVENE SHOULD, IN ALL RESPECTS, BE GRANTED.

Dated: New York, New York
December 4, 2015

Repectfully submitted,

Stuart L. Sanders, Esq.
KAZLOW & KAZLOW
Attorneys for Intervenors
(with respect to claims against
defendants JDE Associates LLC and
Israel Discount Bank of New York)
237 West 35th Street, 14th Floor
New York, NY 10001
Tel.: (212) 947-2900
Fax: (212) 563-0629
E-mail: sljban@kazlowandkazlow.com

Carol G. Morokoff, Esq.
MAIDENBAUM & ASSOCIATES, PLLC
Attorneys for Intervenors
(with respect to claims against
defendant TW Logistics, LLC
t/a Transworld Logistics
1 Broadcast Plaza
Merrick, NY 11566
Tel.: (212) 619-6401
Fax: (516) 223-7096
E-mail: cmorokoff@maidenbaum.com

13

To:    Rick A. Steinberg, Esq.
NOWELL AMOROSO KLEIN BIERMAN, P.A.
Attorneys for Plaintiff
155 Polifly Road
Hackensack, NJ 07601

Laurie Sayevich Horz, Esq.
BERGER, FISCHOFF & SHUMER LLP
Attorneys for Defendants
TW Logistics LLC and
Shlomo Greenberg
40 Crossways Park Drive
Woodbury, NY 11797

Jantra Van Roy, Esq.
David S.S. Hamilton, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
Attorneys for Defendant
Israel Discount Bank of New York
1211 Avenue of the Americas
New York, NY 10036

JDE Associates LLC
Defendant
1407 Broadway, 30th Floor
New York, NY 10018