Jantra Van Roy
David S.S. Hamilton
Zeichner Ellman & Krause LLP
Attorneys for Defendant
*Israel Discount Bank of New York*
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAVANA LOGISTICS LIMITED,<br><br>                Plaintiff,<br><br>- against -<br><br>TW LOGISTICS, LLC, t/a TRANSWORLD LOGISTICS; SHLOMO GREENBERG; JDE ASSOCIATES LLC; ISRAEL DISCOUNT BANK OF NEW YORK,<br><br>                Defendants. | Civil Action No. 15-cv-856 (PKC) |

# MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION TO INTERVENE

ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 223-0400

# TABLE OF CONTENTS

TABLES OF AUTHORITIES ..................................................................................ii

PRELIMINARY STATEMENT ............................................................................. 1

PROCEDURAL HISTORY ..................................................................................... 2

THE ALLEGATIONS OF INTERVENORS' COMPLAINT ................................. 2

ARGUMENT ............................................................................................................ 4

      Limiting Intervention is Appropriate ............................................................ 4

POINT I    THE PROPOSED CLAIMS AGAINST IDB ARE FUTILE ..................... 4

    A.    All of The Proposed Intervenors' Purported Claims Are
          Futile Based on N.Y. U.C.C. § 5-108(f) ......................................... 5

    B.    The Proposed Intervenors' Complaint Fails to State a Claim
          Against IDB ..................................................................................... 5

          1.    The Complaint Does Not State A Claim For Equitable
               Accounting Or Breach Of Fiduciary Duty ......................... 6

          2.    The Intervenors Cannot State a Breach of Contract
               Claim ................................................................................... 7

          3.    Intervenors Cannot State A Negligence Claim .................. 8

          4.    Intervenors Cannot State A Conversion Claim .................. 8

CONCLUSION ......................................................................................................... 9

# TABLE OF AUTHORITIES

                                                                             **Page(s)**

**CASES**

3Com Corp. v. Banco do Brasil, S.A.,
   171 F.3d 739 (2nd Cir. 1999) ................................................................................5

Alaska Textile Co., Inc. v. Chase Manhattan Bank, N.A.,
   982 F.2d 813 (2nd Cir. 1992) ................................................................................5

Banco Espirito Santo de Investimento, S.A. v. Citibank, N.A.,
   2003 U.S. Dist. LEXIS 23062, 2003 WL 23018888
   (S.D.N.Y. Dec. 22, 2003) ......................................................................................6

Bath Iron Works Corp. v. WestLB,
   2004 U.S. Dist. LEXIS 6212 (S.D.N.Y. Apr. 2, 2004) ......................................6, 8

Calisch Assocs., Inc. v. Manufacturers Hanover Trust Co.,
   542 N.Y.S.2d 644 .................................................................................................8

Cent. Ill. Energy, L.L.C. v. Rafool (In re Cent. Ill. Energy, L.L.C.),
   482 B.R. 772 (Bankr. C.D. Ill. 2012) ...................................................................5

Chevron Corp. v. Donziger,
   2011 U.S. Dist. LEXIS 57573 (S.D.N.Y. May 31, 2011) ....................................4

Dairy Queen, Inc. v. Wood,
   369 U.S. 469 (1962) .............................................................................................7

Dulien Steel Prods., Inc. v Bankers Trust Co.,
   298 F2d 836 (2d Cir 1962) ...................................................................................8

Flickinger v. Harold C. Brown & Co., Inc.,
   947 F.2d 595 (2d Cir. 1991) .................................................................................6

In re Merrill Lynch & Co., Inc. Research Reports,
   Nos. 02 MDL 1484 (JFK), 02 Civ. 8472 (JFK), 2008 U.S. Dist. LEXIS
   53923, 2008 WL 2594819 (S.D.N.Y. June 26, 2008) .........................................4

Kramer v. Lockwood Pension Servs.,
   653 F. Supp. 2d 354 (S.D.N.Y. 2009) ..................................................................7

Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.,
   87 F.3d 44 (2d Cir. 1996) .....................................................................................6

Palazzo v. Palazzo,
    121 A.D.2d 261 (1st Dept. 1986) ............................................................................6

Police & Fire Ret. Sys. v. IndyMac MBS, Inc.,
    721 F3d 95 (2d Cir 2013) ......................................................................................4

Recon/Optical, Inc. v. Government of Israel,
    816 F.2d 854 (2d Cir. 1987) ..................................................................................7

Seanto Exps. v. United Arab Agencies,
    137 F. Supp.2d 445 (S.D.N.Y. 2001) ....................................................................9

