UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NAVANA LOGISTICS LIMITED,

                             **Plaintiff,**

    -against-

TW LOGISTICS, LLC, SHLOMO GREENBERG,    Civil Action No. 15-cv-00856
JDE ASSOCIATES LLC; ISRAEL DISCOUNT
BANK OF NEW YORK,    Hon. P. Kevin Castel

                            **Defendant.**
------------------------------------------------------------X

## MEMORANDUM OF LAW IN
## OPPOSITION TO MOTION TO INTERVENE

                                 Respectfully submitted,

                                 BERGER, FISCHOFF & SHUMER LLP
                                 40 Crossways Park Drive
                                 Woodbury, New York 11797
                                 516-747-1136

                                 LAW OFFICES OF
                                 STUART M. STEINBERG P.C.
                                 Stuart M. Steinberg, Esq.
                                 2 Rodeo Drive
                                 Edgewood, New York 11717
                                 (631) 715-4160

                                 WILCOX & SAVAGE P.C.
                                 Leonard L. Fleisig, Esq. (LF-2198)
                                 440 Monticello Avenue
                                 Suite 2200
                                 Norfolk, Virginia 23513
                                 (757) 628-5605

                                 Co-Counsel for Defendants
                                 TW Logistics, LLC and Shlomo Greenberg

## INTRODUCTION

Defendants TW Logistics, LLC (hereinafter "TWL") and Shlomo Greenberg (hereinafter "Greenberg" and at times with TWL collectively referred to as "defendants"), by their attorneys, Berger, Fischoff & Shumer, LLP, submit this Memorandum of Law in opposition of putative plaintiffs' (hereinafter referred to as "Potential Intervenors") motion to intervene.

Potential Intervenors' motion and proposed complaint, much like the plaintiff's Second Amended Complaint, lacks any factual or legal foundation for any claim to be asserted against TWL[1]. In fact, the Potential Intervenors do not have any relationship upon which they could state a claim against TWL, and TWL does not owe the Potential Intervenors any duty under any contract or legal theory. As a result, the Potential Intervenors' motion to intervene as against TWL should be denied.

## FACTS

The facts involved in this case are simple as they pertain to TWL – and demonstrate the lack of any contractual relationship or duty between TWL and the Potential Intervenors. Defendant JDE Associates, LLC ("JDE"), who to date has not answered nor appeared in this matter, contacted TWL and retained TWL to coordinate third-party logistics for the importation of containers of clothing (the "goods") purchased by JDE from the Potential Intervenors in Bangladesh, to be delivered to the port of Los Angeles. See, TWL's Answer, annexed as Exhibit B to the Declaration of Stuart Sanders, Esq. dated December 4, 2015 (Docket Entry Number 65)("Sanders Dec.") at ¶74. The terms of the shipment included the requirement that JDE present at the port of Los Angeles proof of payment for the goods prior to the release of the goods to JDE, including but not limited to the presentation of an original bill of lading or telex

---

[1] According to the claims asserted in its proposed complaint, Potential Intervenors do not seek to assert any claims against Greenberg.

1

confirmation of payment. Sanders Dec., Exhibit B at ¶76. Thus, it is undisputed and, as reflected in the pleadings, that TWL's sole responsibility with respect to the goods upon arrival in Los Angeles was to notify JDE of the goods' arrival, and TWL did so. *Id*, Exhibit B at ¶¶77-78.

Navana previously acknowledged defendant TWL's limited role as the "destination delivery agent" for JDE. See Sanders Dec., Exhibit A at ¶9. The Potential Intervenor's allegation that TWL was retained to "oversee the release and delivery of the Intervenor's goods to JDE" and that the "Intervenor's relied on TWL to perform that job with due care" (see, Potential Intervenors' Memorandum of Law in Support (Docket Entry Number 67) at 4) are not supported by any document. Indeed, the shipping documents contradict these bald claims. The relevant Bills of Lading demonstrate that the goods would be released by the *carrier* of the goods indicated on each Bill of Lading – Hanjin Shipping -- not TWL. See, Sanders Dec., Exhibit B (at Exhibit A annexed thereto). Additionally, and as demonstrated by the documents annexed to defendants' answer, TWL discharged its sole obligation – to provide Arrival Notices alerting JDE of the arrival of the goods at the Port of Los Angeles and advising that "original house b/l or telex release require to release cargo." See, Sanders Dec., Exhibit B at ¶¶77-78 (and at Exhibit A annexed thereto).

