UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

NAVANA LOGISTICS LIMITED,          ECF CASE

                 Plaintiff,         CASE NO. 15-CV-856 (PKC)

      vs.

TW LOGISTICS, LLC, t/a TRANSWORLD
LOGISTICS; SHLOMO GREENBERG;
JDE ASSOCIATES LLC;
ISRAEL DISCOUNT BANK OF NEW YORK,

                 Defendants.
------------------------------------------------------------x

## INTERVENORS' REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF MOTION TO INTERVENE

KAZLOW & KAZLOW
Attorneys for Intervenors
(with respect to claims against
defendants JDE Associates LLC and
Israel Discount Bank of New York)
237 West 35th Street, 14th Floor
New York, NY 10001
Tel.: (212) 947-2900
Fax: (212) 563-0629


MAIDENBAUM & ASSOCIATES, PLLC
Attorneys for Intervenors
(with respect to claims against
defendant TW Logistics, LLC
t/a Transworld Logistics
1 Broadcast Plaza
Merrick, NY 11566
Tel.: (212) 619-6401
Fax: (516) 223-7096

## TABLE OF CONTENTS

Table of Authorities                                                                 i

Preliminary Statement                                                            1

THE FACTS                                                                           1

ARGUMENT                                                                           2

    POINT ONE                                                               2

        INTERVENTION SHOULD BE GRANTED
        WITHOUT LIMITATION

Conclusion                                                                          10

## TABLE OF AUTHORITIES

**Cases:**

Aegis Insurance Services, Inc. v. 7 World Trade Company, L.P.,
    737 F.3d 166 (2d Cir. 2013)                                               9

Amtrust North America Inc. v. Safebuilt Insurance Services, Inc.,
    2015 WL 7769688 (S.D.N.Y. 2015)                                      7, 8

Ashcroft v. Iqbal,
    556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)          3, 5

A.V.E.L.A, Inc. v. Estaste of Marilyn Monroe, LLC,
    2015 WL 5507147 (S.D.N.Y. 2015)                                        7

Ball v. Cook,
    2012 WL 4841735 (S.D.N.Y. 2012)                                        8

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)             3

Barnett v. Drawbridge Special Opportunities Fund LP,
    2014 WL 4393320 (S.D.N.Y. 2014)                                        3

Cecere v. County of Westchester,
    814 F.Supp. 378 (S.D.N.Y. 1993)                    4, 5, 7, 10

Charles Schwab & Co., Inc. v. Retrophin, Inc.,
    2015 WL 5729498 (S.D.N.Y. 2015)                   10

Claridge v. North America Power & Gas LLC,
    2015 WL 5155934 (S.D.N.Y. 2015)                   9

Dairy Queen, Inc. v. Wood,
    369 U.S.469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962)         9

Datas Industries Limited,
    2000 WL 1597843 (S.D.N.Y. 2000)                 4, 10

Diversified Management Systems, Inc. v. Ten Enterprise, Inc.,
    1986 WL 15384 (E.D.N.Y. 1986)                    3

Egelston v. State University Univ. Coll. at Geneseo,
    535 F.2d 752 (2d Cir. 1976)                        3

Gate Technologies, LLC v. Delphix Capital Markets, LLC,
    2013 WL 3455484 (S.D.N.Y. 2013)                   8

Guan N. v. NYC Dept. of Education,
    2013 WL 67604 (S.D.N.Y. 2013)                    2

Holland v. Fahnstock & Co.,
    2002 WL 1774230 (S.D.N.Y. 2002)                   7

In re Global Crossing, Ltd. Securities Litigation,
    313 F.Supp.2d 189 (S.D.N.Y. 2003)                 4

In re Merrill Lynch & Co., Inc.,
    2008 WL 2594819 (S.D.N.Y. 2008)                 3, 7

Kramer v. Lockwood Pension Services, Inc.,
    653 F.Supp.2d 354 (S.D.N.Y. 2009)                 9

Marchig v .Christie's Inc.,
    430 Fed.Appx. 22 (2d Cir. 2011)                    7

McKenzie v. Fishko,
        2015 WL 685927 (S.D.N.Y. 2015)                                        9

Narragansett Electric Co. v. American Home Assurance Co.,
        2012 WL 4075171 (S.D.N.Y. 2012)                                       5

Pere Marquette Ry. Co. v. J. F. French & Co.,
        254 U.S. 538, 41 S.Ct. 195, 65 L.Ed. 391 (1921)                  4, 10