Sherman v. Town of Chester,
    2015 U.S. Dist. LEXIS 43322 (S.D.N.Y. Mar. 31, 2015) .....................................4

U.S. v. Glens Falls Newspapers, Inc.,
    160 F.3d 853 (2d Cir. 1998) ..................................................................................4

Wilde v. Wilde,
    576 F.Supp.2d 595 (S.D.N.Y 2008) ......................................................................6

**STATUTES**

N.Y. U.C.C. 5-108(f) ........................................................................................2, 5

**RULES**

Fed. R. Civ. Pro. Rule 24 ........................................................................................1

Defendant Israel Discount Bank of New York ("IDB") respectfully submits this memorandum of law in opposition to the motion of proposed intervenors Adila Apparels, Ample Fashion Ltd., Clear Tex Industries Limited, Friends & Friends Apparels (PTE) Ltd., Ifco Garment and Textiles Ltd., Kent Garments (PVT) Ltd., Nazia Apparels (collectively the "Intervenors"), to the extent they seek leave to intervene in this action pursuant to Fed. R. Civ. Pro. Rule 24 to assert claims against IDB.

## PRELIMINARY STATEMENT

The Intervenors claim to be the sellers of goods to defendant JDE Associates LLC ("JDE"). The Intervenors claim they were never paid for the goods and that the goods were wrongfully released by the shipper to JDE or someone else even though the Intervenors had possession of the original bills of lading. The Intervenors seek to assert claims against JDE relating to non-payment. IDB takes no position as to those claims.

The Intervenors seek to assert five common law claims against IDB. In short, Intervenors complain that IDB somehow "permitted" the release of goods even though they admit they themselves had possession of the original bills of lading. (Proposed Complaint ¶¶ 15, 47, 53, 58, 64.) There is simply no factual, legal, or equitable basis to hold IDB responsible for losses allegedly suffered because "the Intervenor's goods were released to JDE or some other party without presentment of the original bills of lading, or payment in full to the Intervenors." (Intervenor's Complaint ¶ 20.) IDB has neither control over, nor the obligation to monitor, shipper conduct.

Accordingly, the Intervenors' motion should be denied. The Intervenors simply allege no facts that could conceivably give rise to a claim against IDB. Moreover, the claims they seek to assert are contrary to N.Y. U.C.C. 5-108(f).

Accordingly, Intervenors' motion should be denied, at least to the extent it seeks leave to assert claims against IDB.

## PROCEDURAL HISTORY

Plaintiff, purportedly a limited liability company incorporated under the laws of Bangladesh (Dckt # 31, Complaint ¶ 1), commenced this action on February 5, 2015 by the filing of a complaint. See Dckt. # 1. Plaintiff filed an Amended Complaint on February 19, 2015 and a Second Amended Complaint on May 19, 2015. See Dckt. ## 5, 31.

IDB moved to dismiss the Second Amended Complaint in June, 2015. See Dckt. ## 50, 53. IDB's motion to dismiss has been fully briefed since July 2015.

In October, 2015 (eight months after this action was commenced) counsel for the Intervenors sought permission to make a motion to intervene (see Dckt. # 57) and on December 4, 2015 filed their motion to intervene with a proposed Intervenors' Complaint. (See Dckt. ## 64, 65-8.)

## THE ALLEGATIONS OF INTERVENORS' COMPLAINT

The Intervenors are purportedly seven clothing manufacturers formed under the laws of Bangladesh (Dckt. # 65-8, Complaint ¶¶ 1-7, second ¶ 2) who allege

2

that in 2013 and 2014 they shipped goods to defendant JDE. Id. second ¶ 4. The Intervenors allege that "JDE opened letters of credit through IDB to secure payment for the Intervenors' goods." Id., p. 4, ¶ 3.

The Intervenors allege that "After delivering their goods to Navana, the Intervenors other than Ample applied to IDB, through banking channels, for payment under the letters of credit which had been opened by JDE." Id. ¶ 12. The Intervenors do not allege how or when payment was "applied for," or that they made any documentary presentation to IDB. Instead, the Intervenors allege that "IDB advised the Intervenors, again through banking channels, that it would not pay the Intervenors under the letters of credit due to various "discrepancies" which JDE refused to waive. Id. ¶ 13. The Intervenors admit that the original bills of lading were returned to them: "Eighteen of the original bills of lading issued by Navana ... were returned to the Intervenors, whose commercial invoices for the goods sent in those shipments remain unpaid." Id. ¶ 15. Finally, the Intervenors allege that seventeen of the commercial invoices issued by the Intervenors to JDE remain unpaid totaling $1,166,063.59. Id. ¶¶ 21-22.