As set forth on the Bills of Lading for the shipments, the product was held by the carriers (who, notably, are not named by either the Potential Intervenors or Navana as parties in this action) pending release upon presentation of the Original House Bill of Lading or other indicia that payment was presented for the goods, such as presentment of the letters of credit at issue in this action. TWL had no ability to procure the release of the goods, and there is no allegation that it either had the power to do so, or that it did procure the release. Moreover, there is no allegation that TWL acted in any fashion other than that of arranging third-party logistics for its

customer, JDE, or that TWL had custody or control of the goods in question. Once TWL provided Arrival Notices to JDE, TWL had no further role in the goods, and never possessed, or had the ability to possess, the goods let alone release them to JDE without payment.

Potential Intervenors mistakenly allege that Navana retained TWL to serve as the "Destination Agent". Navana did not retain TWL and the two entities have no relationship with each other whatsoever. Likewise, Potential Intervenors mistakenly attempt to use TWL's affirmative defense of failure to join indispensible parties to demonstrate its right to intervene herein. Such affirmative defense, which was asserted to Navana's complaint, was directed at the carrier or carriers that released the goods without proof of payment or an original bill of lading, and not to the Potential Intervenors.

## ARGUMENT

In order to intervene as of right, a movant must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 128-129 (2d Cir. 2001). Failure to meet any of these requirements is fatal to a motion to intervene under Federal Rule of Civil Procedure 24(a)(2). With respect to permissive intervention under F.R.C.P. 24(b), the movant must have a claim or defense that shares a common question of law or fact with those in the pending action. As set forth herein, the Potential Intervenors do not hold any cognizable claim against TWL, and thus intervention under F.R.C.P. 24 (a) or (b) is inappropriate.

Potential Intervenors' proposed complaint fails to plead any facts that would support a claim that TWL was their agent. The claim in the Potential Intervenor's proposed complaint that TWL was responsible to ensure that the goods were paid for before delivery to JDE is

without any foundation in law or fact. Indeed, it is just a regurgitation of the plaintiff's bald pleading, and there is absolutely no proof or any notation on the Bills of Lading for the subject transactions that supports such a meritless conclusion.

### A. TWL Does Not Owe Any Duty To Potential Intervenors

The Potential Intervenors' sixth cause of action is flawed as against TWL, and thus there is no protectable interest that would be jeopardized by the denial of the motion to intervene. In order to plead a claim for an equitable accounting, the Potential Intervenors must demonstrate a confidential relationship with TWL which lead them to entrust TWL with property, and that no adequate legal remedy exists. *Zucker v. Katz*, 708 F.Supp. 525, 535 (1989). In their sixth cause of action, Potential Intervenors claim that, as "destination agent", TWL owed them a fiduciary duty to ensure that the goods were not released absent payment. As stated in TWL's motion to dismiss plaintiff's complaint, TWL never had the ability to control the release, or non-release of the goods at issue. It simply tracked the shipment for JDE and informed JDE when the goods arrived in Los Angeles. It never had possession or control of the Bills of Lading and had no ability or cause to have the goods released from the carrier. Moreover, as there is no agent-servant or other relationship with the Potential Intervenors, no fiduciary duty is owed. *See generally United States v. Ventura*, 724 F.2d 305, 311 (2d Cir. 1983). Additionally, Potential Intervenors' claims can be adequately remedied via a legal claim for monetary damages. Resultantly, TWL is not obligated to, nor could it, provide the equitable accounting sought in the sixth cause of action.

### B. TWL Does Not Owe A Fiduciary Duty to the Potential Intervenors

As set forth above, there is no relationship between TWL and the Potential Intervenors that would give rise to a fiduciary relationship between the two. Again, TWL did not procure the

release of the goods for JDE nor could it. TWL was not retained by the Potential Intervenors or any of its agents. As a result, there is no fiduciary duty owed to the Potential Intervenors by TWL, let alone a breach of the same. As a result, there is no legally protectable interest that intervention would ensure and the motion should be denied. Moreover, there cannot be a claim for breach of fiduciary duty where, as here, the plaintiff seeks the same relief under a breach of contract theory (see, Section C, *infra*).