Soley v. Wasserman,
        823 F.Supp.2d 221 (S.D.N.Y. 2011)                                     9

Stewart-Warner Corp. v. Westinghouse Eclectic Corp.,
        325 F.2d 822 (2d Cir. 1963)                                           2

Trbovich v. United Mine Workers of America,
        404 U.S.528, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972)                     2

**Statutes and Rules:**

Fed. R. Civ. P. Rule 12(b)(6)                                                 3

N.Y. U.C.C. Article 5                                                         5

N.Y. U.C.C. § 5-103(b)                                                        5

N.Y. U.C.C. § 5-108(f)(1)                                                  4, 5

N.Y. U.C.C. § 5-108(f)(2)                                                     5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NAVANA LOGISTICS LIMITED,                          ECF CASE

                              Plaintiff,           CASE NO. 15-CV-856 (PKC)

vs.

TW LOGISTICS, LLC, t/a TRANSWORLD
LOGISTICS; SHLOMO GREENBERG;
JDE ASSOCIATES LLC;
ISRAEL DISCOUNT BANK OF NEW YORK,

                              Defendants.
-----------------------------------------------------------x

## INTERVENORS' REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF MOTION TO INTERVENE

### Preliminary Statement

The proposed intervenors, Adila Apparels, Ample Fashion Ltd., Cleartex Industries

Limited, Friends & Friends Apparels (PTE) Ltd., Ifco Garment and Textiles Ltd., Kent Garments

(PVT) Ltd., and Nazia Apparels (jointly, the "Intervenors"), by their attorneys, Kazlow &

Kazlow and Maidenbaum & Associates, PLLC, respectfully submit this Reply Memorandum of

Law in reply to the memoranda of law filed by defendants TW Logistics, LLC ("TWL"), Shlomo

Greenberg ("Greenberg") and Israel Discount Bank ("IDB") (jointly, the "Opposing Parties") in

opposition to the Intervenors' motion to intervene in this action.[1]

### THE FACTS

The relevant facts are set forth in the Declarations of Mazibur Rahman Mazumder and

Stuart L. Sanders, Esq., that were previously filed in support of the motion to intervene, and in

---

[1] No opposition to the motion was received from plaintiff Navana Logistics Limited ("Navana") or defendant JDE Associates LLC ("JDE"). The copy of the motion that was mailed to JDE has been returned by the U.S. Postal Service marked "Refused."

the exhibits annexed thereto.  The Opposing Parties have not submitted any declarations or exhibits of their own, and should therefore be deemed to concede the truthfulness and accuracy of the facts on which the motion is based.

## ARGUMENT

## POINT ONE

## INTERVENTION SHOULD BE GRANTED WITHOUT LIMITATION.

The Opposing Parties do not dispute the Intervenors' statement of the law applicable to motions to intervene as of right or by permission.  They also do not really object to the Intervenors' motion being granted to some extent.[2]  Instead, they only deny that the Intervenors possess valid claims against them.[3]  They are wrong.

As a preliminary matter, it should be noted that although the Court may assess the sufficiency of the Intervenors' claims at this juncture, it is not required to do so, and may defer that question until after the motion to intervene has been granted and the proposed Intervenors' Complaint has been filed and served.  See Stewart-Warner Corp. v. Westinghouse Eclectic Corp., 325 F.2d 822,827 (2d Cir. 1963); Guan N. v. NYC Dept. of Education, 2013 WL 67604 *12 (S.D.N.Y. 2013).  It is respectfully submitted that deferral of the issue is appropriate because no one denies that the Intervenors should at least be allowed to intervene with respect to JDE, and

---

[2] In fact, IDB's memorandum suggests that the Intervenors may be entitled to intervene in this action on a limited basis (IDB Mem., p. 4).  The Intervenors do not deny that there is such a thing as "limited intervention."  See e.g. Trbovich v. United Mine Workers of America, 404 U.S.528,537, 92 S.Ct. 630,636, 30 L.Ed.2d 686 (1972).  Here, however, for the reasons set forth below, there is no reason for the Court to limit the Intervenors' participation.

[3] The Intervenors agree that their proposed Intervenors' Complaint does not assert a claim against Greenberg.  That is because the Intervenors are not currently aware of a sufficient factual basis for suing Greenberg in his individual capacity.  However, the Intervenors reserve their right to assert claims against him if they learn, during the course of this action, that he was personally involved in tortious conduct with respect to the release of the Intervenors' goods.

since the Intervenors could then fully address the Opposing Parties' arguments in opposition to a

motion to dismiss, rather than in this reply memorandum.