Notably, the Intervenors do not seek to assert a wrongful dishonor claim against IDB.

# ARGUMENT

## Limiting Intervention is Appropriate

It is black letter law that intervention should be limited to permit assertion of only valid claims. See Police & Fire Ret. Sys. v. IndyMac MBS, Inc., 721 F3d 95, 111 (2d Cir 2013) (Denying motion to intervene in part and granting in part only insofar as eleven valid claims were permitted to be asserted); Chevron Corp. v. Donziger, 2011 U.S. Dist. LEXIS 57573, *22-24 (S.D.N.Y. May 31, 2011) (motion to intervene denied in large part and granted only insofar as the intervenor was permitted to engage in limited discovery). There is no question that the Intervenors proposed claims against IDB are not valid.

## POINT I
## THE PROPOSED CLAIMS AGAINST IDB ARE FUTILE

"[F]utility is a proper basis for denying a motion to intervene." Sherman v. Town of Chester, 2015 U.S. Dist. LEXIS 43322, *37-39 (S.D.N.Y. Mar. 31, 2015) *citing* In re Merrill Lynch & Co., Inc. Research Reports, Nos. 02 MDL 1484 (JFK), 02 Civ. 8472 (JFK), 2008 U.S. Dist. LEXIS 53923, 2008 WL 2594819, at *5 (S.D.N.Y. June 26, 2008) (citing authority, e.g., U.S. v. Glens Falls Newspapers, Inc., 160 F.3d 853, 856 (2d Cir. 1998)).

A.  **All of The Proposed Intervenors' Purported Claims
    Are Futile Based on N.Y. U.C.C. § 5-108(f)**

It is black letter law an issuer of a letter of credit "is not responsible for...the performance or nonperformance of the underlying contract, arrangement, or transaction," or "for any act or omission of others." N.Y. U.C.C. § 5-108(f). "The doctrine of independence is designed to make the issuer's payment obligation immune from disputes between the beneficiary and the issuer's applicant." Cent. Ill. Energy, L.L.C. v. Rafool (In re Cent. Ill. Energy, L.L.C.), 482 B.R. 772, 781 (Bankr. C.D. Ill. 2012). The issuer's payment obligation is unaffected by any disputes relating to the underlying commercial transaction between the beneficiary and the applicant. See 3Com Corp. v. Banco do Brasil, S.A., 171 F.3d 739 (2nd Cir. 1999).

An issuing "bank's payment obligation to the beneficiary is primary, direct and completely independent of any claims which may arise in the underlying sale of goods transaction." Id. This independence principle means that a letter of credit "takes on a life of its own," endowing the transaction "with the simplicity and certainty that are its hallmarks." Alaska Textile Co., Inc. v. Chase Manhattan Bank, N.A., 982 F.2d 813, 815-16 (2nd Cir. 1992). Intervenors' claims all seek to hold the bank responsible for conduct of others and are therefore simply not cognizable. U.C.C. § 5-108(f).

B.  **The Proposed Intervenors' Complaint Fails to State a Claim Against IDB**

The Intervenors' Complaint simply fails to state a claim against IDB.

1.  The Complaint Does Not State A Claim For
    <u>Equitable Accounting Or Breach Of Fiduciary Duty</u>

"A fiduciary relationship exists under New York law 'when one person is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relationship.'" <u>Flickinger v. Harold C. Brown & Co., Inc.</u>, 947 F.2d 595, 599 (2d Cir. 1991) (internal citations and alterations omitted). This relationship "must arise from a position of trust or special confidence . . . that impose[s] obligations beyond the express agreements" between the parties. <u>Banco Espirito Santo de Investimento, S.A. v. Citibank, N.A.</u>, 2003 U.S. Dist. LEXIS 23062, 2003 WL 23018888 at *15 (S.D.N.Y. Dec. 22, 2003) (citations omitted). Where a claim of breach of fiduciary duty stems from a letter of credit relationship "the proper performance of which is established solely by the terms of the letter of credit" the claim may not be pleaded. <u>Bath Iron Works Corp. v. WestLB</u>, 2004 U.S. Dist. LEXIS 6212, *11 (S.D.N.Y. Apr. 2, 2004). The Intervenors have not, nor can they, allege facts establishing that IDB owed them a fiduciary duty, and no fiduciary duty arises from the issuance of letter of credit.