### C. TWL Did Not Have A Contractual Relationship With the Potential Intervenors

Denial of the motion to intervene will not harm any interest in a breach of contract claim, as the Potential Intervenors do not have a legally protectable interest in any contract claim against TWL, despite the assertion of the eighth cause of action in the proposed complaint.

It is clear from the documents governing the subject transactions that there is no contractual relationship between TWL and the Potential Intervenors. The referenced documents unambiguously demonstrate that there is no relationship or privity between TWL and the Potential Intervenors, and that TWL had no obligations concerning the goods shipped other than to notify JDE that the goods arrived in Los Angeles. As a result, denial of intervention would not affect any legally protectable right of the Potential Intervenors as against TWL. Contrary to the Potential Intervenors' claim in their moving papers, TWL's role as delivery agent for JDE does not give rise to any duty to the Potential Intervenors. See *Independent Machinery Inv. v. Kuehne & Nagle, Inc.*, 867 F.Supp. 752 (N.D.Ill. 1994) (no liability for damage to goods where defendant solely acted as delivery agent). The delivery notices issued by TWL made clear that the cargo was only to be released against presentation of original documents, and as argued previously to this Court, neither the Potential Intervenors nor plaintiff can transform TWL from a mere delivery agent into a strictly liable carrier or freight forwarder. In sum, the Potential

Intervenors lack a legally protectable right for breach of contract against TWL. *Terwilliger v. Terwilliger*, 206 F.3d 240, 245-246 (2d Cir. 2000) (citation omitted). As a result, intervention should be denied.

### D. TWL Did Not Owe Or Breach Any Duty Of Care

The Potential Intervenors do not have a protectable interest in any claim for a breach of duty of care (ninth cause of action) as against TWL for several reasons. First, this claim is duplicative of the breach of contract and breach of fiduciary duty claims. Second, TWL does not owe a duty, of any sort, to the Potential Intervenors. Last, TWL did not take any action that resulted in the release of the goods that would constitute actionable conduct. As a result, the motion should be denied.

### E. TWL Did Not Convert the Goods At Issue

Finally, the motion to intervene should be denied because the Potential Intervenors have no protectable interest in its tenth cause of action for conversion. In order to be successful on a conversion claim against TWL, the Potential Intervenors must plead and prove that it made demands for the return of its property from TWL (which it does not allege) or that TWL wrongfully transferred or dispossessed of the Potential Intervenors' property before a demand was made. *See, Dynamic Worldwide Logistics, Inc. v. Exclusive Expressions, LLC*, 77 F.Supp.3d 364, 371 (S.D.N.Y. 2015). Again, TWL had no role in or control over the goods at issue, the Bills of Lading or the release of the goods. Once it advised JDE of the arrival of the goods at the Port of Los Angeles, it had no further involvement in the transaction. It did not assist JDE or any other individual or entity to obtain the goods, and it has no knowledge of the whereabouts of the same.

## CONCLUSION

For the foregoing reasons, defendant TW Logistics, Inc. respectfully submits that the motion to intervene should be denied in its entirety as against it.

Dated: Woodbury, New York
December 23, 2015

BERGER, FISCHOFF & SHUMER, LLP

By: /s/ Laurie Sayevich Horz
Laurie Sayevich Horz, Esq. (LSH-3183)
40 Crossways Park Drive
Woodbury, New York 11797
(516) 747-1136
lsayevich@bfslawfirm.com

LAW OFFICES OF
STUART M. STEINBERG P.C.
Stuart M. Steinberg, Esq.
2 Rodeo Drive
Edgewood, New York 11717
(631) 715-4160
ssteinberg@steinbergpc.net

WILCOX & SAVAGE P.C.
Leonard L. Fleisig, Esq. (LF-2198)
440 Monticello Avenue
Suite 2200
Norfolk, Virginia 23513
(757) 628-5605
lfleisig@wilsav.com

Co-Counsel for Defendants
TW Logistics, LLC and Shlomo Greenberg