Assuming, however, that the Court elects to address the sufficiency of the Intervenors'

proposed pleading at this time, it must apply the same standards that control the decision of a

motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6).  In re Merrill Lynch & Co., Inc., 2008 WL

2594819 *5 (S.D.N.Y. 2008).  "To survive a motion to dismiss under Rule 12(b)(6) for failure to

state a claim upon which relief can be granted, 'a complaint must contain sufficient factual

matter, accepted as true, to "state a claim to relief that is plausible on its face."' ... In assessing a

complaint, courts draw all reasonable inferences in favor of the non-movant."  Barnett v.

Drawbridge Special Opportunities Fund LP, 2014 WL 4393320 *9 (S.D.N.Y. 2014)(Castel,

J.)(quoted source omitted).  Put another way, a complaint need only allege sufficient facts to

"nudge [its] claims across the line from conceivable to plausible." Bell Atlantic Corp. v.

Twombly, 550 U.S. 544,570, 127 S.Ct. 1955,1974, 167 L.Ed.2d 929 (2007); Ashcroft v. Iqbal,

556 U.S. 662,680, 129 S.Ct. 1937,1951, 173 L.Ed.2d 868 (2009).

Furthermore, the Court should keep in mind that dismissal of a complaint before any

discovery has taken place is a drastic remedy that must not be employed unless it "'appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief.'" Egelston v. State University Univ. Coll. at Geneseo, 535 F.2d 752,754 (2d

Cir. 1976)(quoted source omitted).  "Otherwise the parties should be allowed to proceed with

discovery and a trial to facilitate the presentation of facts which may substantiate the complaint."

Diversified Management Systems, Inc. v. Ten Enterprise, Inc., 1986 WL 15384 *2 (E.D.N.Y.

1986).  Thus, when detailed information with regard to some aspects of a claim is not readily

3

available to the plaintiff, and the plaintiff pled the information of which it is aware without discovery, "and it supports an inference that a legal standard has been violated, it may be necessary to authorize at least limited discovery to develop whether or not dismissal of the complaint ... would constitute a miscarriage of justice." Cecere v. County of Westchester, 814 F.Supp. 378,379 (S.D.N.Y. 1993); And see In re Global Crossing, Ltd. Securities Litigation, 313 F.Supp.2d 189,212-13 (S.D.N.Y. 2003)(denying motion to dismiss so that plaintiff could discover which of the defendants actually participated in an underwriting at issue in stock fraud case).

In this case, it not disputed that the Intervenors collectively shipped more than one million dollars' worth of children's clothing which was improperly released to JDE, or some as yet unknown third party, without presentation of the original bills of lading, which were all returned to the Intervenors by IDB.  It is also beyond dispute that the unauthorized release of goods subject to a bill of lading, without presentation of the original bill, constitutes a conversion, and subjects the parties responsible for the misdelivery to liability to the shipper. Pere Marquette Ry. Co. v. J. F. French & Co., 254 U.S. 538,546, 41 S.Ct. 195,199, 65 L.Ed. 391 (1921); Datas Industries Limited, 2000 WL 1597843 *2-4 (S.D.N.Y. 2000).  Thus, there is no question that the Intevenors have shown that they are the victims of the violation of a legal standard.  All that really remains is to determine whether the Opposing Defendants are plausibly responsible for that violation.

IDB argues that it cannot be responsible to the Intervenors because it is merely the issuer of a letter of credit related to the shipments, and is therefore not responsible for nonperformance of the of the underlying contract or the acts or omissions of others.  N.Y. U.C.C. § 5-108(f)(1)

and (2).  However, that argument is completely irrelevant in this case since the Intervenors have shown that IDB was not simply the issuer of the relevant letters of credit.[4]  Rather, by its own insistence, and according to the terms which it specified in its letters of credit, all of the bills of lading related to the letters of credit were endorsed to its order, so that it assumed authority over the release or return of the Intervenors' goods.  In fact the requirement of a bank release was stamped on the face of each bill of lading.  Thus, since the goods were definitely released, it is plausible[5] that the release occurred as a direct result of IDB's own culpable acts or omissions, the details of which would be uniquely known to IDB, but are not currently known to the Intervenors, and the Intervenors should therefore be permitted to proceed to discovery with respect to IDB, so that those missing details can be ascertained and presented to the Court at trial. Cecere v. County of Westchester, supra.