In order to sustain an equitable action for accounting under New York law, a plaintiff must show either a fiduciary or confidential relationship with the defendant. <u>Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.</u>, 87 F.3d 44, 49 (2d Cir. 1996) (citing <u>Palazzo v. Palazzo</u>, 121 A.D.2d 261, (1st Dept. 1986)). The purpose of an equitable accounting is to require a fiduciary to show what he did with the principal's property. <u>Wilde v. Wilde</u>, 576 F.Supp.2d 595, 607 (S.D.N.Y 2008). Where

there is no allegation that the goods to be accounted for were entrusted to the defendant the cause of action fails and must be dismissed. Kramer v. Lockwood Pension Servs., 653 F. Supp. 2d 354, 396 (S.D.N.Y. 2009). The U.S. Supreme Court has held that "in order to maintain a suit for an equitable accounting, the plaintiff must be able to show that the accounts between the parties are of such a complex nature that only a court of equity can satisfactorily unravel them. In view of the court's power to appoint a special master to aid the jury in such circumstances, the burden of such a showing will rarely be met." Dairy Queen, Inc. v. Wood, 369 U.S. 469, 478 (1962).

As IDB owes the Intervenors no fiduciary duty and was never entrusted with the goods for which they seek an accounting, Intervenors have not even pled the most basic elements for an equitable accounting. Thus, the Intervenors should not be permitted to assert their purported Sixth and Seventh "Causes of Action" against IDB.

2. The Intervenors Cannot State a Breach of Contract Claim

The Eighth Cause of action purports to assert a claim for a breach of contract. See Intervenors' Complaint ¶¶ 56-61. The only "contract" here are the letters of credit. The Intervenors allege no facts concerning any purported breach by IDB of its sole obligation under the letter of credit: to make payment upon presentation of strictly compliant documents. The issuer's obligation to pay is generally independent of any obligation of the issuer's customer to the beneficiary. Recon/Optical, Inc. v. Government of Israel, 816 F.2d 854 (2d Cir. 1987).

Thus, the proposed breach of contract claim is legally futile.

7

3. <u>Intervenors Cannot State A Negligence Claim</u>

The Second Circuit has long held that a beneficiary to a letter of credit may not assert a negligence claim against an issuing bank. <u>Dulien Steel Prods., Inc. v Bankers Trust Co.</u>, 298 F2d 836, 840 (2d Cir 1962)("The duties of a bank under a letter of credit are created by the document itself, the bank being deprived of any discretion not granted therein.") A relationship with a bank is purely contractual, and an alleged breach of a purported contractual duty does not give rise to a cause of action of negligence. <u>Calisch Assocs., Inc. v. Manufacturers Hanover Trust Co.</u>, 542 N.Y.S.2d 644, 645-46 ("A cause of action for negligence cannot be based on a breach of a contractual duty.") <u>See</u> <u>also</u> <u>Bath Iron Works Corp. v. WestLB</u>, 2004 U.S. Dist. LEXIS 6212, *14 (S.D.N.Y. Apr. 2, 2004) ("Similar to a breach of fiduciary duty claim, in order to properly allege negligence in such a dispute, a legal duty must be shown to exist separate from the duties imposed by the letter of credit").

Here, the Intervenors plead no unique facts that may establish the existence of a duty of care owed by IDB to them or facts sufficient to establish a breach of that duty of care. Thus, the purported "Ninth Cause of Action" is legally futile and the Intervenors should not be permitted to assert it against IDB.

4. <u>Intervenors Cannot State A Conversion Claim</u>

To state a claim for conversion, a plaintiff must allege that "(1) the party charged has acted without authorization, and (2) exercised dominion or a right of ownership over property belonging to another[,] (3) the rightful owner makes a demand

8

for the property, and (4) the demand for the return is refused." Seanto Exps. v. United Arab Agencies, 137 F. Supp.2d 445, 451 (S.D.N.Y. 2001). Here, the Intervenors' Complaint fails to allege any of the foregoing elements as to IDB. Rather, it appears to allege that the purchaser, JDE, somehow managed to obtain possession of certain goods from a shipper without original bills of lading.

For the foregoing reasons, each of the claims the Intervenors seek to assert are legally futile and the Intervenors should not be permitted to assert them against IDB.

## CONCLUSION

IDB's motion to dismiss the Complaint has been fully briefed and IDB is awaiting a decision. IDB respectfully requests that its motion to dismiss be granted and the Intervenors' motion to intervene be denied to the extent they seek leave to assert claims against IDB.

Dated: New York, New York
December 23, 2015

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
Jantra Van Roy
David S.S. Hamilton
Attorneys for Defendant
  Israel Discount Bank of New York
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

#838681/3514.055