For its part, TWL contends that it is not responsible to the Intervenors because it was merely the "destination agent" for the shipments, and had no contractual privity with the Intervenors.  According to TWL, its only job was to advise JDE of the arrival of the Intervenors' goods at the Port of Los Angeles.  However, TWL has not submitted a declaration concerning the scope of its duties as the "destination agent," or the exact nature of its involvement with the Intervenors' goods after their arrival, in opposition to the Intervenor's motion.  Instead, it refers

---

[4] IDB fails to note that under N.Y. U.C.C. § 5-103(b), "[t]he statement of a rule in this article does not by itself require, imply or negate application of ... a different rule to a situation not provided for ... in this article."  Thus, N.Y. U.C.C. § 5-108(f)(1) and (2) do not control this case, and do not render the Intervenors' claims against IDB futile, since the situation presented here, in which the issuer has injected itself into the underlying transaction in a manner that is simply not addressed anywhere in N.Y. U.C.C. Article 5.

[5] "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Narragansett Electric Co. v. American Home Assurance Co., 2012 WL 4075171 *7 (S.D.N.Y. 2012)(Castel, J.), quoting Ashcroft v. Iqbal, supra, 129 S.Ct. at 1249.

5

to the statements that it submitted to the Court in support of its own motion to dismiss Navana's Complaint (TWL Mem., pp. 2-5).

It is therefore appropriate to refer to the Declaration of Navana's Director, Showkat Akber Khondaker, dated June 29, 2015 (Dkt. Doc. 50), which was submitted by Navana in opposition to TWL's motion.  Mr. Khondaker states, at par. 5 (on p. 2) of his Declaration, that "TWL, through Greenberg, informed Plaintiff in writing that the fourteen containers listed above are supposedly stored in a TWL controlled warehouse ..."  Mr. Khondaker further states in par. 8 (on p. 3) of his Declaration, that "TWL was listed as the delivery agent on the bills of lading and it was TWL's responsibility to ensure that delivery of the goods would only take place after receiving a duly bank endorsed Original House Bill of Lading by the supplier's bank and by JDE's bank, IDB."  Mr. Khondaker next states, in par. 9 (on p. 3) of his Declaration, that "Navana instructed TWL not to release shipments without realizing a bank indorsed original HBL. ... TWL did not follow this instruction and released the goods without realizing a bank indorsed original HBL."  Mr. Khondaker goes on to reiterate, in par. 10 through 13 of his Declaration (all on p. 3), that the Intervenors goods were "under the control of TWL," that TWL allowed delivery of the goods without payment, and that TWL refused to allow inspection of the goods or to divulge their location or disposition.

Thus, Mr Khondaker's Declaration indicates that TWL was much more directly involved with the handling and disposition of the Intervenors' goods than TWL admits.  From what Mr. Khondaker states, it appears that TWL was delegated, as the "destination agent" for the Intervenors' shipments, with the responsibility to carry out Navana's duties, as the issuer of the bills of lading, with respect to the custody and delivery of the Intervenors' goods once they

6

arrived in the United States.  A delegate's assumption of another's duties makes it liable to the principle obligee in the event of a breach of those duties [see Holland v. Fahnstock & Co., 2002 WL 1774230 *10 (S.D.N.Y. 2002)], for which reason TWL's denial of a direct relationship with the Intervenors is of no moment.[6]

It should therefore be clear to the Court that this case presents genuine issues of fact concerning the exactly nature, scope and origin of TWL's role and responsibilities with respect to the Intervenors and their goods.  Such issues cannot be resolved on a motion to dismiss [see e.g. A.V.E.L.A ., Inc. v. Estaste of Marilyn Monroe, LLC, 2015 WL 5507147 *14 (S.D.N.Y. 2015)], and therefore cannot be resolved on this motion to intervene.  See In re Merrill Lynch & Co., Inc., supra.  Moreover, since it has now also been shown to be plausible that the unauthorized release of the Intervenors' goods occurred as a direct result of TWL's culpable acts or omissions, the Intervenors should be allowed to proceed to discovery with respect to TWL, so that the details of TWL's involvement, which are uniquely known to TWL, but not currently known to the Intervenors, can be clarified.  Cecere v. County of Westchester, supra.

The Court should also reject the claims of IDB and TWL that they owed no duty of care to the Intevenors, that they were not the Interventors' fiduciaries, and cannot be required to give an equitable accounting to the Intervenors as to the disposition of the Intervenors' goods.

Under New York law, consignees of goods and agents are fiduciaries.  See Marchig v Christie's Inc., 430 Fed.Appx. 22,24 (2d Cir. 2011)("Under New York law ... consignees are

---

[6] Alternatively, the Intervenors may be deemed third-party beneficiaries of TWL's agreement to serve as the destination agent for the shipments, which was clearly for the Intervenors' benefit.  See Amtrust North America Inc. v. Safebuilt Insurance Services, Inc., 2015 WL 7769688 *4 (S.D.N.Y. 2015).  TWL may therefore be held liable to compensate the Intervenors for the loss of that benefit.  Id.

fiduciaries"); Amtrust North America Inc. v. Safebuilt Insurance Services. Inc., supra, 2015 WL 7769688 at *6 ("It is of course, well settled that an agent owes a fiduciary duty to its principal"). Here, as is noted above, the consignment of the Intervenor's goods was endorsed to the order of IDB, and TWL was the agent in the United States with respect to the delivery of the Intervenors' goods.  Accordingly, both IDB and TWL owed fiduciary duties of due care to the Intervenors.

More generally, it has been noted that a fiduciary relationship has four elements under New York law, i.e. "'(1) [t]he vulnerability of one party to the other which (2) results in the empowerment of the stronger party by the weaker which (3) empowerment has been solicited or accepted by the stronger party and (4) prevents the weaker party from effectively protecting itself.'" Gate Technologies, LLC v. Delphix Capital Markets, LLC, 2013 WL 3455484 *7 (S.D.N.Y. 2013)(quoted source omitted).  Whether a fiduciary relationship exists is a "fact specific" inquiry. Ball v. Cook, 2012 WL 4841735 *8 (S.D.N.Y. 2012).

In this case, the Intervenors are manufacturers located in Bangladesh.  They had no choice but to accept the endorsement of the consignment of their goods to IDB because IDB imposed that endorsement as a condition of the Intervenors getting paid under the letters of credit.  In addition, because of the distance involved, they had no effective way to insure that their goods would be properly handled in the United States, and would not be released to JDE without payment, other than entrusting IDB, and TWL, as the local delivery agent, to faithfully perform the role of gatekeepers.  In short, the Intervenors' were vulnerable, the Opposing Defendants were empowered, that empowerment was solicited and/or accepted by IDB and TWL, and the Intervenors were prevented from effectively protecting themselves.  Hence, even aside from their status as the Intervenors' "consignee" and "agent," it is at least plausible that IDB and TWL will

8

be found at trial to be the Intervenors' fiduciaries.

As the Intervenors fiduciaries, there is no question that the Opposing Defendants can be compelled to give an equitable accounting[7] to the Intervenors since,  "[t]he purpose of an equitable accounting is to require a fiduciary to show what he did with the principal's property. ... Upon a showing that plaintiff entrusted property to a fiduciary, the fiduciary is bound to reveal his dealings with that property."  Kramer v. Lockwood Pension Services, Inc., 653 F.Supp.2d 354,396 (S.D.N.Y. 2009).  Furthermore, if it is disclosed by the accounting, or otherwise through discovery in this action, that the Opposing Defendants are responsible for the unauthorized release of the Intervenors' goods, then they should be  can be held liable to the Intervenors for the damage which they caused, be it as a breach of their fiduciary duties,[8] a breach of contract,[9] an act of negligence,[10] or a conversion.[11]  For the reasons state above, the Intervenors respectfully

---

[7] "To establish an accounting claim, a plaintiff must show: '(1) relations of a mutual and confidential nature; (2) money or property entrusted to the defendant imposing upon him a burden of accounting; (3) that there is no adequate legal remedy; and (4) in some cases, a demand for an accounting and a refusal.'" McKenzie v. Fishko, 2015 WL 685927 *10 (S.D.N.Y. 2015)(quoted source omitted).  The case of Dairy Queen, Inc. v. Wood, 369 U.S.469,478, 82 S.Ct. 894,900, 8 L.Ed.2d 44 (1962), which is cited by IDB for the proposition that an equitable accounting can only be had in a case of a very complex nature, is not applicable here.  Dairy Queen involved the plaintiff's right to an accounting, under federal law, for trademark infringement.  It does not deal with the right to an equitable accounting under New York law in a case arising under the Court's diversity jurisdiction.

[8] "To establish a claim for breach of fiduciary duty, a plaintiff must prove (1) the existence of a fiduciary relationship; (2) misconduct by defendant constituting a breach of its fiduciary duty to plaintiff and (3) damages to plaintiff directly caused by defendant's misconduct." Soley v. Wasserman, 823 F.Supp.2d 221,232 (S.D.N.Y. 2011).

[9] "The elements of a breach of contract claim 'include the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages.'" Claridge v. North America Power & Gas LLC, 2015 WL 5155934 *6 (S.D.N.Y. 2015)(Castel, J.)(quoted source omitted).  The breaches in this case would be of an implied promise by IDB, in its letters of credit,  to act with due care in its self-mandated role as the consignee of the Intervenors' goods, and of an implied promise by TWL, as the destination agent named in the bills of lading, to act with due care in that role with respect to the Intervenors' goods.

[10] "'Under New York law ... a plaintiff must establish three elements ... on a negligence claim: (1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a) result thereof.'" Aegis Insurance Services, Inc. v. 7 World Trade Company, L.P., 737 F.3d 166,177 (2d Cir. 2013)(quoted source omitted).  In arguing that a negligence claim cannot arise from the violation of a contractual

9

submit, that having set forth all of the information currently available to them in stating their claims in their proposed Intervenors' Complaint, the absence of further details should be excused pending discovery, and that they should be allowed to intervene in this action, without limitation. Under the circumstances presented, anything less would be a miscarriage of justice. Cecere v. County of Westchester, supra.

## CONCLUSION

### THE INTERVENORS' MOTION TO INTERVENE SHOULD, IN ALL RESPECTS, BE GRANTED.

Dated: New York, New York        Respectfully submitted,
      January 4, 2016

Stuart L. Sanders, Esq.           Carol G. Morokoff, Esq.
KAZLOW & KAZLOW        MAIDENBAUM & ASSOCIATES, PLLC
Attorneys for Intervenors       Attorneys for Intervenors
(with respect to claims against    (with respect to claims against
defendants JDE Associates LLC and  defendant TW Logistics, LLC
Israel Discount Bank of New York)  t/a Transworld Logistics)
237 West 35th Street, 14th Floor   1 Broadcast Plaza
New York, NY 10001         Merrick, NY 11566
Tel.: (212) 947-2900         Tel.: (212) 619-6401
Fax: (212) 563-0629         Fax: (516) 223-7096
E-mail: sljban@kazlowandkazlow.com  E-mail: cmorokoff@maidenbaum.com

---

duty, the Opposing Defendants ignore the fact that they simultaneously deny that they owed any contractual with respect duty with respect to the Intervenors goods. Since they nevertheless had the power to control that disposition, they should, in the alternative, be found to have owed a general duty of care to the Intervenors arising out of that power.

[11] "'Under New York law, [t]he elements of conversion are (1) plaintiff's legal ownership or an immediate superior right of possession to specific, identifiable personal property and (2) defendant's exercise of unauthorized dominion over the thing in question to the exclusion of plaintiff's rights.'" Charles Schwab & Co., Inc. v. Retrophin, Inc., 2015 WL 5729498 *13 (S.D.N.Y. 2015)(quoted source omitted). Regardless of whether they are found to have ever taken possession of the Intervenors' goods, the Opposing Defendants can be held liable for conversion if they are responsible for the unauthorized release of the goods to JDE or a third party. See Pere Marquette Ry. Co. v. J. F. French & Co., supra; Datas Industries Limited, supra.

10

To:    Rick A. Steinberg, Esq.
PRICE, MEESE, SHULMAN & D'ARMINIO, P.C..
Attorneys for Plaintiff
50 Tice Boulevard, Suite 380
Woodcliff, NJ 07677

Laurie Sayevich Horz, Esq.
BERGER, FISCHOFF & SHUMER LLP
Attorneys for Defendants
TW Logistics LLC and
Shlomo Greenberg
40 Crossways Park Drive
Woodbury, NY 11797

Jantra Van Roy, Esq.
David S.S. Hamilton, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
Attorneys for Defendant
Israel Discount Bank of New York
1211 Avenue of the Americas
New York, NY 10036

JDE Associates LLC
Defendant
1407 Broadway, 30th Floor
New York, NY 10018